**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, | ) | |
| INC., SHAMROCK CAPITAL ADVISORS, INC. | ) | |
| EUGENE I. KRIEGER, GEORGE J. BUCHLER | ) | |
| and BRUCE J. STEIN | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | Civil Action No.  04-1339-SLR |
| v. | ) | |
| | ) | |
| AVIE ARENSON, SELK, LLC and | ) | |
| LAUREL EQUITY GROUP, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY TO SUPPLEMENT ON MOTION TO REMAND

DATED: March 15, 2005

COZEN O'CONNOR
Sean J. Bellew (#4072)
David A. Felice (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801
(302) 295-2000
(302) 295-2013 (Fax)

NEUBERGER, QUINN, GIELEN, RUBIN,
& GIBBER, P.A.
Thomas M. Wood, IV
One South Street, 27th Floor
Baltimore, Maryland  21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

*Attorneys for Defendants, Avie Arenson,
SELK, LLC and Laurel Equity Group, LLC*

Defendants, Avie Arenson ("Arenson"), SELK, LLC ("SELK") and Laurel Equity Group, LLC ("Laurel") (hereinafter collectively referred to as "Defendants"), file this Response to Plaintiffs' Reply to Supplement on Motion to Remand.[1]

In their reply to Defendants' Supplement on Motion to Remand, Plaintiffs do not contend that NACA Holding, Inc. ("NACA") or Sallervale Company, Inc. ("Sallervale") are citizens of California or Delaware for diversity purposes.  To the contrary, they concede that they are not citizens of California or Delaware but, nevertheless argue that remand is appropriate because Defendants have not stated to Plaintiffs' satisfaction the principal places of business of NACA or Sallervale.  Plaintiffs make this claim despite the fact that NACA and Sallervale answered the specific questions of the Court by indicating that their principal places of business are in multiple locations.  In moving to remand, Plaintiffs attempt to impose a burden on NACA and Sallervale greater than sought by the Court in its Memorandum Opinion and contrary to established precedent which holds that a removing party can meet its burden by ruling out the opposing party's state of citizenship as its principal place of business.  Undoubtedly, NACA and Sallervale have affirmatively shown and, Plaintiffs have conceded, that their principal places of business are not in California or Delaware.  Defendants have, therefore, met their burden in showing that complete diversity exists.

This Court's February 22, 2005, Memorandum Order permitted Defendants to supplement the record to provide details on NACA's and Sallervale's activities.  Specifically, this Court sought supplementation on (1) "what business affairs are

---

[1]  Plaintiffs' question regarding the identity of Laurel's members is yet another red herring.  Laurel's members are Mark Frankel, Chesky Frankel and Sallervale.  Laurel is the entity that made the investment. Lakestar Properties LLC is not a member of Laurel.  In any event, Lakestar's members are Mark and Chesky Frankel, neither of whom is a citizen of California or Delaware.

conducted and where" and (2) "where final decisions are made on corporate policy so that the Court would have a good faith basis upon which to find diversity." In response, Defendants filed a supplement to the record, in which it answered these specific questions. Defendants answered the question of "what business affairs were conducted and where" by stating that both NACA and Sallervale are in the business of making both equity and debt investments worldwide. They responded to the question of "where final decisions are made on corporate policy" by stating that the final business decisions of NACA are made in Europe, Israel and occasionally New York and the final business decisions of Sallervale are made in Switzerland. To further clarify that their business activities did not occur and that their principal places of business could not be in California or Delaware and that complete diversity exists, Defendants confirmed that NACA and Sallervale have not made any investments or conducted any business in California or Delaware.

Plaintiffs argue that because Defendants did not specifically state that NACA's and Sallervale's principal places of business were in one specific location, Defendants' have not met their burden. Plaintiffs' only burden, however, is to establish that diversity exists and to provide this Court with a good faith basis upon which to find diversity. Moreover, the determination of a principal place of business "is a question of law." 13B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3625 (2d ed. 1984). "No simple test or single element is controlling. Rather, the courts must consider the entire corporation, its purposes, the activities it carries out, and the extent and location of these activities." *Id*. Based on the information that has been provided by Defendants, this Court can easily conclude that diversity exists.

The federal courts have repeatedly recognized that for some corporations, a principal place of business cannot easily be identified. In those situations, the courts have determined whether or not diversity exists by ruling out the opposing party's state(s) of citizenship as being the principal place of business.[2]

> [A] party need not always prove the exact location of a corporation's principal place of business; all that is necessary is that he establish that diverse citizenship does or does not exist. If it can be shown, for example, that the principal place of business is one of two states, and the opposing party is not a citizen of either of them, jurisdiction will be upheld.

13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3625 (2d ed. 1984).

---

[2]    Plaintiffs' argument that negative assertions cannot carry a removing party's burden is not supported in the law. Plaintiffs' citations are misleading. *Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998), like the present case, involved an investment company. The investors were Venezuelan citizens and all corporate decision making took place in Venezuela. The court determined that the principal place of business was in Venezuela, not Florida – the state where Bel-Bel's investment was located, its bank account was maintained and its accountant and attorneys were located. Therefore, the location of its shareholders and the locale of the decision makers determined the principal place of business. Using these same factors in the present case, the principal place of business of NACA would be Europe, Israel and New York and the principal place of business of Sallervale would be Switzerland. In *Lamm, v. Bekins Van Lanes Co*., 265 F.3d 853, 857 (9th Cir. 2001), the court could not determine citizenship because defendants based removal on a federal question, not diversity. Since defendants had never alleged the existence of diversity-based jurisdiction, federal jurisdiction could not be established based on plaintiffs' broad statement in an amended complaint that the court "has jurisdiction of this action based on diversity of citizenship and amount in controversy." Further, the court held that removal power is only available to defendants, not plaintiffs and that complete diversity did not exist in any event. In *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001), the court actually recognized that under certain circumstances, a party seeking to invoke diversity jurisdiction might not be able to allege affirmatively the actual citizenship of the relevant parties. In *Mennen Company v. Atlantic Mutual Ins. Co*., 147 F.3d 287, 292 (3d Cir. 1998), the court recognized that different tests are used when the corporation is involved in different types of activities. The "center of corporate activities test" was used in that case where there were two thousand employees who carried out the business and corporate activities in a single state. The same level of complexity that the court faced in *Kelly v. U.S. Steel Corp*., 284 F.2d 850, 854 (3d Cir. 1960) is not present here. In *Kelly,* extensive corporate activities were carried on in both New York and Pennsylvania ("in no case has there been the complex list of factors with which we have dealt"). Because there are no similar day-to-day activities with NACA and Sallervale, the same extensive list that needs to be considered where a large number of administrative personnel and manufacturing plants exists does not need to be considered. The determining factor for the court, however, was that the Operation Policy Committee sat and conducted affairs in Pennsylvania. This committee made the policy decisions necessary to conduct the company's business.    Finally, Plaintiffs reliance on *McGovern v. Am. Airlines, Inc.,* 511 F.2d 653, 654 (5th Cir. 1975) is completely misplaced since the case was initiated in federal court and did not involve a removal action.

In *United Nuclear Corp. v. Moki Oil and Rare Metals Co*., 364 F.2d 568 (10th Cir. 1966), Moki Oil, a New Mexico corporation brought a diversity action against Phillips Petroleum and Nuclear, two Delaware Corporations.  Nuclear was an integrated nuclear company that conducted a full spectrum of nuclear activities including mining, milling, fuel processing, reactor utilization and waste management.  Because the company maintained a manufacturing facility and assembly plant in Connecticut, a chemical division in Missouri, offices in New York and Maryland and had held a directors' meeting in New Mexico, the principal place of business could not readily be identified. In an attempt to defend diversity, Nuclear argued that its principal place of business was in New Mexico.  The trial court determined, however, and the Court of Appeals confirmed that Nuclear's principal place of business could <u>not</u> be New Mexico.  In reaching this conclusion, the Tenth Circuit recognized that determining that a party was not a citizen of the opposing party's state was sufficient to meet the requirements of diversity.  The Tenth Circuit stated, "It was not necessary for the court to decide in what other state than New Mexico Nuclear had its principal place of business."  *Id*. at n.11.

Likewise, other courts have determined diversity by declaring that since the principal place of business was not in the state of citizenship of the opposing party, diversity was present.  *See Celanese Corp. of America v. Vandalia Warehouse Corp*., 424 F.2d 1176, 1178 (7th Cir. 1970) (where the plaintiffs alleged in the complaint that its principal place of business was 'in a state other than Illinois' and that the defendant's principal place of business was in Illinois, diversity was met); *Textron Electronics, Inc. v. Unholtz-Dickie, Cor*p., 193 F.Supp.456, 459 (D. Conn. 1961) ("while much has been said about the places of plaintiff's activities, it is not primarily necessary to show precisely

where the principal place of business was, so long as it was outside [the defendant's state]"); *Unger v. Del E. Webb Corp.*, 233 F.Supp. 713, 715 (N.D.Ca. 1964) ("The Court need not determine where the defendant's principal place of business is, so long as it is not in California" – the plaintiff's principal place of business.)

Both NACA and Sallervale conduct business activities throughout the world and in multiple locations. Their global business activities create the possibility of multiple places of business. The locations where NACA and Sallervale make all final corporate and business decisions are undoubtedly principal places of business. In any event, one fact is certain here, because neither NACA or Sallervale have conducted any business in California or Delaware, their principal places of business cannot be there.

<u>CONCLUSION</u>

Defendants have shown, and Plaintiffs have conceded, that they are not citizens of California or Delaware. Accordingly, complete diversity exists in this case and Plaintiffs' motion to remand should be denied.

Respectfully submitted,

*/s/ Sean J. Bellew*
SEAN J. BELLEW (#4072)
DAVID A. FELICE (#4090)
Cozen O'Connor
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000
(302) 295-2013 (Fax)

Of Counsel:
THOMAS M. WOOD, IV
Neuberger, Quinn, Gielen, Rubin
 & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

*Attorneys for Defendants, Avie Arenson,*
*SELK, LLC and Laurel Equity Group, LLC*