IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHAMROCK HOLDINGS OF )
CALIFORNIA, INC., SHAMROCK )
CAPITAL ADVISORS, INC., )
EUGENE I. KRIEGER, GEORGE )
J. BUCHLER and BRUCE J. )
STEIN, )
                        )
        Plaintiffs, )
                        )
    v. )  Civ. No. 04-1339-SLR
                        )
AVIE ARENSON, SELK, L.L.C. )
and LAUREL EQUITY GROUP, )
L.L.C., ))
                        )
        Defendants. )

**O R D E R**

At Wilmington this $\partial\partial$ day of March, 2005, having reviewed the defendants' supplement to the record and the papers submitted therewith;

IT IS ORDERED that plaintiffs' motion to remand (D.I. 15) is denied for the following reasons:

1.    In a memorandum order dated January 27, 2005, this court found that the citizenship of defendants SELK, L.L.C. ("SELK") and Laurel Equity Group, L.L.C. ("Laurel") is based on the citizenship of their members. (D.I. 29 at 9-12) NACA Holdings, Inc. ("NACA") is a member of defendant SELK, and Sallervale Company Inc. ("Sallervale") is a member of defendant Laurel. (Id.) Because the papers submitted in connection with

plaintiffs' motion to remand did not provide enough information
for the court to determine the citizenship of either Sallervale
or NACA, the court gave defendants the opportunity to supplement
the record with respect to their principal places of business.
Defendants did supplement the record (D.I. 30), plaintiffs
responded (D.I. 31) and defendants replied (D.I. 32)

    2.    The Third Circuit has stated that a principal place of
business is determined by business activities, for example,
"where the corporation 'conducts its affairs'" and not
necessarily just "'where . . . final decisions are made on
corporate policy.'"  Grand Union Supermkts. of the Virgin Is.,
Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 411 (3d Cir.
2003) (quoting Kelly v. U.S. Steel Corp., 284 F.2d 850, 854 (3d
Cir. 1960)).  "[A] corporation that is not actively engaged in
any actual business activity in a state cannot have a principal
place of business there."  Grand Union Supermkts., 316 F.3d at
411.

    3.    Sallervale makes equity and debt investments and is
incorporated in the Bahamas.  (D.I. 30, Ex. A at ¶ 2)  All
Sallervale's final business decisions are made in Switzerland.
(Id. at ¶ 5)  Sallervale's business in the United States has been
limited to investment in defendant Laurel and a loan to a
partnership with property in Arizona.  (Id. at ¶ 4)  Sallervale
does not conduct business in Delaware or California and,

therefore, its principal place of business cannot be there and it cannot be a citizen of either state.

4.    NACA makes equity and debt investments and is incorporated in Tortola, British Virgin Islands.  (D.I. 30, Ex. B at ¶¶ 2, 3)  In the United States, NACA has invested in SELK, a partnership in Dublin, Ohio and made a loan on real estate in New York, New York.  (Id. at ¶ 4)  All of NACA's final business decisions are made in Europe, Israel or New York, however, some business activities have occurred in Maryland, New York and North Carolina.  (Id. at ¶ 5)  NACA does not conduct business in Delaware or California and, therefore, its principal place of business cannot be there and it cannot be a citizen of either state.

5.    Plaintiffs are residents of California and Delaware.  (D.I. 29)  Defendants are residents of Israel, New York, New Jersey and, assuming Sallervale and NACA are citizens of every place they have conducted business, Switzerland, the Bahamas, Arizona, the British Virgin Islands, Ohio, Europe, Maryland and North Carolina.  (Id.; supra ¶¶ 3, 4)  Therefore, there is diversity of citizenship among the parties.

_____
United States District Judge

3