IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN | ) ) ) ) ) | |
| **Plaintiffs** | ) ) | |
| v. | ) ) ) | **Civil Action No. 04-1339-SLR** |
| AVIE ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD. AND D.A. GARDENS, LTD. | ) ) ) ) ) | |
| **Defendants** | ) ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS

COZEN O'CONNOR
Sean J. Bellew (#4072)
David A. Felice (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE  19801
(302) 295-2000
(302) 295-2013 (Fax)

THOMAS M. WOOD, IV
Neuberger, Quinn, Gielen, Rubin
& Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland  21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

Attorney for Defendants

DATED: June 3, 2005

## Table of Contents

PRELIMINARY STATEMENT ...................................................................................................... 2

STATEMENT OF NATURE AND STAGE OF THE PROCEEDING ........................................ 3

SUMMARY OF ARGUMENT ...................................................................................................... 4

STATEMENT OF FACTS ............................................................................................................. 5

ARGUMENT .................................................................................................................................. 6

    A.   First-Filed Rule ....................................................................................................... 7

    B.   Exceptions to the First Filed Rule Exist In This Case. ......................................... 7

    C.   Declaratory Judgment ........................................................................................... 10

CONCLUSION ............................................................................................................................ 14

# Table of Citations

*Bourazak v. N. River Ins. Co.*, 379 F.2d 530 (7th Cir.1967)....................................6

*Capitol Records, Inc. v. Optical Recording Corp*, 810 F.Supp. 1350 (S.D.N.Y.1992).......9

*Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co.*, 541 S.E.2d 157, 165 (N.C. Ct. App. 2000).............................................................................................11

*Columbia Pictures Indus., Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977).........8,9

*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)...........................................6

*Eastman Kodak Co. v. Studiengesellschaft Kohle mbH*, 392 F.Supp. 1152 (Del.1975)..............................................................................................11

*EEOC v. University of Pennsylvania*, 850 F.2d 969 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990)...............................................................................................7,8

*Envirometrics Software, Inc. v. Georgia-Pacific Corp.*, 1997 WL 699328 (D.Del. Nov. 04, 1997)........................................................................................4, 6, 11

*Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681 (Del. Super. Ct. 1964)...........4, 12

*Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931 (Fed.Cir.1993), *overruled on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).....................................7

*Gribin v. Hammer Galleries*, 793 F.Supp. 233, 234 (C.D.Cal.1992).........................11

*Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264 (C.D. Cal. 1998)..............................................................................................7, 8

*In re Delta and Pine Land Co. S'holders Litig.*, 2000 WL 1010584 (Del. Ch., July 17, 2000) .............................................................................................12

*Lever Bros. Co. v. Procter & Gamble Co.*, 23 F.Supp.2d 208, 212 (D.Conn.1998).......11

*Moore Corp. Ltd. v. Wallace Computer Services, Inc.*, 898 F.Supp. 1089 (D.Del.1995)..........................................................................................7,8

*Ontel Prod. Inc. v. Project Strategies Corp*, 899 F. Supp. 1144 (S.D.N.Y. 1995)..........9

*Publications Int'l Ltd. V. McRae*, 953 F. Supp. 223 (N.D. Ill. 1996).........................11

*Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150 (S.D.N.Y. 1996)...............9

*Schick Inc. v. Amalgamated Clothing and Textile Workers Union*, 533 A.2d 1235, 1242 (Del. Ch. 1987)...................................................................................................12

*Step-Saver Data Systems, Inc. v. Wyse Technology, Inc.*, 912 F.2d 643, 646-47 (3d Cir.1990).........................................................................................................11

*Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc.*, 887 F.2d 1213, 1225 (3d Cir.1989), 887 F.2d 1213, 1225 (3d Cir.1989)........................................................................................10

*Terra Nova Ins. Co., Ltd. v. Acer Latin Am., Inc.*, 931 F.Supp. 852 (S.D. Fla. 1996)......11

*Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982)...........10

*Williams Gas Supply Co. v. Apache Corp.*, 594 A.2d 34 (Del. Ch. 1991)....................8

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)...................................................7

*Yoder v. Heinold Commodities, Inc.*, 630 F. Supp. 756 (E.D. Va. 1986)...................10

**Rules**

28 U.S.C. § 2201..................................................................................... 2, 4, 6,11

Federal Rules of Civil Procedure 12(b) .......................................................... passim

**Treatises**

Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1604...................1

**Exhibits**

A       Letter dated July 12, 2004, from Defendants' Counsel, Isaac Neuberger, to
        Plaintiff Shamrock Holdings of California, Inc.

B       Letter dated July 26, 2004, from Plaintiffs' Counsel, Pamela Jarvis, to
        Defendants' Counsel, Isaac Neuberger

C       Letter dated July 29, 2004, from Defendants' Counsel, Isaac Neuberger, to
        Plaintiffs' Counsel, Pamela Jarvis

D       Email dated August 27, 2004, from Plaintiffs' Counsel, Pamela Jarvis to
        Defendants' Counsel, Isaac Neuberger

E       Email dated August 27, 2004, from Defendants' Counsel, Isaac Neuberger to
        Plaintiffs' Counsel, Pamela Jarvis

F       Email dated August 30, 2004, from Plaintiffs' Counsel, Pamela Jarvis to
        Defendants' Counsel, Isaac Neuberger

G       Email dated August 30, 2004, from Defendants' Counsel, Isaac Neuberger to
        Plaintiffs' Counsel, Pamela Jarvis

H       Letter dated September 13, 2004, from Plaintiffs' Counsel, Pamela Jarvis, to
        Defendants' Counsel, Isaac Neuberger

I       Complaint filed in the United States District Court for the District of North
        Carolina, Western Division, Case No. 3: 05 CV 256-H

J       *In re Delta and Pine Land Co. S'holders Litig.*, 2000 WL 1010584 (Del. Ch., July
        17, 2000).

K       *Envirometrics Software, Inc. v. Georgia-Pacific Corp.*, 1997 WL 699328 (D.Del.
        Nov.   04, 1997).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN**<br><br>**Plaintiffs**<br><br>v.<br><br>**AVIE ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD. AND D.A. GARDENS, LTD.**<br><br>**Defendants** | )<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No. 04-1339-SLR**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR STAY OF PROCEEDINGS

Defendants, A. Arenson Holdings, Ltd. ("Arenson Holdings"), D.A. Gardens, Ltd.

("D.A. Gardens"), J12ALH Associates ("J12"), Selk, LLC ("Selk") and Laurel Equity

Group ("Laurel") (collectively the "Defendants"),[1] by their undersigned counsel, file this

memorandum of law in support of their motion to dismiss or, in the alternative, for stay of

proceedings with respect to the First Amended Complaint filed by Plaintiffs, Shamrock

Holdings of California, Inc., Shamrock Capital Advisors, Inc., Eugene I. Krieger, George

---

[1] Defendants are the Class B Members of ALH Holdings, LLC ("ALH"), a Delaware limited liability company that was in the home-building business and has conducted business in Charlotte, North Carolina. In a separate motion filed under Federal Rule of Civil Procedure 12(b)(2), Defendants Arenson Holdings, D.A. Gardens and J12 have challenged this Court's exercise of personal jurisdiction over them. By joining in this Motion, Defendants Arenson Holdings, D.A. Gardens and J12 do not waive their jurisdictional challenge. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1604 ("In accordance with the objective of Federal Rule 12 to promote the expeditious presentation of defenses and objections, the third sentence of subdivision (b) states: '"No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion."' (internal citation omitted).

J. Buchler, and Bruce Stein.[2]  Defendants move under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 12(b), and state as follows:

## PRELIMINARY STATEMENT

Defendants move to dismiss Plaintiffs' declaratory judgment action or, in the alternative, for stay of proceedings with respect to the First Amended Complaint pending disposition of the action filed by Defendants in North Carolina.  In order to deprive Defendants of their rightful choice of forum, Plaintiffs rushed to file this declaratory judgment action as a preemptive measure against the imminent tort action Defendants informed Plaintiffs they intended to file in North Carolina (the "North Carolina Action"), which action has been filed in North Carolina as of the date hereof.  See Exhibit I.  This Court, therefore, should decline to exercise jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1980).

Courts in this District, this State and elsewhere have recognized, under similar settings, that this kind of declaratory judgment action is nothing more than forum shopping.  Any doubt this Court may have regarding Plaintiffs' motives is resolved by the fact that this action followed on the heels of an e-mail from Defendants' counsel stating that the relevant Operating Agreement "does NOT prevent the filing of a suit in North Carolina, does it?"  See Exhibit E.  Despite the fact that the parties were then still engaged in ongoing settlement negotiations, Plaintiffs filed this lawsuit in order to prevent Defendants from selecting the forum in which to litigate their breach of fiduciary duty

---

[2] Shamrock Holdings of California, Inc. is a Class A Member of ALH and holds approximately 62% of the Class A membership interest in ALH. Shamrock Capital Advisors, Inc., entered into a consulting agreement with ALH to provide consulting services to ALH in connection with the piecemeal sale of ALH's assets.

claims against Plaintiffs. Accordingly, Defendants respectfully request that this Court exercise its powers to dismiss this action in favor of the North Carolina Action or, alternatively, to stay the proceedings until resolution of the North Carolina Action and, thereby, prevent Plaintiffs from being rewarded for their tactics.

## STATEMENT OF NATURE AND STAGE OF THE PROCEEDING

On September 13, 2004, fully aware that Defendants intended to sue Plaintiffs in North Carolina, Plaintiffs filed this declaratory judgment action in the Delaware Court of Chancery against Abraham (Avie) Arenson ("Arenson"), Selk and Laurel.[3] Plaintiffs filed the Amended Complaint solely to control the forum in which their self-dealing and breaches of fiduciary duties in their mismanagement of ALH Holdings, LLC ("ALH") will be litigated.

Defendants appropriately removed the action to the United States District Court for the District of Delaware and moved to dismiss the claims. Defendant Arenson moved to dismiss the claims against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and Defendants Selk and Laurel moved to dismiss the claims against them for failure to join all necessary parties—all the Class B members—under Federal Rules of Civil Procedure 19 and 12(b)(7) (hereinafter collectively the "Motions").

On October 22, 2004, the parties stipulated that Plaintiffs' responses to the Motions would not be due until after the Court rendered a decision on Plaintiffs' motion to remand. On March 22, 2005, the Court denied Plaintiffs' motion to remand. On April

---

Plaintiffs, Eugene I. Krieger, George J. Buchler, and Bruce J. Stein, are employees of Shamrock and serve as representatives of the Class A members on ALH's Supervisory Board.

3

22, 2005, Plaintiffs amended the Complaint and joined Arenson Holdings, D.A. Gardens and J12 as defendants. Plaintiffs, however, have failed to establish that this Court has personal jurisdiction over Arenson, Arenson Holdings, D.A. Gardens and J12. Defendants have filed the present motion to dismiss, or in the alternative, to stay the proceedings under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 12(b) and request that the Court decline to hear the declaratory judgment action since the circumstances indicate that it was filed solely to deprive Defendants of their choice of forum.

## SUMMARY OF ARGUMENT

### *Dismissal of Plaintiffs' Anticipatory Declaratory Judgment Suit Is Warranted.*

1.      Plaintiffs' declaratory judgment action was filed in anticipation of a coercive action by Defendants and, as such, constitutes an inappropriate use of the declaratory judgment remedy and an exception to the first-filed rule. See Envirometrics Software, Inc. v. Georgia-Pacific Corp., 1997 WL 699328, *3 (D.Del. Nov. 04, 1997). In the present case, several exceptions to the first-filed rule exist. Specifically, Plaintiffs filed this action in anticipation of Defendants filing suit in North Carolina and in bad faith, knowing that Defendants were attempting to negotiate a settlement. Courts refuse to hear declaratory judgment actions when the circumstances indicate that they have been filed solely to deprive the injured party of its traditional choice of forum and timing. See Gen. Foods Corp. v. Cryo-Maid, Inc., 198 A.2d 681, 683 (Del. Super. Ct. 1964). There can be no question that the sole reason Plaintiffs filed the declaratory judgment suit in

---

[3] ALH's former wholly owned subsidiary, Mulvaney Homes. Inc., operated in Charlotte, Greensboro and Winston-Salem, North Carolina.

4

Delaware was to control the choice of forum. These circumstances constitute a recognized exception to the first-filed rule and constitute an inappropriate use of the declaratory judgment remedy. Accordingly, the Court should dismiss the First Amended Complaint or, in the alternative stay the proceedings pending resolution of the North Carolina Action. See infra § I.

## STATEMENT OF FACTS

ALH primarily builds entry-level homes in the Southeastern United States. In 1998, ALH acquired home-building operations in Jacksonville, Florida that operated under the name Atlantic Builders, Inc. In 1999, ALH acquired home-building operations in Memphis, Tennessee that operated under the name Bowden Building Corporation. In 2000, ALH acquired home-building operations in Charlotte, North Carolina, that operated under the name Mulvaney Homes, Inc. All of these acquisitions were approved by ALH's Supervisory Board, which is controlled by Plaintiffs.

Plaintiffs have taken actions which have not been in the best interests of Defendants and their actions have breached fiduciary duties owed to Defendants as Class B members of ALH. As a result of Plaintiffs' breaches of fiduciary duties, the value of the Class B members' interests in ALH has been greatly reduced and their interests are virtually worthless. Defendants' investments have been lost and ALH is insolvent. The sale of ALH's operations in piecemeal fashion resulted in a depressed value and was performed by Plaintiffs in bad faith and in a grossly negligent manner. The sole purpose of the dismantling of ALH was to relieve Plaintiffs of their duty to manage the company that Plaintiffs themselves admitted was too time consuming.

From July 12, 2004, through the filing of the Delaware action, the parties entered into extensive, well-documented correspondence regarding the dispute in which Defendants informed Plaintiffs of their intention to file the North Carolina Complaint. Upon hearing of Defendants' intentions to file the claim, Plaintiffs hurriedly filed a declaratory judgment action in Delaware in anticipation of Defendants filing the North Carolina Action so that Plaintiffs would have their preferred forum.

## ARGUMENT

Dismissal of Plaintiffs' anticipatory declaratory judgment action is warranted. Plaintiffs' declaratory judgment action was filed in anticipation of a coercive action by Defendants and, as such, constitutes an inappropriate use of the declaratory judgment remedy and an exception to the first-filed rule.  See Envirometrics Software, Inc. v. Georgia-Pacific Corp., 1997 WL 699328, *3 (D. Del. Nov. 04, 1997).  There can be no question that the sole reason Plaintiffs filed the declaratory judgment suit in Delaware was to control the choice of forum.  These circumstances constitute a recognized exception to the first-filed rule and constitute a framework for analyzing the exercise of the court's discretion under the Declaratory Judgment Act, 28 U.S .C. § 2201(a).[4]  See Envirometrics Software, Inc., 1997 WL 699328, *3.

---

[4] Although Plaintiffs originally filed this action for declaratory relief under Delaware state law, the federal Declaratory Judgment Act will govern the case in this Court. Federal courts sitting in diversity apply state substantive law and federal procedural law. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938). The Declaratory Judgment Act is a procedural statute that creates no substantive rights. See Bourazak v. N. River Ins. Co., 379 F.2d 530, 533 (7th Cir.1967).

6

### A.    First-Filed Rule

The "first-filed" rule applies "[w]here two actions are pending concurrently in separate forums, there is a potential for conflicting resolutions." Moore Corp. Ltd. v. Wallace Computer Services, Inc., 898 F.Supp. 1089, 1098 (D.Del.1995). "The Third Circuit Court of Appeals has adopted the so-called 'first-filed' rule, whereby in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." EEOC v. University of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990). "That authority, however, is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping." EEOC, 850 F.2d at 971; see also Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937 (Fed.Cir.1993), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277 (1995)(holding exceptions to the first-filed rule "are **not** rare, and are made when justice or expediency requires, as in any issue of choice of forum."). Thus, given the appropriate set of circumstances, a district court need not adhere to the first-filed rule.

### B.    Exceptions to the First Filed Rule Exist In This Case.

In the present case, several exceptions to the first-filed rule exist. Specifically, Plaintiffs filed this action in anticipation of Defendants' suit in North Carolina and in bad faith, knowing that Defendants were attempting to negotiate a settlement. "[C]ircumstances under which an exception to the first-to-file rule will be made include bad faith and anticipatory suit filed for the purpose of forum shopping." Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 270 (C.D. Cal. 1998); see

7

also Moore Corp., Ltd., 898 F.Supp. at 1099 (D.Del.1995); Williams Gas Supply Co. v.
Apache Corp., 594 A.2d 34, 36 (Del. Ch. 1991) (first-filed Delaware action properly
dismissed where it was "commenced in anticipation of [the] second filed action in
Colorado"). "A suit is 'anticipatory' for the purposes of being an exception to the first-to-
file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete
indications that a suit by the defendant was imminent." Guthy-Renker Fitness, 179
F.R.D. at 270. "Such anticipatory suits are disfavored because they are examples of
forum shopping." Id.

     In EEOC, University of Pennsylvania ("University") sought dismissal of an
enforcement action filed in the Eastern District of Pennsylvania by the EEOC, on the
grounds that the University had previously instituted similar proceedings in the District of
Columbia. EEOC, 850 F.2d at 973. The district court declined to dismiss the EEOC's
action finding that when the University filed the first suit in the District of Columbia, it
knew the EEOC's enforcement action in the Eastern District of Pennsylvania was
imminent. Id. at 977. The Third Circuit Court of Appeals affirmed, holding that, *inter
alia*, "[t]he timing of the University's filing in the District of Columbia indicates an
attempt to preempt an imminent subpoena enforcement in the Eastern District of
Pennsylvania." Id.

     An exception to the first filed rule also exists where the declaratory judgment
action is filed in bad faith by prospective defendants when the would-be plaintiffs are
attempting settlement talks in good faith. See Columbia Pictures Indus., Inc. v.
Schneider, 435 F. Supp. 742, 747-48 (S.D.N.Y. 1977). In the present case, Plaintiffs

admittedly filed this action while in settlement negotiations with Defendants. See Exhibit

H. To allow this action to proceed would penalize Defendants good faith efforts to

negotiate and reward Plaintiffs for hasty litigation.

Courts have held that "[p]otential plaintiffs should be encouraged to attempt

settlement discussions (in good faith and with dispatch) prior to filing lawsuits without

fear that the defendant will be permitted to take advantage of the opportunity to institute

litigation in a district of its own choosing before the plaintiff files a complaint." Capitol

Records, Inc. v. Optical Recording Corp, 810 F.Supp. 1350, 1354

(S.D.N.Y.1992)(citation omitted).[5] In Ontel Prod. Inc. v. Project Strategies Corp, 899 F.

Supp. 1144 (S.D.N.Y. 1995), the court stated: "Where a party is prepared to file a lawsuit,

but first desires to attempt settlement discussions, that party should not be deprived of the

first-filed rule's benefit simply because its adversary used the resulting delay in filing to

proceed with the mirror image of the anticipated suit." Id. at 1150. In short, the

anticipatory suit exception encourages would-be plaintiffs to attempt settlement talks in

good faith, even at a stage in the conflict where the complaint has already been drafted,

without fear that the settlement efforts will be punished by the filing of an anticipatory

suit. See Columbia Pictures Indus., Inc., 435 F. Supp. at 747-48. Thus, if the party that

ordinarily would be the plaintiff is prepared to sue but delays filing in an effort to achieve

a settlement, a preemptive filing of a mirror image claim is treated as an improper

anticipatory suit. Id. This result facilitates the settlement process, by assuring parties that

a good faith attempt to settle will not compromise the opportunity to select the forum. See

Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150, 1158-59 (S.D.N.Y.1996)

9

(transferring first-filed action to district of second-filed action, where plaintiff in second-filed action had been engaged in good faith settlement effort and first-filed action was motivated in part by forum shopping).

In this case, Plaintiffs filed this action to control the forum and they did so after being told that Defendants' suit in North Carolina was imminent and while in the process of discussing mediation with Defendants. Any doubt this Court may have regarding Plaintiffs' motive her case is resolved by the fact that this action followed on the heels of an e-mail from Defendants' counsel stating that the relevant Operating Agreement "does NOT prevent the filing of a suit in North Carolina, does it?" (See Exhibit E.). Despite the fact that the parties were then still engaged in ongoing settlement negotiations, Plaintiffs filed this lawsuit in order to prevent Defendants from selecting the forum in which to litigate their breach of fiduciary duty claims against Plaintiffs.

## C.    Declaratory Judgment

Departure from the first-filed rule is also warranted when a declaratory judgment action is filed "as a method of procedural fencing, or as a means to provide another forum in a race for *res judicata*." [6] Terra Nova Ins. Co., Ltd. v. 900 Bar, Inc., 887 F.2d 1213, 1225 (3d Cir.1989)(citation omitted). When a pending proceeding in another court will

---

[5] See also Lever Bros. Co. v. Procter & Gamble Co., 23 F.Supp.2d 208, 212 (D.Conn.1998).

[6] For treatment of the issue in other jurisdictions See Coca-Cola Bottling Co. Consol. v. Durham Coca-Cola Bottling Co., 541 S.E.2d 157, 165 (N.C. Ct. App. 2000) (fact that declaratory suit was filed prior to the later suit was "not dispositive"; "[t]o hold otherwise would be to encourage a race to the courthouse in situations in which a potential defendant anticipates litigation by the natural plaintiff in a controversy."); Ven-Fuel, Inc. v. Dep't of the Treasury, 673 F.2d 1194, 1195 (11th Cir. 1982) (first filed declaratory judgment suit was not controlling when it was made "in apparent anticipation of imminent judicial proceedings" by opposing party); Yoder v. Heinold Commodities, Inc., 630 F. Supp. 756, 760 (E.D. Va. 1986) (refusing to transfer, dismiss or stay an action for affirmative relief where preemptive declaratory judgment action was first filed reasoning that "[f]oremost among [the] equitable considerations are the timing and circumstances surrounding the filing of" the first suit).

fully resolve the controversy between the parties, a district court, in its discretion, may decline to entertain a declaratory judgment action on the merits. <u>Ven-Fuel, Inc. v. Dep't of the Treasury</u>, 673 F.2d 1194, 1195 (11th Cir. 1982). Federal courts have discretion whether to grant relief in actions brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.[7] See <u>Step-Saver Data Systems, Inc. v. Wyse Technology, Inc.</u>, 912 F.2d 643, 646-47 (3d Cir.1990); <u>Eastman Kodak Co. v. Studiengesellschaft Kohle mbH</u>, 392 F.Supp. 1152, 1157-58 (D.Del. 1975). Declaratory relief is appropriately awarded when it will "'serve a useful purpose in clarifying the legal relations in issue or terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" <u>Gribin v. Hammer Galleries</u>, 793 F.Supp. 233, 234 (C.D.Cal.1992) (quoting <u>Tierney v. Schweiker</u>, 718 F.2d 449, 457 (D.C.Cir.1983)).

It is generally recognized, however, that "'it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action.'" <u>Envirometrics Software, Inc.</u>, 1997 WL 699328 (quoting Wright & Miller, 10 Federal Practice and Procedure Civ.3d § 2758, at 631- 32); <u>see</u> <u>also</u> <u>Terra Nova Ins. Co., Ltd. v. Acer Latin Am., Inc.</u>, 931 F. Supp. 852, 854 (S.D. Fla. 1996)(holding the Declaratory Judgment Act "is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse.").[8] The right of an aggrieved party to select the

---

[7] The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought[.]"

[8] <u>See also</u> <u>Publications Int'l Ltd. V. McRae</u>, 953 F. Supp. 223 (N.D. Ill. 1996) (declaratory judgment action brought in Illinois, by Illinois publisher, against Kansas wholesaler after wholesaler threatened to sue

forum to adjudicate a violation of that party's rights is fundamental. Accordingly, courts refuse to hear declaratory judgment actions when the circumstances indicate that they have been filed solely to deprive the injured party of its traditional choice of forum and timing. See Gen. Foods Corp. v. Cryo-Maid, Inc., 198 A.2d 681, 683 (Del. Super. Ct. 1964) (a declaratory judgment action should not be used to "jockey" for position); Schick Inc. v. Amalgamated Clothing and Textile Workers Union, 533 A.2d 1235, 1242 (Del. Ch. 1987) ("[e]mployment of the declaratory judgment procedure solely to achieve tactical advantage should not be endorsed"); In re Delta and Pine Land Co. S'holders Litig., 2000 WL 1010584 (Del. Ch., July 17, 2000) (noting "Delaware law's rather dim view of declaratory judgment claims of non-breach made for purposes of forum shopping.").

In the present case, the sole reason Plaintiffs filed this anticipatory declaratory judgment action was forum shopping. On July 12, 2004, Defendants, through counsel, notified Plaintiffs that "as a result of a series of predicate acts and patterns of misconduct, intentional breaches of fiduciary duty and wanton disregard of duties and obligations" by Plaintiffs, the Class B member were exploring their rights to seek recovery for their damages. See Exhibit A, p.2. Defendants, however, offered to explore settlement before litigating their claims: "The Class B shareholders (with counsel) are prepared to meet with Shamrock and their counsel (provided it is other than Fried Frank) to seek some acceptable resolution of the current situation." See Exhibit A, p.2. Plaintiffs' counsel

---

publisher in Kansas for failing to ship books, would be dismissed in exercise of court's discretion where publisher's lawsuit was clearly a preemptive strike, and publisher could make all its arguments in Kansas). See Hanes Corp. v. Millard, 531 F.2d 585, 592-93 (D.C. Cir. 1976) (permitting anticipatory declaratory-judgment suits would "deprive the plaintiff of his traditional choice of forum and timing, and ... provoke a

responded that Plaintiffs were willing to meet with Defendants but were unable to do so for seven weeks. See Exhibit B. Defendants' counsel urged Plaintiffs to reconsider meeting sooner. See Exhibit C. The parties entered into extensive, well-documented correspondence regarding the dispute in which Defendants informed Plaintiffs of their intention to litigate their claims in North Carolina. See Exhibits D and E. As illustrated in the correspondence, Plaintiffs had a preference for Delaware. See Exhibits F, G.

A conference call was eventually held in September 2004, and Plaintiffs suggested, *inter alia*, that the parties attempt mediation in Delaware. On September 13, 2004, before the parties reached an agreement as to mediation, Plaintiffs filed the present action in Delaware and advised:

> 1.    The commencement of this action reflects no diminution in plaintiffs' desire to engage in the previously discussed mediation with your clients. However, it has been more than two weeks since plaintiffs first proposed the mediation, and you have yet to agree to it. Consequently, plaintiffs thought it prudent to pursue the mediation in the context of a pending action.

See Exhibit H. Plaintiffs' declaratory judgment action was brought in the face of a clear threat of suit, as Defendants' unambiguous correspondence shows, and seeks a determination that no liability exists. Accordingly, Plaintiffs' declaratory judgment action is an improper anticipatory filing and, as such, constitutes an inappropriate use of the declaratory judgment remedy and an exception to the first-filed rule. Plaintiffs Amended Complaint should be dismissed, or in the alternative, stayed pending resolution of the North Carolina action.

---

disorderly race to the courthouse").

13

## CONCLUSION

Plaintiffs' declaratory judgment action was filed in anticipation of Defendants filing a tort action in North Carolina and, as such, constitutes an inappropriate use of the declaratory judgment remedy and an exception to the first-filed rule. For the foregoing reasons, Defendants respectfully request that this Court grant their Motion to Dismiss or, in the alternative, stay these proceedings and discovery in this action pending resolution of the North Carolina Action, and for such other relief as this Court deems proper.

Respectfully submitted,

SEAN J. BELLEW (#4072)
DAVID A. FELICE (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000
(302) 295-2013 (Fax)

THOMAS M. WOOD, IV
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

Attorneys for Defendants

209890v4-1060.3

14