**EXHIBIT C**

LAW OFFICES
# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

(WRITER'S DIRECT DIAL NO.)                                              (DIRECT FAX NO.)

(410) 332-8510                                                          (410) 332-8511

July 29, 2004

**VIA E-MAIL**

Pamela Jarvis, Esquire
Gregory P. Joseph Law Offices
805 Third Avenue
New York, New York 10022

       Re:  ALH Holdings LLC ("ALH")

Dear Ms. Jarvis:

      For our purposes, I am representing all of the Class B Investors.

      Notwithstanding your protestations to the contrary, your letter reflects a much keener and deeper understanding of the defense of this matter, than you are willing to admit.

      The facts are simple. Shamrock assumed operating control of ALH. For a while Shamrock appeared to be aligned with the Class Bs. Then, Shamrock announced that ALH was requiring too much Shamrock time and Shamrock sought to "sell" the Company. Their first effort was to sell it as a "going concern" but that effort was, in my view, mishandled, as Shamrock insisted on trying to sell ALH's balance sheet (which contained an enormous level of goodwill) rather than to try and sell the business as a multiple of cash flow and land option inventory, which is a valuable commodity. When the sale of the enterprise, as a whole, "failed", Shamrock persisted in "ridding itself" of the tar baby that it had undertaken and then proposed to sell off ALH, in a piecemeal fashion. Avie Arenson and I met with Shamrock in Charlotte, warned them off this proposed disastrous course and even discussed with them the possible purchase by the B's of Shamrock's position. Our efforts were ignored and rejected.

      The same pattern was shown in the sale of Jacksonville and Memphis. Shamrock had, for all practical purposes, written off ALH and schemed to recover the loans that Shamrock had made and tread water until the preference period had expired. None of this is in hindsight, as you have suggested. The Bs expressed their concerns then and Shamrock dismissed them. The sad ending is that we find ourselves where we are now. It would serve no purpose to debate whether

**NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.**

Pamela Jarvis, Esq.
July 29, 2004
Page 2

Shamrock's conduct was just a bad business judgment or constituted bad faith or gross negligence.

    That said, time is of the essence and vacations notwithstanding, if Shamrock is unable or unwilling to meet before September 14, that too is an answer, of sorts. To suggest a meeting in 7 weeks, but to demand an answer on MHI immediately is either another very arrogant position being reflected or just plain stupid. Shamrock has made the bed that we now find ourselves in. They may have, quite possibly, in their efforts to rid themselves of ALH compromised ALH's position with Ohio Savings, Swiss Re, and Wachovia. Further by pursuing MHI with LaGuardia, who used his position with ALH to his advantage in Memphis (and to the disadvantage of ALH), they might have allowed ALH's interest to be further weakened by dealing with him again.

    I would suggest that we meet this coming week. I have spoken to Avie Arenson and Michael Jesselson and they are available to meet in London.

                                  Very truly yours,

                                  Isaac M. Neuberger

IMN/at

207144
1060.3