# EXHIBIT F

| | |
|---|---|
| From: | Pamela Jarvis [pjarvis@josephnyc.com] |
| Sent: | Monday, August 30, 2004 8:57 AM |
| To: | Isaac M. Neuberger |
| Cc: | Thomas M. Wood |
| Subject: | Re: Applicability of Delaware Law |

Dear Isaac:

In addition to confirming that Delaware law governs, Section 10.2 would weigh in favor of Delaware as the appropriate forum.

The "suggestion of a $3 Million payment to the As," referred to in your 12/22/02 email, implied a payment to Shamrock less than $2 million. Even assuming, for the sake of argument, that if this "suggestion" constituted a written offer, it would not be a written offer to pay more than $2 million for Shamrock's interest in ALH. You assert that the December 2002 emails attached to your present email "were followed by face to face discussions, where the Bs discussed going as high as $7MM," but you have provided no documentation of such meetings or any offer -- written or otherwise -- of $7 million. When and where did these "face to face discussions" occur, and who were the participants? The Shamrock people have no recollection of such meetings, or, indeed, any face to face discussion with any of your clients (other than Mr. Arenson) on any subject relating to ALH. In any event, the fact that the parties did not agree on a buy-out price -- at whatever level -- is hardly evidence of "bad faith" on Shamrock's part.

The Delaware mediation process (like all other mediation processes I am aware of) does not provide for formal discovery, but the parties could of course agree to exchange whatever information they want to. Also, participation in the mediation would not affect the parties' ability to obtain discovery in future litigation, if any.

Sincerely,
Pamela Jarvis


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, New York  10022
Tel: 212.407.1250
Fax: 212.407.1278

-----Original Message-----
From: Isaac M. Neuberger <IMN@NQGRG.com>
To: Pamela Jarvis <pjarvis@josephnyc.com>
CC: Thomas M. Wood <TMW@NQGRG.com>
Sent: Fri Aug 27 13:04:23 2004
Subject: RE: Applicability of Delaware Law

We are aware of this provision...it does NOT prevent the filing of a suit in North Carolina, does it?

As to George's unfortunate "lying through your teeth" comment, I am attaching the original set of e-mails, that reflect his deliberate "bad faith"...these e-mails were followed by face to face discussions, where the Bs discussed going as high as $7 MM.

Since it appears that Shamrock is unwilling to see its way clear towards an acceptable resolution, I suspect that much of this will be the subject of discovery.

As we consider the alternatives, if we were to agree to the Delaware Mediation that you proposed, would we be afforded the same discovery that we would be entitled if we proceed in a different forum.

1

```
From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Friday, August 27, 2004 11:49 AM
To: Isaac M. Neuberger
Cc: Thomas M. Wood
Subject: Applicability of Delaware Law
```

It occurred to me that you might not be aware that Section 10.2 of the ALH Holdings LLC Operating Agreement provides that "All questions concerning the construction, validity and interpretation of this Agreement and the performance of the obligations imposed by this Agreement shall be governed by the internal law, not the law of conflicts, of the State of Delaware."

Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: 212-407-1250
Fax: 212-407-1278
pjarvis@josephnyc.com
 <file://www.josephnyc.com> www.josephnyc.com

************************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
************************************