**EXHIBIT K**



Not Reported in A.2d                                                                                                          Page 1
Not Reported in A.2d, 2000 WL 1010584
**(Cite as: Not Reported in A.2d)**

H
Not Reported in A.2d, 2000 WL 1010584
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Court of Chancery of Delaware.
In re DELTA AND PINE LAND COMPANY SHAREHOLDERS LITIGATION
No. Civ.A. 17707.

Submitted June 1, 2000.
Decided July 17, 2000.

Norman M. Monhait , of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, Delaware; Milberg Weiss Bershad Hynes & Lerach LLP, New York, New York; Stull Stull & Brody, New York, New York; Savett Frutkin Podell & Ryan, P.C., Philadelphia, Pennsylvania; Jaroslawicz & Jaros, New York, New York; Beatie and Osborn, New York, New York; Levin Fishbein Sedran & Berman, Philadelphia, Pennsylvania; Weiss & Yourman, New York, New York; and Smith, MacKinnon, Greeley, Bowdoin & Edwards, P.A., Orlando, Florida, for Plaintiffs, of counsel.
Jon E. Abramczyk , and Jessica Zeldin , of Morris, Nichols, Arsht & Tunnell , Wilmington, Delaware; Allen Kezsbom and Jennifer L. Colyer , of Fried, Frank, Harris, Shriver & Jacobson , New York, New York; David Boies , and Philip C. Korologos , of Boies, Schiller & Flexner, LLP , Armonk, New York, for Defendants Rudi E. Scheidt, Jon E.M. Jacoby, Nam-Hai Chua, Joseph A. Murphy, Stanley P. Roth, Roger D. Malkin and Nominal Defendant Delta and Pine Land Company, of counsel.
Donald J. Wolfe, Jr. , and Richard L. Horwitz , of Potter Anderson & Corroon LLP, Wilmington, Delaware; Kirkland & Ellis, Chicago, Illinois, for Defendant/Cross-Claim Plaintiff Monsanto Company, of counsel.

MEMORANDUM OPINION

CHANDLER, J.
*1 On December 30, 1999, shareholders of Delta & Pine Land Company ("Delta" or the "Company") filed a derivative claim against the Company's board of directors in connection with the failed merger between Delta and Monsanto Company (" Monsanto"). Shareholder plaintiffs also alleged Monsanto aided and abetted the fiduciary breaches Delta's board allegedly committed. Finally, shareholder plaintiffs brought a purported class claim on behalf of all Delta shareholders.

On January 19, 2000, defendant Monsanto amended its answer to the shareholder complaint and added a cross-claim against defendant Delta. Defendant/cross-claim plaintiff Monsanto seeks a judicial declaration that it is entitled to terminate the May 8, 1998 merger agreement entered into between Monsanto and Delta, and that Monsanto has no further obligations to Delta under the agreement. In response, nominal and cross-claim defendant Delta has moved to stay or dismiss Monsanto's cross-claim in favor of Delta's prior-filed breach of contract action pending in Mississippi state court.

On June 21, 2000, this Court dismissed all of the shareholder plaintiffs' derivative and class claims. FN1 This is my decision on Delta's motion to stay or dismiss Monsanto's cross-claim.

> FN1. *See In re Delta and Pine Land Company Shareholders Litigation,* Del. Ch., C.A. No. 17707, mem. op., Chandler, C. (June 21, 2000).

Because the cross-claim raises the same legal issue as Delta's earlier-filed breach of contract action, currently pending in Mississippi, Delta's motion to stay will be granted in favor of the earlier-filed Mississippi action. The following discussion of this action's procedural history, and the governing law relevant to Delta's motion, illuminates the reasons

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                             Page 3
Not Reported in A.2d, 2000 WL 1010584
**(Cite as: Not Reported in A.2d)**

plaintiffs did not make a demand on the Company's board of directors. It appears that they did not even bother to make an investigation into the significant steps the Company was already taking in connection with the stillborn merger.

> FN7. The shareholder plaintiffs also filed a class claim alleging that, in the wake of the collapsed merger, the Company was required to engage in a value-maximizing, sale of the company transaction.

Before either Delta or Monsanto apparently paid much notice to the shareholder action, they met in order to resolve their differences arising out of the failed merger. On January 2, 2000, following intensive negotiations, Monsanto and Delta entered into an agreement providing, in relevant part, that (1) Monsanto would pay the termination fee immediately; (2) Delta would withdraw its December 30, 1999 complaint without prejudice once the termination fee was paid; (3) the parties would negotiate in good faith to resolve Delta's remaining claims during the following two weeks; and (4) if negotiations to resolve Delta's remaining claims were not successful, and Delta renewed its complaint, then the filing date for that action or any other legal proceeding that Delta instituted relating to the merger would, for all purposes, relate back to December 30, 1999-the date on which Delta originally filed its complaint in Bolivar County, Mississippi.

The parties failed to reach an understanding during the two-week negotiation period and, on January 18, 2000, Delta renewed its complaint in Mississippi. The following day, Monsanto filed an amended answer in this Delaware shareholder action to add a cross-claim against Delta, seeking a declaration that, contrary to Delta's claim in Mississippi, Monsanto has not breached the Merger Agreement and has the right to terminate the Agreement.

On March 13, 2000, shortly after the parties completed briefing Delta's motion to stay in Delaware, the Mississippi court granted Monsanto's motion to stay the Mississippi proceeding. FN8 The Mississippi court concluded that, because the Delaware shareholder action and the Mississippi action were filed on the same day, they were to be regarded as simultaneously filed. The Court then found that Delta's suit did not have priority over the shareholder suit. Accordingly, the Mississippi Court concluded that Delaware had the broader litigation, due to the derivative litigation's additional issue (the breach of fiduciary duty allegations) and parties (the shareholders themselves and the individual Delta directors), and stayed the Mississippi proceedings in order to preserve scarce judicial resources.

> FN8. *See Delta and Pine Land Co. v. Monsanto Co.,* C.A. No.2000-1-S (Mar. 13, 2000) (Order Granting Defendant's Motion to Stay).

*3 On June 21, 2000, this Court dismissed the shareholder complaint in its entirety. Monsanto's cross-claim and Delta's motion to stay or dismiss the cross-claim are the sole remaining matters in this action.

*II. ANALYSIS*

Delta contends that the earlier-filed, though currently static, Mississippi action must take precedence over Monsanto's cross-claim under the well-noted doctrine set forth in *McWane Cast Iron Pipe Corp. v. McDowell-Wellman Eng. Co.* and its progeny. FN9 Monsanto contends that the *McWane* case and its progeny have no application where actions filed in separate fora, concerning the same parties and issues, are filed on the same day. These cases, Monsanto properly argues, are treated as contemporaneously filed and if the Court is to grant a stay motion, the moving party must meet the more rigorous *forum non conveniens* requirements, not the more lax *McWane* test. FN10

> FN9. Del.Supr., 263 A.2d 281 (1970) (holding that Delaware courts may freely exercise discretion to stay a Delaware action in favor of a prior-filed action pending in another forum involving the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> same parties and issues.)
>
> FN10. *See, e.g., Friedman v. Alsthom,* Del. Ch., C.A. No. 16650, mem. op., Steele, V.C. (Dec. 10, 1999) (holding that cases filed on the same day be treated as contemporaneous).

Delta does not quibble with this argument. Rather, it contends that Monsanto's opportunistic cross-claim, filed nearly three weeks after Delta's complaint in Mississippi, latching on to a fortuitously filed and entirely meritless derivative action, should not defeat Delta's legitimate choice of forum. More specifically, Delta contends that Monsanto's cross-claim simply does not relate back to the filing of the derivative action and should, therefore, be treated as a second-filed action. I find this argument persuasive.

In order to assert its position that the cross-claim should not be dismissed or stayed, Monsanto must establish that the filing of what this Court has now conclusively deemed a rogue derivative action overrides Delta's Mississippi filing. This position is untenable. Monsanto fails to cite any authority holding that a cross-claim relates back to the original complaint for this purpose. Rather, Monsanto stands the issue on its head contending that Delta cites no authority "in support of its attempt to fragment the Delaware Action in this fashion[;]" FN11 *i.e.,* Delta's attempt to separate the cross-claim from the shareholder complaint that facilitated its filing.

> FN11. Monsanto Ans. Brief at 11.

Contrary to Monsanto's assertion, Delta has not fragmented this case. The combination of Delta shareholders filing a meritless complaint in Delaware and Monsanto's opportunistic cross-claim has given rise to the circumstances that have forced Delta to seek a stay of Monsanto's cross-claim. But notwithstanding Monsanto's opportunistic conduct, this Court's complete dismissal of the shareholder action vitiates the "fragmentation" Monsanto bemoans. There is, in fact, nothing left to fragment.

And although neither party has cited any decisional law analyzing the narrow issue of how to measure the filing date of a cross-claim against a separate but related action pending in another forum to determine first-filed status, Delta has cited a host of cases addressing whether a cross-claim relates back to the original complaint for statute of limitation purposes. I find these cases sufficiently analogous and, thus, instructive to my decision.

*4 Courts have unequivocally held that a cross-claim requesting affirmative relief, such as Monsanto's request for a declaratory judgment, *does not* relate back to the original complaint. In *Appelbaum v. Ceres Land Co.,* the Court held that "[d]efensive claims [for recoupment, contribution, or indemnity] generally relate back, while affirmative claims must satisfy the applicable statute of limitations." FN12 In *Kansa Reins. Co. v. Congressional Mortgage Corp. of Texas,* the Court similarly held that "Rule 13(g) governing cross-claims does not permit relation back of a cross-claim seeking affirmative relief and independent relief to the original complaint." FN13 Likewise here, I see no reason to treat Monsanto's cross-claim seeking affirmative relief as relating back to the filing date of the shareholder complaint.

> FN12. 546 F.Supp. 17, 20 (D.Minn.1981) (emphasis added).
>
> FN13. 20 F.3d 1362, 1367 (5th Cir.1994); *see also Franklin Pavkov Constr. Co. v. Ultra Roof. Inc.,* 51 F.Supp.2d 204, 222 (N.D.N.Y.1999) (same, quoting *Applebaum* ). *Cf. Kaye v. Pantone, Inc.,* Del. Ch., 395 A.2d 369, 371 n. 2 (1978) (observing that Court of Chancery Rule 13 is similar to Federal Rule 13).

Because I have determined that Monsanto's cross-claim, filed January 19, 2000, does not relate back to the filing of the shareholder action of December 30, 1999, it clearly commenced after Delta filed its breach of contract action in Mississippi on December 30, 1999. Delta and Monsanto are the only remaining parties involved in this controversy. Monsanto's cross-claim for

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 5
Not Reported in A.2d, 2000 WL 1010584
**(Cite as: Not Reported in A.2d)**

non-breach in this Court is the mirror image of Delta's earlier-filed breach of contract claim in Mississippi. In the interests of comity between sister states, I believe it is appropriate for this Court to stay its hand in deference to the Mississippi Court.

I further note that but for the shareholder plaintiffs' wholly meritless derivative action filed on December 30, 1999, which I can only characterize as a nuisance, Monsanto would have lacked even a superficially plausible basis to argue that its later-filed declaratory judgment cross-claim should have priority. It is fundamental Delaware law that a shareholder may not commence a derivative proceeding until a written demand is made upon the board to take suitable action. FN14 The purpose of that demand requirement is to ensure that the company, and not its shareholders, will have the first opportunity to bring a cause of action belonging to the company. It is only when the company refuses to assert its claims directly that a derivative suit is warranted.

> FN14. *See* Court of Chancery Rule 23.1.

As the Court explained in detail in its June 21 memorandum opinion in this action, the shareholder plaintiffs never made a demand on the board. Incredibly, they pressed on with their lawsuit even after it was absolutely apparent that Delta had taken the very action that the shareholder plaintiffs alleged the board was incapable of: bringing a breach of contract suit against Monsanto.

In what can only be characterized as a cautionary tale for our system of representative litigation, the derivative suit, purportedly filed on behalf of the Company, worked nothing but mischief upon the Company. The derivative claim worked mischief to the extent it fortuitously enabled Monsanto to attempt to spoil Delta's forum choice and force it into a two-front conflict. The fact that Delta expended valuable company resources to fend off a baseless derivative suit is injury enough; this injury should not be exacerbated by forcing Delta to litigate its breach of contract action outside of its chosen forum. FN15

> FN15. Delta properly observes that its claim is a straight breach of contract damage claim, for which it would never have sued Monsanto in the Court of Chancery for want of a jurisdictional predicate.

*5 Finally, I note Delaware law's rather dim view of declaratory judgment claims of non-breach made for purposes of forum shopping. FN16 That being the case, where, as here, the declaratory judgment claim is asserted as a cross-claim for forum shopping purposes, it should no more be allowed to succeed than when it is asserted as a separate action. And for this additional reason, I treat Monsanto's cross-claim independently of the filing of the suit to which it is appended.

> FN16. *See, e.g., E.I. du Pont de Nemours & Co. v. CIGNA Prop. & Cas. Co.,* Del. Ch., C.A. No. 12386, mem. op. at 9, Allen, C. (July 8, 1992) (staying Delaware declaratory judgment action in favor of previously filed Iowa action because "law does not seek to encourage forum shopping"). *See also Williams Gas Supply Co. v. Apache Corp.,* Del.Supr., 594 A.2d 34, 38 (1991) (dismissing *first-filed* declaratory judgment action in favor of Colorado litigation) (emphasis added); *Playtex, Inc. v. Columbia Cas. Co.,* Del.Super., C.A. No. 88C-MR-233, Del Pesco, J. (Apr. 25, 1989) (refusing to stay later-filed Delaware action in favor of first-filed declaratory judgment action in Illinois and stating "the use of a declaratory judgment action to anticipate and soften the impact of an imminent suit elsewhere for the purpose of gaining an affirmative judgment in a favorable forum requires a close look at the deference historically accorded a prior filed action").

*III. CONCLUSION*

Monsanto has strenuously argued that this controversy between two Delaware corporations, which sought to merge under the terms of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Page 6

Not Reported in A.2d, 2000 WL 1010584
**(Cite as: Not Reported in A.2d)**

Delaware corporation code and a merger agreement governed by Delaware law, should be litigated in a Delaware court. Although these are circumstances militating in favor of maintaining this litigation in Delaware, I nonetheless believe comity requires that the Mississippi Court, where contract based claims were first filed, should be afforded the first opportunity to resolve the parties' dispute.

Thus, for all the reasons set forth above, I grant Delta's motion to stay this action, pending the Mississippi Court's decision to vacate the stay in effect there. Should the Mississippi Court conclude, for whatever reason, that the stay there pending should not be lifted, I encourage the parties to seek leave to re-open this matter in Delaware.

Del.Ch.,2000.
In re Delta and Pine Land Co. Shareholders Litigation
Not Reported in A.2d, 2000 WL 1010584

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.