IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN<br><br>Plaintiffs<br><br>v.<br><br>AVIE ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD. AND D.A. GARDENS, LTD.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-1339-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANT ABRAHAM ARENSON'S MOTION TO DISMISS

COZEN O'CONNOR
Sean J. Bellew (#4072)
David A. Felice (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000
(302) 295-2013 (Fax)

THOMAS M. WOOD, IV
Neuberger, Quinn, Gielen, Rubin
 & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

DATED: June 3, 2005                    Attorneys for Defendant Abraham Arenson

## Table of Contents

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING** ............. 1

**SUMMARY OF ARGUMENT** ................................................................................. 3

**STATEMENT OF FACTS** ........................................................................................ 3

**ARGUMENT** ............................................................................................................. 5

    I.   **Plaintiffs Have Failed To State A Claim Against Defendant Arenson.** ............ 5

**CONCLUSION** ......................................................................................................... 8

## Table of Citations

**Cases**

*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)..................................................................5

*Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994)......3, 5

*Strum v. Clark*, 835 F.2d 1009, 1011 (3d Cir.1987) ...........................................................5

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)....................................................5

*Welch v. Centex Home Equity Co., LLC*, 262 F.Supp.2d 1263 (D.Kan. 2003) ...............6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................passim

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN<br><br>Plaintiffs<br><br>v.<br><br>AVIE ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD. AND D.A. GARDENS, LTD.<br><br>Defendants | Civil Action No. 04-1339-SLR |

## MEMORANDUM IN SUPPORT OF DEFENDANT ABRAHAM ARENSON'S MOTION TO DISMISS

Defendant, Abraham (Avie) Arenson ("Arenson"), by his undersigned counsel, submits this memorandum in support of his Motion to Dismiss the Amended Complaint filed by Plaintiffs, Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors ("SCA"), Eugene I. Krieger ("Krieger"), George J. Buchler ("Buchler"), and Bruce J. Stein ("Stein") (hereinafter collectively "Plaintiffs").

### STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

On September 13, 2004, fully aware that Defendants intended to sue Plaintiffs in North Carolina, Plaintiffs filed this declaratory judgment action in the Delaware Court of Chancery against Arenson, Selk and Laurel.[1]  Plaintiffs filed this action solely to control

---

[1] ALH's former wholly owned subsidiary, Mulvaney Homes, Inc., operated in Charlotte, Greensboro and Winston-Salem, North Carolina.

the forum in which their self-dealing and breaches of fiduciary duties in their mismanagement of ALH Holdings, LLC ("ALH") will be litigated.

Defendants appropriately removed the action to the United States District Court for the District of Delaware and moved to dismiss the claims against them. Defendant Arenson moved to dismiss the claims against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and Defendants Selk and Laurel moved to dismiss the claims against them for failure to join all necessary parties—all the Class B members—under Federal Rules of Civil Procedure 19 and 12(b)(7) (hereinafter collectively the "Motions").

On October 22, 2004, the parties stipulated that Plaintiffs' responses to the Motions would not be due until after the Court issued a decision on Plaintiffs' motion to remand the case to the Delaware Court of Chancery. On March 22, 2005, the Court denied Plaintiffs' motion to remand. Rather than respond to the Motions, Plaintiffs implicitly conceded that the remaining Class B Members—Arenson Holdings, D.A. Gardens and J12—are necessary parties by amending their Complaint and joining Arenson Holdings, D.A. Gardens and J12 as defendants. Plaintiffs, however, have failed to establish that this Court has personal jurisdiction over Arenson, Arenson Holdings, D.A. Gardens and J12. Defendants Arenson, Arenson Holdings, D.A. Gardens and J12 have again moved to dismiss the claims against them in the Amended Complaint. Defendants Selk and Laurel again moved to dismiss the Amended Complaint since joinder of all necessary parties is not feasible. In addition, Defendant Arenson now moves to dismiss the claims against him on the grounds that Plaintiffs have failed to state a claim for declaratory relief against him.

## SUMMARY OF ARGUMENT

*Plaintiffs have failed to state a claim against Defendant Arenson.*

1. Plaintiffs have failed to state a claim for declaratory relief against Defendant Arenson. A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). Defendant Arenson is not a member of ALH and has no direct interest in the outcome of the declaratory relief requested by Plaintiffs. Defendant Arenson is not a party to the Operating Agreement or the Consulting Agreement. Plaintiffs do not owe a fiduciary duty to him. Even if Plaintiffs are granted a judgment in their favor declaring their rights as requested, such a judgment would have no impact on Arenson as he is not a member of ALH. Based on the allegations in the Complaint, under no set of facts could relief be granted to Plaintiffs with respect to Arenson. Accordingly, under Federal Rule of Civil Procedure 12(b)(6), all claims against Arenson should be dismissed. See infra § I.

## STATEMENT OF FACTS

In order to deprive Defendants of their rightful choice of forum, Plaintiffs rushed to file this declaratory action as a preemptive measure against the imminent tort action Defendants informed Plaintiffs they intended to file in North Carolina (the "North Carolina Action"), which action has been filed in North Carolina as of the date hereof. Plaintiffs filed this action solely to control the forum in which their self-dealing and

breaches of fiduciary duties in their mismanagement of ALH Holdings, LLC ("ALH") will be litigated.

ALH primarily builds entry-level homes in the Southeastern United States. In 1998, ALH acquired home-building operations in Jacksonville, Florida that operated under the name Atlantic Builders, Inc. In 1999, ALH acquired home-building operations in Memphis, Tennessee that operated under the name Bowden Building Corporation. In 2000, ALH acquired home-building operations in Charlotte, North Carolina, that operated under the name Mulvaney Homes, Inc. All of these acquisitions were approved by ALH's Supervisory Board, which is controlled by Plaintiffs.

Since approximately July 2001, Plaintiffs have taken actions which have not been in the best interests of Defendants and their actions breached fiduciary duties owed to Defendants as Class B members of ALH. As a result of Plaintiffs' breaches of fiduciary duties, the value of the Class B members' interests in ALH has been greatly reduced and their interests are virtually worthless. Defendants' investments have been lost and ALH is insolvent. The sale of ALH's operations in piecemeal fashion resulted in a depressed value and was performed by Plaintiffs in bad faith and in a grossly negligent manner. The sole purpose of the dismantling of ALH was to relieve Plaintiffs of their duty to manage the company that Plaintiffs themselves admitted was too time consuming.

Arenson is **not** a member of ALH and has no direct interest in the outcome of the litigation. Arenson serves on ALH's Supervisory Board as the representative of ALH's Class B Members. Since Defendant Arenson is not a member of ALH, Plaintiffs do not owe him a fiduciary duty. Arenson is not a party to ALH's Operating Agreement or the

Consulting Agreement. Under Federal Rule of Civil Procedure 12(b)(6), all claims against Defendant Arenson in the Amended Complaint should be dismissed.

## ARGUMENT

### I.  Plaintiffs Have Failed To State A Claim Against Defendant Arenson.

Plaintiffs' Amended Complaint for declaratory relief fails to state a claim against Defendant Arenson. The purpose of a motion to dismiss under 12(b)(6) is to test the legal sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Strum v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). In deciding a motion to dismiss for failure to state a claim, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Strum, 835 F.2d at 1011. A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir.1994). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Plaintiffs' only claim for relief as to Defendant Arenson is the conclusory allegation that "A controversy has arisen between plaintiffs and defendants with respect to whether plaintiffs have violated Arenson's rights as Class B Represenative." Amended Complaint ¶ 183. There are **no** factual allegations in the fifty-page Amended Complaint to support this conclusory allegation.

5

In fact, Defendant Arenson is not a member of ALH and has no direct interest in the outcome of the declaratory relief requested by Plaintiffs. Defendant Arenson is not a party to the Operating Agreement or the Consulting Agreement. Plaintiffs do not owe a fiduciary duty to him. Moreover, Plaintiffs do not allege and Defendant Arenson does not contend that he has a financial interest in ALH or in the claims of the Class B members against Plaintiffs. Thus, he has no interest in the declaratory judgment action. See Welch v. Centex Home Equity Co., LLC, 262 F.Supp.2d 1263 (D.Kan. 2003)(holding that mortgagor failed to state a claim for declaratory relief that loan documents were void against loan officer that falsely attested to witnessing mortgagor's signature on loan documents since loan officer was not party to loan documents and had no interest in determination of their validity). This Court, therefore, should grant Defendant Arenson's motion to dismiss the claims against him.

Plaintiffs request a judgment declaring that they have not breached their fiduciary duties to Defendants. Amended Complaint ¶ 156. Plaintiffs, however, do not owe a fiduciary duty to Defendant Arenson because he is not a member of ALH. Plaintiffs request a judgment declaring that they "have not breached any obligations to defendants, or violated any rights of defendants, under the Operating Agreement." Amended Complaint ¶ 160. Defendant Arenson is not a party to the Operating Agreement. Although Plaintiffs allege that Defendant Arenson signed the Operating Agreement, they concede that he did so "on behalf of Arenson Holdings and D.A. Gardens." Amended Complaint ¶ 24. Therefore, Plaintiffs have no obligations to Defendant Arenson under the Operating Agreement and thus, Arenson has no direct interest in the outcome of any declarations with respect to the Operating Agreement.

Plaintiffs also request a declaration that "(1) in rendering services pursuant to the Consulting Agreement, [Plaintiffs] did not commit bad faith, gross negligence or willful misconduct, and (2) that they are protected from any liability to defendants by the Consulting Agreement." Amended Complaint ¶ 164. Defendant Arenson was not a party to the Consulting Agreement and SCA owes no duty to Arenson since he is not a member of ALH and has no interest in the Consulting Agreement. Accordingly, Arenson has no interest in the outcome of a declaration with respect to the Consulting Agreement.

Arenson has no interest in the remaining claims for declaratory relief:

> D. declaring that [Plaintiffs] relied in good faith on JMP and ALH's outside counsel;
> E. declaring that [Plaintiffs] are entitled to indemnification, including advancement of legal fees and other expenses;
> F. declaring that SELK's claims against them have been released by the SAMR, or in the alternative, that SELK's equity interest is reduced or eliminated by the shortfall in the Class E Capital Contribution;

Amended Complaint, p. 50. The remaining claims require some interest in ALH and Arenson has no direct interest. Accordingly, Plaintiffs have failed to state a claim against Arenson for declaratory relief because even if Plaintiffs are granted the requested relief, such a judgment will have no impact on Arenson. Further, Arenson is not a party to the action filed against Plaintiffs by the Class B members in North Carolina because he has no direct interest in the outcome. Accordingly, Plaintiffs have failed to state a claim against Defendant Arenson and all claims against him should be dismissed.

## CONCLUSION

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs have failed to state a claim for declaratory relief against Defendant Arenson because he is not a member of ALH. Accordingly, Defendant Arenson requests that this Court dismiss all claims against him.

DATE: June 3, 2005

/s/ Sean J. Bellew
SEAN J. BELLEW (#4072)
DAVID A. FELICE (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000
(302) 295-2013 (Fax)

THOMAS M. WOOD, IV
Neuberger, Quinn, Gielen, Rubin
 & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

Attorneys for Defendant Abraham Arenson

220613-1060.3