## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 04-1339 - SLR |
| v. | ) ) | |
| AVIE ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD and D.A. GARDENS, LTD. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### DECLARATION OF PAMELA JARVIS
### IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS OR STAY

**PAMELA JARVIS** declares pursuant to 28 U.S.C. § 1746 that:

1.      I am a partner in the law firm of GREGORY P. JOSEPH LAW OFFICES LLC, counsel for Plaintiffs in the above-captioned action. I submit this declaration on behalf of Plaintiffs Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger ("Krieger"), George J. Buchler ("Buchler") and Bruce J. Stein ("Stein"), in opposition to the following motions filed by Defendants on June 3, 2005: (1) Defendants' Motion to Dismiss the First Amended Complaint for Declaratory Relief; and (2) Defendants' Motion to Dismiss, or in the Alternative, for Stay of Proceedings. Unless otherwise indicated, I have personal knowledge of the matters set forth in this Declaration, and as to such other matters, I believe that the statements herein are true.

2.    Annexed as Exhibit A hereto is a true and correct certified copy of the June 3, 1998 Delaware Certificate of Formation of ALH Holdings, LLC ("ALH").

3.    Annexed as Exhibit B hereto is a true and correct copy of the March 15, 1999 Amendment to the Operating Agreement of ALH.

4.    Annexed as Exhibit C-1 hereto is a true and correct copy of an e-mail exchange dated April 18, 2002 among Krieger, Buchler, Shalom Lamm ("Lamm") and Avie Arenson ("Arenson").

5.    Annexed as Exhibit C-2 hereto is a true and correct copy of an e-mail exchange dated June 21-23, 2002 among Krieger, Buchler, Lamm, Stein and Arenson.

6.    Annexed as Exhibit C-3 hereto is a true and correct copy of a July 30, 2002 e-mail from Arenson to Buchler, Krieger and Isaac M. Neuberger, Esq. ("Neuberger").

7.    Annexed as Exhibit C-4 hereto is a true and correct copy of an e-mail exchange dated July 31 - August 1, 2002 among Arenson, Lamm, Buchler, Krieger and Stein.

8.    Annexed as Exhibit C-5 hereto is a true and correct copy of an August 1, 2002 e-mail from Arenson to Buchler, Krieger, Lamm and Neuberger.

9.    Annexed as Exhibit C-6 hereto is a true and correct copy of an e-mail exchange dated August 12-15, 2002 among Arenson, Lamm, Stein and Krieger.

10.   Annexed as Exhibit C-7 hereto is a true and correct copy of an e-mail exchange dated August 14 - September 6, 2002 among Krieger, Arenson and Buchler.

11.   Annexed as Exhibit C-8 hereto is a true and correct copy of a September 11, 2002 e-mail from Krieger to Arenson and Buchler.

12.   Annexed as Exhibit C-9 hereto is a true and correct copy of a September 24, 2002 e-mail from Arenson to Buchler, Krieger and Lamm.

13.     Annexed as Exhibit C-10 hereto is a true and correct copy of an e-mail exchange dated October 1-2, 2002 among Krieger, Arenson, Buchler and Stein.

14.     Annexed as Exhibit C-11 hereto is a true and correct copy of an October 4, 2002 e-mail from Buchler to Arenson, Lamm and Krieger.

15.     Annexed as Exhibit C-12 hereto is a true and correct copy of an October 8, 2002 e-mail from Arenson to Krieger and Buchler.

16.     Annexed as Exhibit C-13 hereto is a true and correct copy of an e-mail exchange dated October 31 - November 1, 2002 among Krieger, Arenson, Lamm and Buchler.

17.     Annexed as Exhibit C-14 hereto is a true and correct copy of an e-mail exchange dated October 31 - November 8, 2002 among Krieger, Arenson, Lamm and Buchler.

18.     Annexed as Exhibit C-15 hereto is a true and correct copy of an e-mail exchange dated December 2, 2002 among Arenson, Lamm, Buchler and John Laguardia ("Laguardia").

19.     Annexed as Exhibit C-16 hereto is a true and correct copy of a December 18, 2002 e-mail from Arenson to Krieger, Buchler, Michael G. Jesselson ("Jesselson"), Michel Konig ("Konig"), and Neuberger.

20.     Annexed as Exhibit C-17 hereto is a true and correct copy of an e-mail exchange dated December 19-20, 2002 among Buchler, Stein, William R. Lanius, Arenson, Krieger and Laguardia.

21.     Annexed as Exhibit C-18 hereto is a true and correct copy of an e-mail exchange dated December 18-27, 2002 among Krieger, Neuberger, Jesselson, Konig, Arenson and Buchler.

22.     Annexed as Exhibit C-19 hereto is a true and correct copy of a January 21, 2003 e-mail from Buchler to Arenson.

23.     Annexed as Exhibit C-20 hereto is a true and correct copy of an e-mail exchange dated January 22-23, 2003 among Buchler, Arenson, Bill Lanius, Lamm and Laguardia.

24.     Annexed as Exhibit C-21 hereto is a true and correct copy of an e-mail exchange dated January 22-24, 2003 among Buchler, Arenson and Neuberger.

25.     Annexed as Exhibit C-22 hereto is a true and correct copy of an e-mail exchange dated February 3-4, 2003 among Buchler, Arenson, Krieger, Bill Lanius, Laguardia, Stein and Lamm.

26.     Annexed as Exhibit C-23 hereto is a true and correct copy of an e-mail exchange dated March 17-18, 2003 among Arenson, Buchler, Lamm, Krieger and Stein.

27.     Annexed as Exhibit C-24 hereto is a true and correct copy of an e-mail exchange dated April 7-9, 2003 among Buchler, Arenson, Krieger and Lamm.

28.     Annexed as Exhibit C-25 hereto is a true and correct copy of a July 7, 2003 e-mail from Arenson to Buchler.

29.     Annexed as Exhibit C-26 hereto is a true and correct copy of an e-mail exchange dated July 11, 2003 among Arenson, Buchler, Lamm and Krieger.

30.     Annexed as Exhibit C-27 hereto is a true and correct copy of a July 29, 2003 e-mail from Buchler to Arenson, Lamm, Krieger, Stein, David Robbins and Lino Lauro.

31.     Annexed as Exhibit C-28 hereto is a true and correct copy of an August 15, 2003 e-mail from Bill Lanius to Arenson, Buchler, Krieger, Lamm, Stein and Laguardia.

32.     Annexed as Exhibit C-29 hereto is a true and correct copy of an e-mail exchange dated September 4-5, 2003 among Arenson, Buchler, Lamm and Bill Lanius.

33.     Annexed as Exhibit C-30 hereto is a true and correct copy of an e-mail exchange dated September 12 - October 1, 2003 among Arenson, Buchler, Krieger, Stein and Lamm.

34.     Annexed as Exhibit C-31 hereto is a true and correct copy of an e-mail exchange dated September 12 - October 2, 2003 among Arenson, Buchler, Krieger, Stein and Lamm.

35.    Annexed as Exhibit C-32 hereto is a true and correct copy of a November 4, 2003 e-mail from Stein to Lamm, Arenson, Buchler, Krieger and Laguardia.

36.    Annexed as Exhibit C-33 hereto is a true and correct copy of an e-mail exchange dated November 9-10, 2003 among Arenson, Buchler, Krieger and Stein.

37.    Annexed as Exhibit C-34 hereto is a true and correct copy of an e-mail exchange dated November 18, 2003 among Arenson, Buchler, Krieger, Bill Lanius, Lamm, Laguardia and Stein.

38.    Annexed as Exhibit C-35 hereto is a true and correct copy of a December 18, 2003 e-mail from Buchler to Arenson, Lamm and David Robbins.

39.    Annexed as Exhibit C-36 hereto is a true and correct copy of an e-mail exchange dated March 13-16, 2004 among Arenson, Buchler, Lamm, Krieger, Stein, Anthony Avila, David Robbins, Laura Long and Steve Alexander.

40.    Annexed as Exhibit C-37 hereto is a true and correct copy of an e-mail exchange dated April 23-24, 2004 among Arenson, Buchler, Krieger, Stein and Lamm.

41.    Annexed as Exhibit C-38 hereto is a true and correct copy of an e-mail exchange dated May 19-25, 2004 among Arenson, Buchler, Krieger and Stein.

42.    Annexed as Exhibit C-39 hereto is a true and correct copy of an e-mail exchange dated June 2, 2004 among Buchler, Arenson, and Krieger.

43.    Annexed as Exhibit C-40 hereto is a true and correct copy of a July 1, 2004 e-mail from Buchler to Arenson, Stein and Krieger.

44.    Annexed as Exhibit C-41 hereto is a true and correct copy of an e-mail exchange dated April 25-26, 2002 among Krieger, Arenson, Buchler and Lamm.

45.    Annexed as Exhibit C-42 hereto is a true and correct copy of an April 28, 2002 e-mail from Arenson to Lamm, Buchler and Krieger.

46.    Annexed as Exhibit C-43 hereto is a true and correct copy of an e-mail exchange dated August 6, 2002 among Krieger, Neuberger, Buchler, Arenson, Jesselson, Konig and Mark Frankel.

47.    Annexed as Exhibit D hereto is a true and correct copy of the Partnership Agreement of J12ALH Associates, dated June 2, 1998.

48.    Annexed as Exhibit E hereto is a true and correct copy of the April 13, 2004 Minutes of the Meeting of the Supervisory Board of ALH.

49.    Annexed as Exhibit F hereto is a true and correct certified copy of the January 9, 1998 Certificate of Formation of Jays Twelve LLC in the State of Delaware.

50.    Annexed as Exhibit G hereto is a true and correct copy of a Guarantee Agreement between ALH and SELK, dated March 15, 1999.

51.    Annexed as Exhibit H hereto is a true and correct copy of a Settlement and mutual agreement between, *inter alia,* ALH and Lamm, dated December 17, 2004.  Included in Exhibit H are copies of a cover letter from S. Mark Hurd, Esq. to Sean J. Bellew, Esq. and Thomas M. Wood, IV, Esq. dated January 14, 2005, and a letter from Thomas M. Wood, IV, Esq. to S. Mark Hurd, Esq., dated January 19, 2005.

52.    Annexed as Exhibit I hereto is a true and correct copy of the Certificate of Incorporation of ALH II, Inc ("ALH II") in the State of Delaware, dated December 9, 1998.

53.    Annexed as Exhibit J hereto is a true and correct copy of ALH II's Schedule of Corporate Loan Guarantees as of June 30, 2001 (Schedule 2.0(k) to the Lion LLC Settlement Agreement, Ex. S hereto).

54.    Annexed as Exhibit K hereto is a true and correct copy of the January 5, 2000 loan agreement between ALH II and Wachovia Bank, N.A.

55.    Annexed as Exhibit L hereto is a true and correct copy of certain documentation with respect to surety bonds issued by Swiss Reinsurance America Corporation and Amwest Insurance Corporation.

56.    Annexed as Exhibit M hereto is a true and correct copy of the Note Purchase Agreement between Wachovia Bank, N.A., ALH II, and ALH, dated January 13, 2000.

57.    Annexed as Exhibit N hereto is a true and correct copy of the Loan Agreement between ALH II (as Borrower) and Shamrock, A. Arenson Holdings, Inc. and Lion & Lamm Capital, LLC (as Lenders), dated April 6, 2000.

58.    Annexed as Exhibit O hereto are true and correct copies of certain documents retrieved from Lexis/Nexis concerning Arenson: (a) July 1, 2005 Company Profile for A. Arenson Ltd.; (b) Yehezkel Laing, *Don't They Look Familiar?* THE JERUSALEM POST, November 19, 2004, at 22; (c) Elazar Levin, *Real Estate Slump Persists; 'Globes' Ask Top Contractors: Is the recession over'?* GLOBES [ONLINE], November 23, 2003; (d) Elazar Levin, *Contractor Arenson: Not Enough Workers*, GLOBES [ONLINE], September 7, 2003.

59.    Annexed as Exhibit P hereto is a true and correct copy of the Unanimous Written Consents by the Boards of Directors of ALH Tennessee Acquisition, Inc. and ALH Acquisition Corporation to the Approval of the Reaffirmation of Guarantors, dated July 1, 2001.

60.    Annexed as Exhibit Q hereto is a true and correct copy of the Consolidated Financial Statements and Other Financial Information of ALH II and Subsidiaries for the year ended December 31, 2000 with Report of Independent Auditors.

61.    Annexed as Exhibit R hereto are true and correct copies of the Affidavits of Confession and Judgment of Lamm, Jonatthan Zich, and John D. Hourihan, dated August 27, 2001.

62.    Annexed as Exhibit S hereto is a true and correct copy of the Settlement Agreement between ALH and Lion ALH Capital LLC ("Lion LLC") (the "Lion Settlement"), dated July 1, 2001.

63.    Annexed as Exhibit T hereto is a true and correct copy of the Letter Agreement dated July 1, 2001 between Lion LLC and ALH (attachment to Lion Settlement).

64.    Annexed as Exhibit U hereto is a true and correct copy of the Written Consent of the Class D Members of ALH to replace Jonathan Zich, dated August 16, 2001.

65.    Annexed as Exhibit V hereto is a true and correct copy of the Consulting Services Agreement between SCA and ALH, dated July 1, 2001.

66.    Annexed as Exhibit W hereto is a true and correct copy of the July 1, 2001 Unanimous Written Consent of the Supervisory Board of ALH to (a) approval of the Lion LLC Settlement Agreement; (b) approval of the Promissory Note; (c) approval of the Letter Agreements; (d) approval of Lion & Lamm Capital LLC Consulting Agreement; (e) approval of SCA Consulting Agreement; (f) approval of Guarantee Agreement; (g) approval of Pledge Agreement; (h) authorization of Signatory; (i) formation of the Audit Committee; and (j) authorization to appoint Buchler to subsidiary boards.

67.    Annexed as Exhibit X hereto is a true and correct copy of the Unanimous Written Consent of the Supervisory Board of ALH, dated July 1, 2001, approving the Lion LLC Settlement, initialed & executed by Arenson.

68.    Annexed as Exhibit Y hereto is a true and correct copy of a Unanimous Written Consent of the Supervisory Board of ALH dated August, 2003.

69.    Annexed as Exhibit Z hereto is a true and correct copy of the March 20, 2002 Engagement Letter between ALH and Jolson Merchant Partners.

70.     Annexed as Exhibit AA hereto is a true and correct copy of the May 14, 2003 Minutes of a Meeting of the Supervisory Board of ALH.

71.     Annexed as Exhibit BB hereto is a true and correct copy of the ALH II Loan Agreement dated May 7, 2002.

72.     Annexed as Exhibit CC hereto is a true and correct copy of a letter dated August 16, 2001 from David K. Robbins to Arenson.

73.     Annexed as Exhibit DD hereto is a true and correct copy of an e-mail exchange dated August 8-9, 2004 among Neuberger, Pamela Jarvis, Thomas M. Wood, Arenson, Benjamin Jesselson, Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

74.     Annexed as Exhibit EE hereto is a true and correct copy of the June 26, 2003 Minutes of a Meeting of the Supervisory Board of ALH.

75.     Annexed as Exhibit FF hereto is a true and correct copy of the March 24, 2004 Minutes of a Meeting of the Supervisory Board of ALH.

76.     Annexed as Exhibit GG hereto is a true and correct copy of an e-mail exchange dated December 14-16, 2004 among Buchler, Arenson, Neuberger, Bridget McCarthy, Krieger, Stein and Lamm.

77.     Annexed as Exhibit HH hereto is a true and correct copy of the Consolidated Financial Statements and Other Financial Information of ALH II and Subsidiaries for Years ended December 31, 2003 and 2002 with Report of Independent Certified Public Accountants.

78.     Annexed as Exhibit II hereto is a true and correct copy of the unaudited Financial Report of ALH II, Inc and Subsidiaries for the Six Months ended June 30, 2004.

79.     Annexed as Exhibit JJ hereto is a true and correct copy of a January 14, 2005 letter from Pamela Jarvis notifying ALH and ALH II of certain indemnification demands.

80.     Annexed as Exhibit KK hereto is a true and correct copy of an e-mail exchange dated August 2-3, 2004 among Pamela Jarvis, Neuberger and Thomas M. Wood.

81.     Annexed as Exhibit LL hereto is a true and correct copy of an e-mail exchange dated August 14 - September 6, 2002 among Krieger, Arenson and Buchler.

82.     Annexed as Exhibit MM hereto is a true and correct copy of the Subscription Agreement by and between ALH and A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., J12ALH, Associates LLC, SELK, LLC, and Laurel Equity Group, dated June 12, 1998.

83.     Annexed as Exhibit NN hereto is a true and correct copy of the Entry of Appearance of Sean J. Bellew for Arenson, SELK and Laurel Equity Group, LLC, filed in the Court of Chancery on October 5, 2004 prior to the removal of this action.

84.     Annexed as Exhibit OO hereto is a true and correct copy of an e-mail exchange dated April 1, 2004 between Buchler and Arenson.

85.     Annexed as Exhibit PP hereto is a true and correct copy of an e-mail exchange dated August 3-5, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Arenson, Benjamin Jesselson, Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

86.     Annexed as Exhibit QQ hereto is a true and correct copy of an e-mail exchange dated August 3-5, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Arenson, Benjamin Jesselson, Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

87.     Annexed as Exhibit RR hereto is a true and correct copy of an e-mail exchange dated August 6, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Arenson, Benjamin Jesselson, Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

88.     Annexed as Exhibit SS hereto is a true and correct copy of an e-mail exchange dated August 6, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Arenson, Benjamin Jesselson, Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

89.     Annexed as Exhibit TT hereto is a true and correct copy of an e-mail exchange dated August 8-11, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Arenson, Benjamin Jesselson, Esq., Jesselson, Konig, Yeheskel Frankel and Mark Frankel.

90.     Annexed as Exhibit UU hereto is a true and correct copy of an e-mail exchange dated August 22-23, 2004 among Pamela Jarvis, Neuberger, Arenson, Benjamin Jesselson, Krieger, Buchler, Konig, Jesselson, Yeheskel Frankel, Mark Frankel, Thomas M. Wood, William R. Lanius and Gregory P. Joseph.

91.     Annexed as Exhibit VV hereto is a true and correct copy of an e-mail exchange dated August 22-23, 2004 among Neuberger, Pamela Jarvis, Arenson, Jesselson, Krieger, Buchler, Konig, Benjamin Jesselson, Yeheskel Frankel, Mark Frankel, Thomas M. Wood, William R. Lanius and Gregory P. Joseph.

92.     Annexed as Exhibit WW hereto is a true and correct copy of an e-mail exchange dated September 2-5, 2004 among Neuberger, Pamela Jarvis, Thomas M. Wood, Buchler, Krieger, Stein, Arenson and Lamm.

93.     Annexed as Exhibit XX hereto is a true and correct copy of an e-mail exchange dated August 27 - September 2, 2004 among Pamela Jarvis, Neuberger and Thomas M. Wood.

94.     Annexed as Exhibit YY hereto is a true and correct copy of an e-mail exchange dated September 2-9, 2004 among Pamela Jarvis, Neuberger, Thomas M. Wood, Buchler, Krieger, Stein, Arenson and Lamm.

95.     Beginning in approximately mid-July 2004, as counsel to Plaintiffs in this matter, I communicated directly with Defendants' counsel, Neuberger, concerning the possibility of discussions between the parties.

96.     From approximately mid-July 2004 through August 2004, Neuberger and I engaged in a nearly daily exchange of correspondence, mostly by email, concerning the

possibility of a meeting at which the parties might discuss and attempt to resolve their differences. It proved to be impossible to get the parties to agree on a place and time for face-to-face meeting, and even arranging a date and time for a conference call was difficult.

97.    In the course of my communications with Neuberger, strong disagreement was expressed on behalf of the parties concerning what might be discussed during the possible conference call. Neuberger advised me that Defendants sought to discuss the compensation they wanted from Plaintiffs, based on Defendants' claims that Plaintiffs had acted wrongfully with respect to ALH. I advised Neuberger of Plaintiffs' position that Defendants had no right to any such compensation, but that Plaintiffs were willing to discuss the possibility of a mutually agreeable business transaction that would address the future of ALH.

98.    At no time after the parties' August 26, 2004 conference call did either party solicit or attempt to schedule any further discussions with the other.

99.    Between August 27, 2004 and September 13, 2004 Defendants did not sue Plaintiffs and did not communicate to Plaintiffs any threat to sue. In addition, during the eight months after Plaintiffs commenced the above-captioned lawsuit against Defendants, Defendants did not sue Plaintiffs and did not communicate any threat to sue Plaintiffs.

100.    In an email to me dated September 5, 2004, Neuberger stated that before agreeing to a mediation in Delaware, Defendants "will require that Shamrock . . . agree to the same level of discovery that we think we could achieve if we were to file a lawsuit. I have asked Sam Wood [a partner in Defendants' counsel's law firm] to scope that out and to provide you with the outline [of] a lawsuit that would be the basis of the mediation." Mr. Wood never provided me with "the "outline of a lawsuit," whether as a basis for mediation or for any other purpose. Nor did he provide any other information regarding the discovery that Defendants stated they wanted as a condition of agreeing to mediation.

101.    My next communication with Defendants was on September 8, 2004. At that time, Neuberger sent me an email asking about "the extent of the discovery that [Shamrock] would consider if [Defendants] were agree to the Mediation." Later that day, I responded by asking for the information from Mr. Wood that was promised on September 5, 2004. Defendants provided nothing in response to my request.

102.    As of September 13, 2004, Defendants had not explicitly refused to participate in a mediation in the Delaware Chancery Court, but neither had they agreed to it. Since September 13, 2004, Defendants have not communicated to Plaintiffs any interest in pursuing mediation or settlement discussions.

103.    In the North Carolina action filed by Defendants against Plaintiffs on June 2, 2004 (the "NC Action"), Plaintiffs currently intend, *inter alia*, to move to dismiss the NC Action on grounds of improper venue under FED. R. CIV. P. 12(b)(3) or, in the alternative, to transfer the NC Action to this Court under 28 U.S.C. § 1404 and/or §1406.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 8, 2005.

_____
PAMELA JARVIS

/563401

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 8th day August, 2005, copies of the within document were served on the following attorneys of record as follows:

**<u>BY eFILE:</u>**

Sean J. Bellew, Esquire
David A. Felice, Esquire
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, Delaware  19801

_____
S. Mark Hurd (#3297)