# EXHIBIT OO

## George Buchler

**From:** Arenson Avie [avie@arenson.co.il]
**Sent:** Thursday, April 01, 2004 6:55 AM
**To:** George Buchler
**Subject:** re:ALH

Dear George:

I can only tell you that I was disappointed in your position at our recent Board meeting.

*AA- I AM SORRY THAT YOU FEEL THAT WAY. MY POSITION AND THAT OF THE OTHER B INVESTORS HAS BEEN CLEAR AND CONSISTENT.*

The last time we spoke, which was a number of months ago, you agreed that selling Bowden made sense, since we had already sold ABI.

*AA- I WAS NOT IN FAVOR OF SELLING ABI. YOU DID SO OVER OUR OBJECTIONS. SINCE SHAMROCK WANTED TO LIQUIDATE ALH AND SINCE IT WAS UNABLE TO DO SO, AS A GOING CONCERN, IT EMBARKED ON A PIECEMEAL APPROACH. IN THE CONVERSATION YOU REFER TO, WHAT I SAID WAS THAT IN LIGHT OF YOUR HAVING SOLD ABI, AND THE FACT THAT MANAGEMENT AT BOWDEN HAD US OVER A BARREL, THAT WE HAD NO CHOICE. IF SHAMROCK WAS NOT DRIVEN TO LIQUIDATE, NONE OF THIS WOULD HAVE HAPPENED. THE "B"S FEEL VERY STRONGLY THAT SHAMROCK USED ITS CONTROLLING POSITION TO FURTHER SHAMROCK'S ENDS, WITHOUT REGARD TO THE IMPACT ON THE OTHER ALH SHAREHOLDERS.*

Your reversal of position caught me as well as Gene and Bruce by surprise.

*AA- IT WAS NOT A REVERSAL AT ALL. I SIMPLY COULD NOT RATIFY THE CONDITIONS THAT SHAMROCK HAS CREATED.*

Frankly, we're not too concerned with Shalom's vote, as he doesn't represent anyone but himself. In your case, with our long history of cooperation and constructive action to further ALH, I can only reiterate my disappointment.

We have repeatedly asked you, on behalf of the "B" investors for plans and ideas to deal with a long list of serious

11/10/2004

ALH issues.


*AA- THAT IS NOT SO. PLEASE REMEMBER THE MEETING THAT WE HAD IN CHARLOTTE WITH ISAAC AND THE FOLLOW UP CONVERSATIONS. WE NEEDED CAPITAL NOT LOAN REPAYMENTS AND DISPOSAL OF THE MOST PROFITABLE PARTS OF OUR BUSINESS.*


To date, no one (including Shalom who was the sponsor of this transaction) has spent any time dealing with these issues - bank lines, Swiss Re, disgruntled management (Sweeney) etc. In the case of Memphis, you didn't address any of the facts of this entity - flat or shrinking market, terrible buyer demographics, management that had given notice of their leaving, no national homebuilder presence, total lack of interest from potential buyers, etc.


*AA- OUR SOLUTION WAS TO IDENTIFY AND INSTALL QUALIFIED MANAGEMENT, NOT TO TRY AND LIQUIDATE.*

*WHAT IS MHI WORTH TODAY, AFTER BOWDEN?*

*THE "B"S ARE REVIEWING THEIR OPTIONS. IT MIGHT MAKE SENSE FOR THE "B"S AND THEIR COUNSEL TO CONFER WITH SHAMROCK AND ITS COUNSEL.*


All we heard is that you don't want to sell. That simply doesn't represent the type of constructive conduct we were hoping to see.


As always your participation and interest in ALH is very much appreciated. Please call me if I can provide anything further.

THANKS.


HAPPY PESSACH


aVIE

**********************************


11/10/2004

# EXHIBIT PP

**Pamela Jarvis**

---

**From:**   Pamela Jarvis

**Sent:**   Thursday, August 05, 2004 12:16 PM

**To:**   'Isaac M. Neuberger'

**Cc:**   Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com

Subject: RE: ALH

Dear Isaac:

In response to your inquiries regarding a meeting, you are correct in assuming that New York should be the location. Unfortunately, Monday and Tuesday of next week are not possible. With regard to meeting in Europe, we know of no reason why Mr. Arenson would only be able to meet there, and in any event Shamrock will not undertake to meet there.

In order to expedite communication without the burden of travel for anyone, we propose an initial conference call during the week of August 23. This would give us all an opportunity to gauge whether a face-to-face meeting in New York would be worthwhile. If you would like to have a conference call sooner than that, Shamrock is available tomorrow from 10:00-11:30 am and 1:30-4:30 pm Los Angeles time.

Regarding participants in conference calls or meetings, George Buchler and perhaps other Class A Representatives would attend. We assume that Mr. Arenson, as the sole Class B Representative, would also attend. Would other Class B Members attend?

It would be most helpful if you would provide us with a proposed agenda, so that we can be as fully prepared as possible.

If you would like to have a conference call tomorrow, please get back to me right away so that I can make the necessary arrangements.

Sincerely,

Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Wednesday, August 04, 2004 5:02 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE: ALH

**PLEASE SEE MY RESPONSES IN CONTEXT**

---

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Tuesday, August 03, 2004 12:35 PM

**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood
**Subject:** RE: ALH

You seem to be intent on mischaracterizing the situation as one in which Shamrock is unwilling to meet with the Class B investors. As my letters have plainly stated, Shamrock is indeed willing to meet. This is why I asked you (*see* August 2, 2004 letter at 4) to let me know when Mr. Arenson will be in the United States. If, as you assert, your clients want to meet with Shamrock, I trust that you will provide this information at your earliest convenience.

*IMN- BY COPY OF THIS E-MAIL, I AM INQUIRING IF MR. ARENSON CAN MEET IN THE USA. I ASSUME THAT WE WILL MEET IN NYC. IS AThAT CORRECT? WHO, FROM SHAMROCK,WILL ATTEND. IF MR. ARENSON IS ABLE, IS NEXT MONDAY OR TUESDAY POSSIBLE? IF MR. ARENSON CAN ONLY MEET IN EUROPE, IS SHAMROCK WILLING TO DO SO AND IF YES, WHEN?*

I do not comprehend your statement that "MHI is a Shamrock creation." It is my understanding that (1) Shalom Lamm introduced MHI to ALH, (2) ALH acquired MHI in January 2000, at a time when the Class A investors had only two of ALH's five board seats, and (3) ALH's acquisition of MHI was unanimously approved by the board, including by Mr. Arenson.

*IMN- THE DILEMMA OF MHI, AS A STAND ALONE IS THE RESULT OF SHAMROCK'S HAVING SOLD BOTH MEMPHIS AND JACKSONVILLE,IN A PIECE MEAL FASHION, OF HAVING DESTROYED THE MANAGEMENT STRUCTURE BY LETTING IT BE KNOWN THAT ALH WAS BEING LIQUIDATED,PIECE BY PIECE AND THEREBY ALLOWING ALH TO BE DISMEMBERED AS IT WAS.THE ORIGINAL ACQUISITION OF MHI IS IRRELEVANT AND THE INTRODUCTION OF SHALOM LAMM IS BUT ANOTHER RED HERRING.*

Your assertion that only a "little information [has been] occasionally dribbled out by Shamrock" is demonstrably untrue. Shamrock and others have routinely kept Mr. Arenson, as Class B representative, up-to-date on material developments concerning ALH. Mr. Arenson has received weekly reports, periodic financial statements and other materials. He has had unrestricted access to the company's management. In addition to board meetings, there have been numerous teleconferences and email exchanges between Shamrock and Mr. Arenson, and Shamrock has consistently made itself available to Mr. Arenson. (*See, e.g.*, June 1, 2004 email to Mr. Arenson, arranging teleconference with George Buchler and Eugene Krieger to update Mr. Arenson concerning, *inter alia*, MHI and "[a]nything else that you would like to know about.") Moreover, your clients have always had full access to information from Shalom Lamm, under Section 9.2 of the Operating Agreement. I am unaware of any instance in which your clients requested information but did not receive it. Whatever they wanted to know has been theirs for the asking -- if they did not ask, that is their responsibility, not Shamrock's.

*IMN- AS I TOLD YOU WHEN WE SPOKE, WHILE SHAMROCK ALLOWED ITS COUNSEL TO ATTEND BOARD MEETINGS AT WILL MESSRS KRIEGER ET. AL REFUSED TO ALLOW MR. ARENSON TO BRING ME TO A BOARD MEETING CHARLOTTE. IN ADDITION, AS TO THE ISSUES AT HAND, THE WRONGFUL AND IMPROPER LIQUIDATION OF ALH TO SATISFY A SHAMROCK OBJECTIVE, WAS DONE OVER THE OBJECTION AND PROTEST OF MR. ARENSON AND THE Bs.*

 In particular, with regard to MHI, the current information concerning the Levitt offer is set forth in Mr. Buchler's July 1, 2004 email to Mr. Arenson and the letter of intent that was faxed to Mr. Arenson at that time. MHI's "dire straits" are described in the July 1 email, and have been discussed at length with Mr. Arenson, as reflected in, *inter alia*, paragraph 3 of the email. Your attempt to suggest that your clients do not grasp the "critical" nature of the MHI situation is disingenuous. I am confident that Mr. Arenson, as one of Israel's largest general contractors, fully understands the ramifications of MHI present dependence on short-term extensions of its construction lines of credit, in the absence of which MHI "would have had to shut down operations" (July 1 email paragraph 2). Indeed, Mr. Arenson must be especially sensitive to the inability of MHI's management to function without appropriate capital resources.

*IMN- MHI'S LACK OF CREDIBLE MANAGEMENT IS THE CORE ISSUE. SHAMROCK ALLOWED THAT CONDITION TO OCCUR, AS IT WAS PART OF THEIR CAMPAIGN TO "CLOSE" ALH AND RID*

*THEMSELVES OF THEIR FIDUCIARY OBLIGATIONS, AT ANY COST. THEY HAD WRITTEN OFF THE EQUITY LONG AGO AND ONLY SOUGHT TO BE REPAID THEIR LOANS.*

The question Shamrock has repeatedly put to the Class B investors with respect to MHI is whether they are interested in making an alternative proposal. The answer to this can only come from the Class B investors -- it cannot come from Shamrock.   As discussed above, if the Class B investors wanted any additional information concerning MHI in order to answer this question, they could seek it from Shamrock or other sources, but they have not done so.

*IMN- AS PART OF AN OVERALL RESOLUTION OF THIS "MESS" I AM SURE THAT MHI'S CURRENT POSITION CAN BE ADDRESSED, AS WELL. THE SOONER WE MEET, THE BETTER.WE ARE UNABLE TO REALLY CONSIDER ANY OTHER ALTERNATIVE OR APPROVE THE SHAMROCK SPONSORED DEAL WITH LEVITT UNTIL WE HAVE RESOLVED THE CURRENT SITUATION WITH SHAMROCK.*

I have already addressed your unfounded accusations regarding breach of fiduciary duty, so I will not repeat that discussion here.

I look forward to hearing from you concerning Mr. Arenson's availability to meet.


**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

EXHIBIT QQ

## Pamela Jarvis

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Thursday, August 05, 2004 7:26 PM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com |

**Subject:** RE: ALH

Dear Isaac:

Thank you for your prompt response. Shamrock is not available for a conference call on Monday August 9, but can do a call tomorrow (Friday August 6) at 10 am LA time/1 pm NY time/8 pm Israel time. After the conference call, we can all consider whether a meeting in NY on August 26 makes sense (I'm afraid the 19th is not feasible).

The first part of your proposed agenda for tomorrow's conference call, which concerns ALH's current business and financial status and Shamrock's assessment of the possible scenarios, is acceptable. These are matters that would be normally be discussed at a board meeting without the presence of legal counsel for any constituency, but on this occasion Shamrock is willing accommodate your request. However, with all due respect, I think the second part of your proposed agenda -- a "review" of "why the Bs have issues with Shamrock" -- is both unnecessary and counterproductive. Our exchange of correspondence over the past couple of weeks has already reviewed the issues comprehensively. It is obvious that our clients see and interpret past events quite differently. We have heard your views and you have heard ours. A rehash of these differences is far more likely to engender further discord than it is to lead to the "amicable resolution" referred to in your first email to me. Accordingly, I propose instead that the second part of the agenda be focused on the future rather than the past, i.e., whether there is a viable alternative to the Levitt proposal for MHI, and if so, how it can be achieved. If you and I cannot agree on the second part of the agenda, Shamrock would still be willing to proceed tomorrow with a conference call regarding just the first part.

If you and your clients will _not_ be calling in from more than four different phone numbers, we can use my firm's conference line. Just call 212-407-1233 at the appointed time; no password will be needed. If you and your clients will be calling in from more than four different numbers, please let me know immediately, as I will have to arrange an outside conference line and get back to you with instructions.

Sincerely,

Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Thursday, August 05, 2004 4:08 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE: ALH

**_PLEASE SEE RESPONSES IN CONTEXT_**

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Thursday, August 05, 2004 12:16 PM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE: ALH

Dear Isaac:

In response to your inquiries regarding a meeting, you are correct in assuming that New York should be the location. Unfortunately, Monday and Tuesday of next week are not possible. With regard to meeting in Europe, we know of no reason why Mr. Arenson would only be able to meet there, and in any event Shamrock will not undertake to meet there.

*IMN- I HAVE SPOKEN TO MR. ARENSON- HE IS WILLING TO COME HERE IN THE THIRD WEEK OF AUGUST, POSSIBLY ON THE 19th or 26th. If in Europe,it could possibly be earlier.*

In order to expedite communication without the burden of travel for anyone, we propose an initial conference call during the week of August 23. This would give us all an opportunity to gauge whether a face-to-face meeting in New York would be worthwhile. If you would like to have a conference call sooner than that, Shamrock is available tomorrow from 10:00-11:30 am and 1:30-4:30 pm Los Angeles time.

*IMN- WHAT TIME ON MONDAY COMING, AUGUST 9, WOULD SHAMROCK BE AVAILABLE FOR A CONFERENCE CALL?*

Regarding participants in conference calls or meetings, George Buchler and perhaps other Class A Representatives would attend. We assume that Mr. Arenson, as the sole Class B Representative, would also attend. Would other Class B Members attend?

*IMN- WE WOULD ATTEND TO INVITE ALL OF THE Bs TO PARTICIPATE. I EXPECT THAT IN ADDITION TO MR. ARENSON, THAT MR. M. JESSELSON WOULD PARTICIPATE.*

It would be most helpful if you would provide us with a proposed agenda, so that we can be as fully prepared as possible.

*IMN- THE AGENDA IS FOR US TO DISCUSS WHERE WE ARE TODAY VIS A VIS WACHOVIA,OHIO AND SWISS RE; THE CAPITAL POSITION AND WHAT SHAMROCK'S INTENTIONS ARE. THEN WE CAN REVIEW WHY THE Bs HAVE ISSUES WITH SHAMROCK AND ITS MANAGERS.*

If you would like to have a conference call tomorrow, please get back to me right away so that I can make the necessary arrangements.

*IMN- PLEASE UNDERSTAND THAT THERE ARE SIGNIFICANT TIME DIFFERENCES INVOLVED. 10 AM Los Angeles time is 10 hours different than Israel or 8 PM in the evening. That is the absolute latest time that we can start.*

Sincerely,

Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Wednesday, August 04, 2004 5:02 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net;
konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE: ALH

### *PLEASE SEE MY RESPONSES IN CONTEXT*

---

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Tuesday, August 03, 2004 12:35 PM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood
**Subject:** RE: ALH

You seem to be intent on mischaracterizing the situation as one in which Shamrock is unwilling to meet with the Class B investors. As my letters have plainly stated, Shamrock is indeed willing to meet. This is why I asked you (*see* August 2, 2004 letter at 4) to let me know when Mr. Arenson will be in the United States. If, as you assert, your clients want to meet with Shamrock, I trust that you will provide this information at your earliest convenience.

*IMN- BY COPY OF THIS E-MAIL, I AM INQUIRING IF MR. ARENSON CAN MEET IN THE USA. I ASSUME THAT WE WILL MEET IN NYC. IS ATHAT CORRECT? WHO, FROM SHAMROCK,WILL ATTEND. IF MR. ARENSON IS ABLE, IS NEXT MONDAY OR TUESDAY POSSIBLE?  IF MR. ARENSON CAN ONLY MEET IN EUROPE, IS SHAMROCK WILLING TO DO SO AND IF YES, WHEN?*

I do not comprehend your statement that "MHI is a Shamrock creation."  It is my understanding that (1) Shalom Lamm introduced MHI to ALH, (2) ALH acquired MHI in January 2000, at a time when the Class A investors had only two of ALH's five board seats, and (3) ALH's acquisition of MHI was unanimously approved by the board, including by Mr. Arenson.

*IMN- THE DILEMMA OF MHI, AS A STAND ALONE IS THE RESULT OF SHAMROCK'S HAVING SOLD BOTH MEMPHIS AND JACKSONVILLE,IN A PIECE MEAL FASHION, OF HAVING DESTROYED THE MANAGEMENT STRUCTURE BY LETTING IT BE KNOWN THAT ALH WAS BEING LIQUIDATED,PIECE BY PIECE AND THEREBY ALLOWING ALH TO BE DISMEMBERED AS IT WAS.THE ORIGINAL ACQUISITION OF MHI IS IRRELEVANT AND THE INTRODUCTION OF SHALOM LAMM IS BUT ANOTHER RED HERRING.*

Your assertion that only a "little information [has been] occasionally dribbled out by Shamrock" is demonstrably untrue.  Shamrock and others have routinely kept Mr. Arenson, as Class B representative, up-to-date on material developments concerning ALH.  Mr. Arenson has received weekly reports, periodic financial statements and other materials.  He has had unrestricted access to the company's management.  In addition to board meetings, there have been numerous teleconferences and email exchanges between Shamrock and Mr. Arenson, and Shamrock has consistently made itself available to Mr. Arenson.  (*See, e.g.*, June 1, 2004 email to Mr. Arenson, arranging teleconference with George Buchler and Eugene Krieger to update Mr. Arenson concerning, *inter alia*, what Mr. Arenson "would most likely like to know about.")  Moreover, your clients have always had full access to information from Shalom Lamm, under Section 9.2 of the Operating Agreement.  I am unaware of any instance in which your clients requested information but did not receive it.  Whatever they wanted to know has been theirs for the asking -- if they did not ask, that is their responsibility, not Shamrock's.

*IMN- AS I TOLD YOU WHEN WE SPOKE, WHILE SHAMROCK ALLOWED ITS COUNSEL TO ATTEND BOARD MEETINGS AT WILL MESSRS KRIEGER ET. AL REFUSED TO ALLOW MR. ARENSON TO BRING ME TO A BOARD MEETING CHARLOTTE. IN ADDITION, AS TO THE ISSUES AT HAND, THE WRONGFUL AND IMPROPER LIQUIDATION OF ALH TO SATISFY A SHAMROCK OBJECTIVE, WAS DONE OVER THE OBJECTION AND PROTEST OF MR. ARENSON AND THE Bs.*

 In particular, with regard to MHI, the current information concerning the Levitt offer is set forth in Mr. Buchler's July 1, 2004 email to Mr. Arenson and the letter of intent that was faxed to Mr. Arenson at that time.  MHI's "dire straits" are described in the July 1 email, and have been discussed at length with Mr. Arenson, as reflected in, *inter alia*, paragraph 3 of the email.  Your attempt to suggest that your clients do not grasp the "critical" nature of the MHI situation is disingenuous.  I am confident that Mr. Arenson, as one of Israel's largest general contractors, fully understands the ramifications of MHI present dependence on short-term extensions of its construction lines of credit, in the absence of which MHI "would have had to shut down operations" (July 1 email paragraph 2).  Indeed, Mr. Arenson must be especially sensitive to the inability of MHI's management to function without appropriate capital resources.

*IMN- MHI'S LACK OF CREDIBLE MANAGEMENT IS THE CORE ISSUE. SHAMROCK ALLOWED THAT CONDITION TO OCCUR, AS IT WAS PART OF THEIR CAMPAIGN TO "CLOSE" ALH AND RID THEMSELVES OF THEIR FIDUCIARY OBLIGATIONS, AT ANY COST. THEY HAD WRITTEN OFF THE EQUITY LONG AGO AND ONLY SOUGHT TO BE REPAID THEIR LOANS.*

The question Shamrock has repeatedly put to the Class B investors with respect to MHI is whether they are interested in making an alternative proposal.  The answer to this can only come from the Class B investors -- it cannot come from Shamrock.  As discussed above, if the Class B investors wanted any additional information concerning MHI in order to answer this question, they could seek it from Shamrock or other sources, but they have not done so.

*IMN- AS PART OF AN OVERALL RESOLUTION OF THIS "MESS" I AM SURE THAT MHI'S CURRENT POSITION CAN BE ADDRESSED, AS WELL. THE SOONER WE MEET, THE BETTER.WE ARE UNABLE TO REALLY CONSIDER ANY OTHER ALTERNATIVE OR APPROVE THE SHAMROCK SPONSORED DEAL WITH LEVITT UNTIL WE HAVE RESOLVED THE CURRENT SITUATION WITH SHAMROCK.*

I have already addressed your unfounded accusations regarding breach of fiduciary duty, so I will not repeat that discussion here.

I look forward to hearing from you concerning Mr. Arenson's availability to meet.


**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************


**********************************

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

# EXHIBIT RR

## Pamela Jarvis

| From: | Pamela Jarvis |
|---|---|
| Sent: | Friday, August 06, 2004 3:29 PM |
| To: | 'Isaac M. Neuberger' |
| Cc: | Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com |

Subject: RE: ALH

Dear Isaac:

I have now reviewed with Shamrock both of your latest emails.

In my very first letter to you, I explained to you that vacation plans and other previously scheduled commitments in August would have to be taken into account. The Shamrock people and I have obligations to our families during the weeks of August 9 and 16 that we intend to honor. As you may recall, I originally proposed a meeting in September. You complained that this was not soon enough, so we proposed a conference call during the week of August 23. Because the weeks of August 9 and 16 were not feasible, we also offered to do a conference call today, and you -- by all appearances -- agreed. (Contrary to your assertion, although you did ask about Monday, you said nothing to suggest that "Friday would not work." In response to my specific request yesterday that you get back to me right away "[i]f you would like to have a conference call tomorrow," you stated that 10 am LA time -- the earliest of the times I had proposed for today -- was "the absolute latest time that we can start." It would make absolutely no sense for you to have said that if today had been entirely out of the question.)  Only now have you belatedly attempted to depict this as some kind of anti-Semitism. If this were not so absurd, it would be offensive. The Shamrock people and I are well aware of the Sabbath laws and the fact not all Jews, in Israel or elsewhere, observe them. (As it happens, my relatives in Israel are not observant, but I have friends there who are -- I assure you that I that know when they will and will not talk on the phone.)  In particular, I am told that Mr. Arenson has on any number of occasions participated in telephone calls and traveled on Friday nights and Saturdays. You indicated that Mr. Jesselson might also participate; my understanding is that he resides in New York, so I am unable to see why a call at 1 pm New York time would be a problem. Baltimore is in the same time zone as New York, and in any event you gave no indication that the 1 pm time was a problem for you (or for Mr. Jesselson).

You claim to be trying to find "a peaceful solution," but Shamrock and I see no evidence of this. To the contrary, you seem to be intent on picking a fight. However, if you are prepared to restrain your belligerence, Shamrock and I are prepared to participate in a conference call with you and your clients. Shamrock and I can make ourselves available on August 24, 25 and 27. I suggest that you find out from your clients what their availability is on those dates, and then let me know. I am confident that we can come up with a mutually convenient time for all concerned. I appreciate your agreement that any conference call will be off the record, etc. I also note that (putting aside your remarks about the attendance of Fried Frank, as ALH's counsel, at board meetings) you do not seem to disagree with my proposal concerning the content of the agenda for the call -- that, too, should facilitate constructive communication.

The earlier of your two emails today states that you think I know that "Lamm is represented by Covington and that Zich is represented by other counsel, both of whom are cooperating with"

you and your clients. I have no knowledge of their representation by counsel or the nature of your cooperation with each other. However, if it concerns your clients' threats against Shamrock, I would certainly like to know more about it before our conference call. I look forward to hearing from you.

Sincerely,

Pamela Jarvis

> -----Original Message-----
> **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
> **Sent:** Friday, August 06, 2004 12:42 PM
> **To:** Pamela Jarvis
> **Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
> **Subject:** RE: ALH
>
> ### PLEASE NOTE MY RESPONSES IN CONTEXT
>
> ---------------------------------------------------------------------
>
> **From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
> **Sent:** Friday, August 06, 2004 9:58 AM
> **To:** Isaac M. Neuberger
> **Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
> **Subject:** RE: ALH
>
> Given the time difference, I have not yet had the opportunity to share your latest communication with my client.
>
> *IMN- UNDERSTOOD. I WOULD HOPE THAT SHAMROCK UNDERSTANDS THAT WE TOO HAVE A SIMILAR PROBLEM*
>
> However, if you look back at yesterday's emails, you will see that, at noon yesterday, I advised you that Monday was not possible for a conference call and suggested several time slots today or sometime in the week of August 23.
>
> *IMN- IF WE ARE TALKING ABOUT A CONFERENCE CALL ONLY, CONSIDERING THE 10 HOUR DIFFERENCE IN THE TIME SLOTS, IS IT REASONABLE TO SUGGEST A FRIDAY AFTERNOON (WHICH IS THE SABBATH IN ISRAEL) AND THEN SAY THAT THE NEXT WINDOW IS MORE THAN TWO WEEKS LATER?*
>
> In response to my proposal for a call today, your email back to me at about 4 pm said that "10 AM Los Angeles time [which is] 8 PM in the evening [in Israel] is the absolute latest time that we can start." Accordingly, my later email yesterday was simply confirming a start time today that you had okayed.
>
> *IMN- MY E-MAIL WAS CLEAR THAT FRIDAY WOULD NOT WORK. I WAS SUGGESTING MONDAY*
>
> My noon email also advised you that Shamrock's participant in the call would be George Buchler and perhaps others. Your 4 pm email made no comment on this, so your

sudden claim of outrage regarding whether Mr. Krieger would participate is surprising, to say the least.

*IMN- IT WAS NOT OUTRAGE. I AM BEING VERY PRACTICAL. UNLIKE MR. BUCHLER AND POSSIBLY MR. KRIEGER, MY CLIENTS HAVE THEIR OWN MONEY I INVESTED. IT WAS MR. KRIEGER WHO TOLD ME THAT HE IS THE DECISION MAKER AND HENCE MY EXPECTATION THAT HE PARTICIPATE. I MEANT NO DISRESPECT TO MR. BUCHLER,BUT AS I UNDERSTAND IT, HE NEEDS TO GO BACK, AFTER A CALL AND GET DIRECTION. IF HE IS IN FACT EMPOWERED TO COMMIT SHAMROCK, THEN FINE, THOUGH IT WAS MR. KRIEGER WHO MADE MANY OF THE DECISIONS ABOUT WHICH WE COMPLAIN.*

Obviously, the conference call was to include you as the Bs' legal representative -- that is why I have been trying to schedule it through you. Your remark regarding the Bs not being represented makes no sense.

*IMN- I WAS RESPONDING TO YOUR COMMENT ON THE AGENDA. IN THE PAST, AS I HAVE WRITTEN, SHAMROCK REFUSED TO ALLOW COUNSEL FOR THE Bs TO PARTICIPATE IN DISCUSSIONS DEALING WITH THE BUSINESS OF ALH, ONLY THEIR COUNSEL WAS ALLOWED TO PARTICIPATE.*

**Your communications have repeatedly used insulting and overheated language that is not conducive to any sort of constructive dialogue. That you and I will disagree with each other on certain matters is inevitable, but it is no excuse for your rudeness toward my client and me.**

*IMN- I INTEND NO RUDENESS. MY CLIENTS INVESTED MILLIONS OF DOLLARS IN GOOD FAITH. THEY FOUND THEMSELVES IN A SITUATION, THAT THEY DID NOT CREATE OR CONSENT TO, WHERE SHAMROCK TOOK CONTROL OF ALH. AS A RESULT OF SHAMROCK'S DETERMINATION TO "DIVEST" ITSELF OF THE ASSUMED BURDENS OF RUNNING ALH, THEY HAVE DISSIPATED ALH, SOLD OFF TWO DIVISIONS, AGAINST OUR JUDGMENT AND WITHOUT OUR CONSENT AND HAVE ALLOWED THE SITUATION AT MHI TO OCCUR, WHERE SHAMROCK, AS PART OF THEIR STRATEGY TO GET OUT HAS SACRIFICED THE INTERESTS OF THE Bs AND ARE TRYING TO PRESENT THE SITUATION AS FAIT ACCOMPLI. SHAMROCK HAD A FIDUCIARY OBLIGATION TO THE Bs, THEY DECIDED FOR REASONS WHOLLY WITHIN THE INTERESTS OF SHAMROCK TO LIQUIDATE ALH PIECEMEAL AND NOW THEY ARE BEING HELD ACCOUNTABLE FOR THE CONSEQUENCES. IF THE MHI SITUATION IS SO URGENT, THEN SHAMROCK SHOULD BE SHOWING US MORE CONCERN THAN THEN HAVE BEEN SHOWING. AN OUNCE OF PREVENTION IS WORTH A POUND OF CURE. EVERY EFFORT THAT WE MAKE TO FIND THAT PREVENTION IS MET WITH DELAY AND STONEWALLING, DEFENSIVE LETTERS , ALL OF WHICH MERELY INFLAME AND EXACERBATE THE SITUATION.*

*SHAMROCK HAS PUBLIC ALLY ANNOUNCED THAT IT IS THE THE CHAMPION OF CORPORATE GOVERNANCE AND ETHICS, I HOPE THAT THEY SHOW US*

I assume that you and your clients will not be participating in the call that was scheduled for today.

*IMN- IF THIS SOUND OFFENSIVE, SO BE IT. SHAMROCK HAS MANY INVESTMENTS IN ISRAEL AND ITS PRINCIPALS KNOW FULL WELL THE CUSTOMS AND OBLIGATIONS OF OBSERVANT JEWS. THE TIME YOU HAVE CHOSEN WOULD VIOLATE THEIR SABBATH. IS THAT STILL A POINT YOU WANT TO PURSUE? IF SHAMROCK IS OTHERWISE UNWILLING TO HAVE A CONFERENCE CALL BEFORE THE 23RD OR INSISTS THAT IT BE ON THE SABBATH IN ISRAEL, THEN I THINK THAT THE Bs WILL UNDERSTAND THAT THEIR COURSE OF CONDUCT HAS BEEN DETERMINED BY SHAMROCK.*

If my client has anything to add to this response from me, I will get  back to you later

today.

**********************************

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.

**********************************

# EXHIBIT SS

## Pamela Jarvis

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Friday, August 06, 2004 7:56 PM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com |

**Subject:** RE: ALH

Dear Isaac:

I am not going to respond to your continued distortions and irrelevancies regarding the scheduling of a conference call for today, since they are now also moot.

Having the conference call on August 25, at noon New York City time, is fine with us. As I have said before, Mr. Buchler (and possibly others from Shamrock, to be determined) will be on the call. We expect that Mr. Arenson (and possibly other Class B Members) will also be on the call. I suggest that we not set a specific time limit for the call, but rather let it continue for as long as it is productive.

As far as the agenda is concerned, I believe that Mr. Arenson is already up-to-date with respect to both MHI and ALH as a whole, but Shamrock does not mind doing a recap of current status if you would like one. After that, Shamrock would expect to hear whatever alternative proposals your clients may want to make. Thus far, you have given no indication that they have any such proposal. But obviously, if they do, they are free to -- and should -- communicate it in writing right away. There is no need for your clients to wait for the conference call, and thus there is nothing in the scheduling of the call that should "affect or impact the MHI situation." With regard to the airing of your historical gripes, we can see no urgency and do not intend to spend time on that subject during the call.

In addition, although Mr. Buchler is on vacation with his family next week, he is willing to make time for a one-on-one conversation with Mr. Arenson (without lawyers or others). If this is of interest to Mr. Arenson, please give me some dates and times from August 9 - 13 when he would be available to receive a call from Mr. Buchler, and I will coordinate.

Finally, you seem to be laboring under the misapprehension that Shamrock has not been adequately focused on the "crisis" at MHI. The reality is that Shamrock has long been, and remains, extremely attentive to and actively involved in the situation -- something that, with all due respect, cannot be said of your clients. You are equally off base in asserting that Shamrock, for reasons of its own, "caused ALH to sue Lamm and Zich." Lamm and Zich owe ALH millions of dollars, pursuant to confessions of judgment they signed three years ago. Mr. Arenson, as Class B representative, in the exercise of his fiduciary responsibilities, was aware of and consented to the taking of legal action to collect these unpaid sums for the benefit of ALH and all of its investors. With regard to the inquiry from Swiss Re, you should know that Lamm and Zich simply passed it on to Shamrock and asked Shamrock to take care of it. They seem to have no current or recent relationship with Swiss Re, and we are mystified as to the basis for your contention that they "may prove important" to finding a solution with Swiss Re.

I trust that we have now laid the groundwork for constructive communications going forward.

Sincerely,

Pamela Jarvis

> -----Original Message-----
> **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
> **Sent:** Friday, August 06, 2004 5:23 PM
> **To:** Pamela Jarvis
> **Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
> **Subject:** RE: ALH
>
> ### *IMN- PLEASE NOTE RESPONSES IN CONTEXT*
>
> ---
>
> **From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
> **Sent:** Friday, August 06, 2004 3:29 PM
> **To:** Isaac M. Neuberger
> **Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
> **Subject:** RE: ALH
>
> Dear Isaac:
>
> I have now reviewed with Shamrock both of your latest emails.
>
> In my very first letter to you, I explained to you that vacation plans and other previously scheduled commitments in August would have to be taken into account. The Shamrock people and I have obligations to our families during the weeks of August 9 and 16 that we intend to honor.
>
> *IMN- EVERYONE INVOLVED HAS FAMILY COMMITMENTS.CONSIDERING THE URGENCY OF THE MHI SITUATION (AS REFLECTED IN YOUR PRIOR E-MAILS) SCHEDULING A PHONE CALL ON A DAY OTHER THAN THE SABBATH IN ISRAEL, SEEMS LIKE A SMALL BURDEN,IN BALANCE.*
>
> As you may recall, I originally proposed a meeting in September. You complained that this was not soon enough, so we proposed a conference call during the week of August 23. Because the weeks of August 9 and 16 were not feasible, we also offered to do a conference call today, and you -- by all appearances -- agreed. (Contrary to your assertion, although you did ask about Monday, you said nothing to suggest that "Friday would not work." In response to my specific request yesterday that you get back to me right away "[i]f you would like to have a conference call tomorrow," you stated that 10 am LA time -- the earliest of the times I had proposed for today -- was "the absolute latest time that we can start." It would make absolutely no sense for you to have said that if today had been entirely out of the question.) Only now have you belatedly attempted to depict this as some kind of anti-Semitism. If this were not so absurd, it would be offensive.
>
> *IMN- YOUR E-MAIL OF LAST NIGHT, SENT AFTER BUSINESS HOURS, SUGGESTING A CALL TODAY...WHICH DUE TO THE 10 HOUR TIME DIFFERENCE, FELL ON THE SABBATH IN ISRAEL, BEGS THE QUESTION. INSENSITIVITY NEED NOT BE ANTI-SEMETIC. ACTUALLY, I THINK THAT EVERYONE INVOLVED IS JEWISH..*
>
> The Shamrock people and I are well aware of the Sabbath laws and the fact not all Jews, in Israel or elsewhere, observe them. (As it happens, my relatives in Israel are not

observant, but I have friends there who are -- I assure you that I that know when they will and will not talk on the phone.) In particular, I am told that Mr. Arenson has on any number of occasions participated in telephone calls and traveled on Friday nights and Saturdays. You indicated that Mr. Jesselson might also participate; my understanding is that he resides in New York, so I am unable to see why a call at 1 pm New York time would be a problem. Baltimore is in the same time zone as New York, and in any event you gave no indication that the 1 pm time was a problem for you (or for Mr. Jesselson).

*IMN- BY THE TIME THAT I RECEIVED YOUR E-MAIL, I WAS UNABLE TO RECAH MR. ARENSON. BENJ. JESSELSON IS OBSERVANT AND IS IN ISRAEL AS ARE THE OTHER PARTICIPANTS,INCLUDING THOSE IN EUROPE.*

You claim to be trying to find "a peaceful solution," but Shamrock and I see no evidence of this. To the contrary, you seem to be intent on picking a fight. However, if you are prepared to restrain your belligerence, Shamrock and I are prepared to participate in a conference call with you and your clients.

*IMN- I AM SORRY THAT YOU FIND THIS SITUATION TO BE BELLEGERANT. NEITHER I NOR THE Bs CREATED THIS PROBLEM.*

  Shamrock and I can make ourselves available on August 24, 25 and 27. I suggest that you find out from your clients what their availability is on those dates, and then let me know. I am confident that we can come up with a mutually convenient time for all concerned.

*IMN- I AM IN PARIS ON THE 24TH AND FRIDAY THE 27TH PRESENTS THE SAME ISSUE AS TODAY. ASSUMING THAT OUR CLIENTS ARE AVAILABLE AND DECIDE TO HAVE A CONFERENCE CALL,ON AUGUST 25,  WILL NOON (EAST COAST TIME-US) WORK FOR SHAMROCK?*

*WHO FROM SHAMROCK WILL BE AVAILABLE?*

*HOW MUCH TIME WILL BE ALLOTED?*

*IF THE 24TH IS THE ONLY DAY, I WILL ARRANGE TO BE ON IT, EVEN FROM PARIS.*


  I appreciate your agreement that any conference call will be off the record, etc. I also note that (putting aside your remarks about the attendance of Fried Frank, as ALH's counsel, at board meetings) you do not seem to disagree with my proposal concerning the content of the agenda for the call -- that, too, should facilitate constructive communication.

*IMN- THE FIRST PART OF THE AGENDA IS FINE, BUT WE ARE LOSING VALUABLE TIME THAT THE INTERESTS OF ALH REQUIRE. PUTTING OFF THIS CRITICAL CONFERENCE CALL FOR NEARLY 3 WEEKS IS BUT ANOTHER CONCERN THAT WE HAVE ABOUT SHAMROCK'S STEWARDSHIP. WE HAVE DONE OUR BEST TO MITIGATE THE DAMAGE AND INJURY AND SHORT OF SEEKING JUDICIAL INTERVENTION, WE HAVE NO WAY TO FORCE SHAMROCK TO FOCUS ON THIS CRISIS ANY SOONER THAN THEY ARE WILLING TO.*

*IMN-OF MATERIAL CONCERN TO THE Bs, IS RECEIVING AN ASSURANCE FROM SHAMROCK, THAT BY DEFERRING THIS CALL OR MEETING TO ACCOMODATE THE VACATIONS ON THE SHAMROCK SIDE, THAT IT WILL NOT OTHERWISE AFFECT OR IMPACT THE MHI SITUATION.*

***PLEASE LET ME HEAR FROM YOU ON THIS.***

The earlier of your two emails today states that you think I know that "Lamm is represented by Covington and that Zich is represented by other counsel, both of whom are cooperating with" you and your clients.  I have no knowledge of their representation by counsel or the nature of your cooperation with each other. However, if it concerns your clients' threats against Shamrock, I would certainly like to know more about it before our conference call. I look forward to hearing from you.

***IMN- SHAMROCK HAS CAUSED ALH TO SUE LAMM AND ZICH. THEY HAVE COUNSEL. WE BELIEVE THAT ZICH AND LAMM CAN BE HELPFUL IN DEALING WITH SWISS RE AND THAT SHAMROCK, FOR REASONS THAT IT BEST UNDERSTANDS, HAS  ALIENATED BOTH. IN FINDING A SOLUTION, THEY MAY PROVE IMPORTANT. CERTAINLY, JOHN LAGUARDIA IS NOT THE ANSWER.***

Sincerely,

Pamela Jarvis

**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

# EXHIBIT TT

## Pamela Jarvis

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Wednesday, August 11, 2004 3:11 PM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com |

**Subject:** RE:

Dear Isaac:

Your communications are becoming increasingly shrill in tone and decreasingly substantive in content. Rather than responding to your factual inaccuracies or your mostly repetitive and entirely unfounded threats and accusations, I will try to summarize where, as a practical matter, this matter now stands:

1. The Class B investors have declined Mr. Buchler's offer to speak with Mr. Arenson this week.

2. The Class B investors are now undecided as to whether they want to proceed with the conference call previously scheduled for noon New York time on Wednesday, August 25.

3, The Class B investors have no business proposal to make as an alternative to the Levitt offer for MHI.

4. The parties are 180 degrees apart as far as the factual and legal analysis of past events and circumstances is concerned.

5. Shamrock remains willing to discuss a transactional resolution that would address the parties' relationship going forward, but not one that is linked to your threats and accusations. If the Class B investors are willing to discuss the former separately from the latter, Shamrock believes that it should be possible for the parties to reach a business agreement. If the Class B investors insist that any discussion of a business resolution be premised on Shamrock conceding some kind of wrongdoing, then in Shamrock's view, the parties have no basis for a constructive discussion.

Sincerely,

Pamela Jarvis

> -----Original Message-----
> **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
> **Sent:** Monday, August 09, 2004 6:06 PM
> **To:** Pamela Jarvis
> **Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
> **Subject:** RE:
>
> Thanks for the notices on the e-mails, my IT guys are trying to figure it out.
>
> Please see responses in context:

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Monday, August 09, 2004 2:19 PM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:** RE:

Dear Isaac:

I will forward to you separately the "returned mail" messages I received Friday evening. Perhaps they will help your tech people identify where the glitch was so that it won't recur.

The attachments to your  August 8, 2004 email are by no means "the extent of" Mr. Arenson's communications with ALH regarding MHI.  There have been many communications, both orally and in writing, over many months.  It is my understanding that Mr. Arenson  has  been kept up-to-date, but as always, if he desires additional information, he need only ask.

*IMN- YOUR UNDERSTANDING IS IN ERROR. WE HAVE CAREFULLY MONITORED ALL OF THE COMMUNICATIONS FROM SHAMROCK.HE HAS GONE ON RECORD OPPOSING ALL THAT WE  ARE COMPLAINING ABOUT....IF THIS IS SHAMROCK'S DEFENSE,IT IS VERY WEAK.SINCE SHAMROCK HAS MADE IT CLEAR TO MR. ARENSON THAT SHAMROCK HAD ITS OWN AGENDA, AND WE WARNED THEM OF THE OUTCOME , WHAT MORE COULD ANYONE HAVE EXPECTED OF HIM?*

Your comment that "none of the other Bs" knew certain information known to Mr. Arenson suggests that there may be a communication gap of some kind between your clients, but if that is so, it is hardly something that can be laid at Shamrock's door.

*IMN- THAT RELATED ONLY TO THE ORIGINAL LAMM/ZICH /HOURIHAN AGREEMENTS.THEY ARE IRRELEVANT TO OUR COMPLAINTS.PLEASE DO NOT TAKE THAT OUT OF CONTEXT.*

Mr. Buchler is available to speak with Mr. Arenson this coming week.  (My offer to "coordinate" means nothing more than acting as conduit for scheduling purposes, so that a mutually convenient time can be arranged -- I trust that you see nothing sinister in that.)

*IMN- THE EXCHANGE WE HAVE HAD IS VERY SINISTER. ALH IS BURNING AND BUCHLER IS VACATIONING. UNBELIEVABLE. I TRUST THAT YOU HAVE TOLD THESE ALH "CONTROL"  DIRECTORS THAT THEY INDEPENDENT EXPOSURE, ASIDE FROM THEIR ROLES IN SHAMROCK?*

As previously stated, Shamrock and I are also available for a conference call at noon (U.S. east coast time) on August 25, which is a date and time that you suggested.  If your clients do not wish to communicate with Shamrock, that is their choice, but in that event I think it ill-becomes them to complain that Shamrock has been incommunicative.

*IMN- IMAGINE THAT. WE WRITE A LETTER ON JULY 14, OFFER TO MEET AND ALL SHAMROCK CAN MUSTER IS A CALL ON AUGUST 25, AT A TIME WHEN MHI IS SO VERY CRITICAL. SOME OBJECTIVE FINDER OF THE FACTS WILL DETERMINE WHETHER OR NOT SHAMROCK HAS BEEN*

### *"INCOMMUNICATIVE"*

As I have repeatedly explained to you, I do not think the currently planned conference call is a constructive time to discuss what you refer to as "Shamrock's overall culpability."

### *IMN- WHY NOT? MY CLIENTS HAVE INVESTED THEIR OWN MONEY, NOT "OPM", WHY ARE GOLD, KRIEGER HIDING? WE KNOW THAT BUCHLER IS VACATIONING, ARE THE OTHERS VACATIONING AS WELL?*

However, if you would like to have a lawyer-to-lawyer discussion of this subject, please contact me to set a time for a call this week.

### *IMN- I WOULD BE HAPPY TO DO SO, IF YOU HAD SOME AUTHORITY TO DEAL WITH THE $7.5 MM+/- THAT MY CLIENTS HAVE INVESTED. DO YOU?*

As near as I can tell, the crux of your clients' "grievances" (to use your word) is that certain decisions with respect to ALH were made without their "consent." Under ALH's Operating Agreement, the Class B Members have never had more than one of the five representatives on ALH's board, and board action by ALH has never required a unanimous vote. Your clients knowingly chose to invest in ALH on these terms , i.e., on terms that expressly gave ALH the right to act without the Class Bs' "consent."

### *IMN- YOU CONVENIENTLY SEEK TO IGNORE THAT SHAMROCK'S REASON FOR THESE DECISIONS HAVE NOTHING TO DO WITH THE AFFAIRS OF ALH, BUT THAT SHAMROCK WAS SPENDING TOO MUCH MANAGEMENT TIME......IS THAT WHAT YOU FEEL THAT THE B's BOUGHT INTO? DID THE B'S EVER EXPECT SHAMROCK TO TAKE OPERATING CONTROL? DID THE B's EVER EXPECT SHAMROCK TO SELL OFF PROFITABLE DIVISIONS AND DESTROY THE ENTIRE BUSINESS PLAN THAT THEY HAD BOUGHT INTO? JUST REMEMBER, THAT IN THE PERIOD IN QUESTION, HOMEBUILDING WAS A REAL WINNER, NOT AT ALH.*

Much of what you complain of was in fact consented to by Mr. Arenson as Class B representative, but even if that were not so, I am unable to see that your clients have any basis whatsoever for a legal claim based on absence of their "consent."

### *IMN- IF YOU REALLY BELIEVE THIS THEORY, THEN WHAT ON EARTH COULD WE POSSIBLY TALK ABOUT.? A JUDGE WILL HAVE TO AGREE WITH YOU,BEFORE WE GO AWAY.*

### *I THINK THAT TO THE CONTRARY, THIS IS A VERY STRONG CASE AND SO LONG AS YOU SEEK TO MINIMIZE IT, NO QUIET PROGRESS WILL BE MADE.*

Moreover, it is undisputed that ALH originally sought a buyer for the entire company, but after many months of effort by the company's investment bankers, Jolson Merchant Partners (whose selection was approved by Mr. Arenson), no such buyer was found.

***IMN- HERE AGAIN YOU ARE WRONG. MDC, ONE OF THE NATIONS LARGEST BUILDERS, WALKED AWAY, AS THEY COULD NOT DEAL WITH SHAMROCK. I THINK, WE WILL FIND THAT LENNAR HAD A SIMILAR VIEW.***

You have contended that the sale process should have been handled differently, but as you know, this is a most matter of business judgment that likewise cannot form the basis of a legal claim against Shamrock.

***IMN- FOR ALL OF THE REASON THAT I HAVE GIVEN YOU, THIS IS NOT A BUSINESS JUDGMENT CASE.***

For these and other reasons, I believe that your "grievances" are wholly without merit.

***IMN- THEN WHY SHOULD WE CONFER?***

In any context, I think it would be a waste of both parties' time and resources to discuss -- let alone litigate -- these issues, but I am willing discuss them with you (and your litigator, Mr. Wood) if you wish.

***IMN- TOWARDS WHAT END?***

Perhaps we might also discuss whether the "course[s] of action" your clients are considering could expose them to liability for breach of fiduciary duty, e.g., if they disrupt a transaction beneficial to ALH and its various constituencies.

***IMN- IS THAT A THREAT? ANOTHER PREDICATE ACT?***

The fact that Shamrock does not want to waste its own or your clients' time and resources on these meritless "grievances" in no way supports your accusations that "ALH has been left adrift," or that "vacation schedules . . . take precedence over the affairs of ALH."

***IMN- SIMPLY STATED...BALONEY. SHAMROCK, ONLY WANTED TO RECOVER ITS LOANS, IT HAD WRITTEN OFF THE EQUITY AND INTENDED TO DRAG ALONG THE Bs.***

***YOU SEEM TO HAVE CAUGHT UP VERY WELL IN THIS REVISIONIST APPROACH TO WHAT HAPPENED...HOW IN THE WORLD CAN THEY EXPLAIN MEMPHIS?***
Nothing of the kind has occurred or is occurring. ALH's current and future needs are being attended to on an ongoing basis (with no help from your clients, as near as I can tell).

***IMN- GREAT---WE ARE INSOLVENT AND HAVE BEEN...IS THAT THE ATTENTION THAT THE Bs BOUGHT INTO?***

Your repeated attempts to conflate the present business situation with your desire to find fault with past events are pointless and will not succeed.

*IMN- THIS IS ABOUT THE 5TH TIME IN THIS E-MAIL THAT YOU HAVE DISMISSED OUR POSITION? WHAT COULD WE POSSIBLY TALK ABOUT? IF THIS CASE IS BROUGHT IN DELAWARE,NORTH CAROLINA OR ELSEWHERE OTHER THAN NYC, WILL YOU PARTICIPATE?*

You seem to be suggesting that what I "refer to [as] confessions of judgment" are in fact something else. As you will see from the July 2001 settlement documents, they include what are, on their face, confessions of judgment . Mr. Arenson was both fully informed of and consented to the terms of the settlement, which are set forth in great detail in the documents he approved.

## *IMN- HE APPROVED NOTHING. THIS ENTIRE MESS WILL BE A MAJOR ISSUE DEALING WITH FRIED FRANK*

  Do you believe that ALH does not have a responsibility to  seek to  collect the amounts owed, and if so, what is the basis of this belief?

## *IMN- LAMM AND ZICH ARE WELL REPRESENTED. THEY WILL DEAL WITH THIS ON THEIR OWN. THE ONLY RELATIONSHIP WE HAVE IS THAT THEIR INTERESTS IN ALH HAVE BEEN SIMILARLY DESTROYED*.

 Finally, I believe you are mistaken in your assertion that Mr. Zich obtained the most recent extension from Swiss Re; as far as I know, that extension was obtained by Mr. Buchler, Mr. Krieger and Mr. Lanius.

*IMN- WRONG, AGAIN*

Sincerely,

Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Sunday, August 08, 2004 11:43 AM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood; avie@arenson.co.il; bjj@jesselson.com; mgj@attglobal.net; konig@skynet.be; starjewelers@aol.com; mfrankel@iaac.com
**Subject:**

I am unable to explain the difficulties you experienced on Friday evening.

Your fax/e-mail seeks to limit the agenda of the proposed phone call. You have suggested that Mr. Arenson is fully conversant with MHI and ALH. The attached e-mails are the extent of his communication.

Shamrock's unwillingness to address the the Bs' grievances or due to various vacation schedules to defer even a phone call is much akin to a game of russian roulette and I daresay that the gun being used has live ammunition.

ALH has been left adrift, with a part time consultant-CFO who tries his best to deal with the Banks, who I expect will prove to be  a key and material witness in proving the Bs' allegations. While it is very generous of Mr. Buchler to "make time" for a call and that it be without lawyers, other than you will "coordinate" is just another "nail", when in my view, through prompt and current discussions, a

great deal of aggravation could be avoided.

In light of the Lanius reports, there is great urgency to the issues and I assure that the Bs, if they even agree to proceed with a call, when Shamrock deigns one should occur, will not be able to separate the MHI issues from Shamrock's overall culpability. If your statement that Shamrock does "not intend to spend time" on what you refer to as "historical gripes", then personally I see no purpose in waiting for a call and just doing what must be done. Over the next three weeks, while Shamrock vacations, the Bs will decide their course of action and there may or may not be a conference call.

The Lamm and Zich issues are very much tied to ALH; the factual background that led to what you refer to "confessions of judgment" are of further concern to the Bs; while Mr. Arenson knew whatever it was that Shamrock told him happened, at that time, none of the other Bs, knew about it and to the contrary, it was Zich that initiated the relationship with Swiss Re and it was Zich that obtained the last extension. So long as the vacation schedules loom so large and take precedence over the affairs of ALH, the worst the situation is.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT UU

## Pamela Jarvis

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Monday, August 23, 2004 8:15 PM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Avie Arenson (Avie Arenson); mgj@attglobal.net; Eugene I. Krieger (Gene Krieger); George J. Buchler; konig@skynet.be; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood; 'wrlanius@bellsouth.com'; Gregory P. Joseph |
| **Subject:** | RE: ALH Holdings and Swiss Re |

Dear Isaac:

At your suggestion over two weeks ago, the parties scheduled the conference call for noon NY time on Wednesday, August 25 (see, e.g., our exchange of emails on August 6). How is it that Mr. Arenson has suddenly become unavailable on Wednesday? I believe it will be possible for us to rearrange our schedules to accommodate your request to move the call to Thursday, August 26, but are you still proposing 11 am NY time (first raised in your email yesterday) or noon NY time (the time we agreed)? Please advise ASAP.

Please provide the names of everyone you plan to have on the call.

It is fine with us if Mr. Lanius joins the call at the outset to report regarding the meeting with Levitt and Swiss Re, although I believe that Mr. Arenson already received a report on this last week. In any event, I agree with you that Mr. Lanius should disconnect from the call after that.

Please confirm that we remain in agreement that, as you put it in your August 6 email, "any conference call will be in the nature of settlement discussions and will be without prejudice and 'off the record' and not useable in any context."

Sincerely,
Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Sunday, August 22, 2004 3:51 PM
**To:** William R. Lanius; Gregory P. Joseph; Pamela Jarvis
**Cc:** Avie Arenson (Avie Arenson); mgj@attglobal.net; Eugene I. Krieger (Gene Krieger); George J. Buchler; konig@skynet.be; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood
**Subject:** RE: ALH Holdings and Swiss Re

Avie will be traveling on Weds. as well.

does Thursday at the same time work for all?

please let me know.

---

**From:** William R. Lanius [mailto:wrlanius@bellsouth.net]
**Sent:** Sunday, August 22, 2004 11:15 AM
**To:** Isaac M. Neuberger
**Cc:** Shalom Lamm; Avie Arenson (Avie Arenson); Bruce Stein (Bruce Stein); Eugene I. Krieger (Gene Krieger); George J. Buchler
**Subject:** RE: ALH Holdings and Swiss Re

Isaac ...... Sorry but I will not be available this Wed. (or Mon-Tues) because of previously scheduled meetings and travel plans. I can be available on Thursday at most any time that is convenient for you. Please let me know and I will be glad to help. Thx...... WRL

Bill Lanius
e-mail: wrlanius@bellsouth.net
phone: 904-219-8460
fax: 904-279-9556

    -----Original Message-----
    **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
    **Sent:** Sunday, August 22, 2004 6:04 AM
    **To:** Gregory P. Joseph; Pamela Jarvis
    **Cc:** avie@arenson.co.il; konig@skynet.be; mgj@attglobal.net; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood; William R. Lanius
    **Subject:** ALH Holdings and Swiss Re

The conference call is now scheduled for Wednesday August 25 at:

11 AM- USA EAST COAST
 8 AM  USA WEST COAST
 4 PM- LONDON
 5 PM- WEST. EUROPE
 6 PM- ISRAEL

I WILL BE IN LONDON. THE DIAL IN NUMBERS ARE:

DOMESTIC USA- 1-800-213-0326

FOREIGN ACCESS- 1-913-312-4152

PASS CODE 810433

I WILL BE ON MY GSM...IF ANYONE HAS DIFFICULTY WITH THE ACCESS, PLEASE CALL ME AT 1-443-570-5135...THIS IS A USA BASED GSM

I ASSUME THAT MR. JOSEPH OR M'S JARVIS WILL ADVISE THE SHAMROCK FOLKS.
I HAVE ASKED BILL LANIUS TO BE ON THE CALL AND REPORT ON WHAT TRANSPIRED AT THE MEETING WITH LEVITT AND SWISS RE. AFTERWARDS HE CAN DISCONNECT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this

communication or its contents is strictly prohibited. If you have received this
communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin &
Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended
recipient and may constitute a communication protected by the attorney-client privilege. If you are
not the intended recipient or a person responsible for delivering it to the intended recipient, you
are hereby notified that any use, distribution, or copying of this communication or its contents is
strictly prohibited. If you have received this communication in error, please notify us immediately
by telephone at (410) 332-8550.
**********************************

# EXHIBIT VV

## Pamela Jarvis

| | |
|---|---|
| **From:** | Isaac M. Neuberger [IMN@NQGRG.com] |
| **Sent:** | Monday, August 23, 2004 8:24 PM |
| **To:** | Pamela Jarvis |
| **Cc:** | Avie Arenson (Avie Arenson); mgj@attglobal.net; Eugene I. Krieger (Gene Krieger); George J. Buchler; konig@skynet.be; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood; wrlanius@bellsouth.com; Gregory P. Joseph |

**Subject:** RE: ALH Holdings and Swiss Re

*__mr. arenson advised me today that he will be on vacation is Switzerland, but would be able to participate__*.
..

*__PLEASE SEE RESPONSES IN CONTEXT__*

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Monday, August 23, 2004 8:15 PM
**To:** Isaac M. Neuberger
**Cc:** Avie Arenson (Avie Arenson); mgj@attglobal.net; Eugene I. Krieger (Gene Krieger); George J. Buchler; konig@skynet.be; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood; wrlanius@bellsouth.com; Gregory P. Joseph
**Subject:** RE: ALH Holdings and Swiss Re

Dear Isaac:

At your suggestion over two weeks ago, the parties scheduled the conference call for noon NY time on Wednesday, August 25 (see, e.g., our exchange of emails on August 6). How is it that Mr. Arenson has suddenly become unavailable on Wednesday?

*IMN- I HAVE NO IDEA. I LEARNT IT AS YOU DID. IT IS ONE OF THE ISSUES ONE FACES WHEN DEALING WITH MULTIPLE TIME ZONES. HE WILL BE IN THE AIR, WHEN IT IS MORNING IN LA. AS NOTED, HE WILL TAKE TIME OUT OF HIS VACATION ON THURSDAY.*

I believe it will be possible for us to rearrange our schedules to accommodate your request to move the call to Thursday, August 26, but are you still proposing 11 am NY time (first raised in your email yesterday) or noon NY time (the time we agreed)?

**IMN- 11 AM IS 6 HOURS AHEAD FOR EUROPE AND 7 FOR ISRAEL. ..IS THAT Ok?**

Please advise ASAP.

Please provide the names of everyone you plan to have on the call.

**IMN- THE Bs LISTED ABOVE,PLUS MYSELF AND SAM WOOD...AND LANIUS**

It is fine with us if Mr. Lanius joins the call at the outset to report regarding the meeting with Levitt and Swiss Re, although I believe that Mr. Arenson already received a report on this last week.

***IMN- HE DID NOT YET RECEIVE IT. IF YOU HAVE A COPY, WOULD YOU PLEASE SEND IT TO US.***

   In any event, I agree with you that Mr. Lanius should disconnect from the call after that.

*IMN- FINE*

Please confirm that we remain in agreement that, as you put it in your August 6 email, "any conference call will be in the nature of settlement discussions and will be without prejudice and 'off the record' and not useable in any context."

*IMN- CORRECT...THIS IS OUR UNDERSTANDING AND AGREEMENT*

Sincerely,
Pamela Jarvis

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Sunday, August 22, 2004 3:51 PM
**To:** William R. Lanius; Gregory P. Joseph; Pamela Jarvis
**Cc:** Avie Arenson (Avie Arenson); mgj@attglobal.net; Eugene I. Krieger (Gene Krieger); George J. Buchler; konig@skynet.be; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood
**Subject:** RE: ALH Holdings and Swiss Re

Avie will be traveling on Weds.as well.

does Thursday at the same time work for all?

please let me know.

**From:** William R. Lanius [mailto:wrlanius@bellsouth.net]
**Sent:** Sunday, August 22, 2004 11:15 AM
**To:** Isaac M. Neuberger
**Cc:** Shalom Lamm; Avie Arenson (Avie Arenson); Bruce Stein (Bruce Stein); Eugene I. Krieger (Gene Krieger); George J. Buchler
**Subject:** RE: ALH Holdings and Swiss Re

Isaac ...... Sorry but I will not be available this Wed. (or Mon-Tues) because of previously scheduled meetings and travel plans. I can be available on Thursday at most any time that is convenient for you. Please let me know and I will be glad to help. Thx...... WRL

Bill Lanius
e-mail: wrlanius@bellsouth.net
phone: 904-219-8460
fax: 904-279-9556

> -----Original Message-----
> **From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
> **Sent:** Sunday, August 22, 2004 6:04 AM
> **To:** Gregory P. Joseph; Pamela Jarvis
> **Cc:** avie@arenson.co.il; konig@skynet.be; mgj@attglobal.net; bjj@jesselson.com; starjewelers@aol.com; mfrankel@iaac.com; Thomas M. Wood; William R. Lanius
> **Subject:** ALH Holdings and Swiss Re

The conference call is now scheduled for Wednesday August 25 at:

11 AM- USA EAST COAST
 8 AM  USA WEST COAST
 4 PM- LONDON
 5 PM- WEST. EUROPE
 6 PM- ISRAEL

I WILL BE IN LONDON. THE DIAL IN NUMBERS ARE:

DOMESTIC USA- 1-800-213-0326

FOREIGN ACCESS- 1-913-312-4152

PASS CODE 810433

I WILL BE ON MY GSM...IF ANYONE HAS DIFFICULTY WITH THE ACCESS, PLEASE CALL ME AT 1-443-570-5135...THIS IS A USA BASED GSM

I ASSUME THAT MR. JOSEPH OR M'S JARVIS WILL ADVISE THE SHAMROCK FOLKS.
I HAVE ASKED BILL LANIUS TO BE ON THE CALL AND REPORT ON WHAT TRANSPIRED AT THE MEETING WITH LEVITT AND SWISS RE. AFTERWARDS HE CAN DISCONNECT.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT WW

## Pamela Jarvis

| | |
|---|---|
| **From:** | Isaac M. Neuberger [IMN@NQGRG.com] |
| **Sent:** | Sunday, September 05, 2004 12:25 PM |
| **To:** | Pamela Jarvis |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: ALH Update - Swiss Re Conference Call |
| **Attachments:** | ALH Update - Swiss Re Conference Call.doc |

Avie Arenson received the attached. Obviously, neither Avie nor the Bs have any duty to make any other proposal nor is their silence an approval, acquiescence or ratification of whatever it that Shamrock and its directors may do. Our complaint is that the situation we now face was foreseen, that it results in the loss of our equity and that it could have been avoided but for the Shamrock decision to exit this investment, regardless of the consequence to the Bs since, as Shamrock told Avie and me, in our meeting, that ALH was taking too much management time.

In considering your suggestion that we agree to a Delaware mediation process, as you know, we will require that Shamrock, in advance of the Mediation,  agree to the same level of discovery that we think we could achieve if we were to file a lawsuit.I have asked Sam Wood to scope that out and to provide you with the outline a lawsuit that would be the basis of the mediation.

In the meantime, we would like to know  ASAP how Shamrock valued  ALH on its books, from time to time,  and how it described this investment in its reports to its investors. When did Shamrock write off its investment (if it did) ? We believe that these  reports would be discoverable. The answer to this inquiry will reflect how sincere Shamrock is in seeking a resolution through mediation and is willing to provide relevant discovery.


Regards

---

----- Original Message -----
**From:** George Buchler
**To:** Gene Krieger ; Bruce Stein ; 'Arenson Avie' ; 'Shalom Lamm'
**Sent:** Thursday, September 02, 2004 8:20 PM
**Subject:** ALH Update - Swiss Re Conference Call

Gentlemen:

Please find attached a further update to the Swiss Re and Wachovia financing issues.
*********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
*********************************

# EXHIBIT XX

**Pamela Jarvis**

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Thursday, September 02, 2004 5:33 PM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: Applicability of Delaware Law |

Dear Isaac:

As you know, Shamrock totally disagrees with your assertions regarding self-interest and the circumstances leading to the sale of ALH's operations, but that is what we would hope to resolve in the mediation.

Shamrock is certainly open to the idea of discovery in connection with the mediation. As you may know, Delaware Chancery Court Rule 94(d) provides that "The Mediator may request parties to exchange or provide to the Mediator documents or other material necessary to understand the dispute or facilitate a settlement. The parties may agree to exchange any documents or other materials in the possession of the other that may facilitate a settlement." What specifically do you have in mind?

I look forward to hearing from you.

Sincerely,

Pamela Jarvis

-----Original Message-----
From: Isaac M. Neuberger [mailto:IMN@NQGRG.com]
Sent: Monday, August 30, 2004 1:49 PM
To: Pamela Jarvis
Cc: Thomas M. Wood
Subject: RE: Applicability of Delaware Law


I FULLY APPRECIATE SHAMROCK'S DESIRE TO USE A DELAWARE MEDIATION PROCESS.

PLEASE CONSIDER THE SITUATION FROM THE Bs PERSPECTIVE.

THEY FEEL THAT THE SITUATION WE NOW FACE, A TOTAL WRITE OFF, IS A DIRECT AND PROXIMATE RESULT OF A DECISION THAT SHAMROCK MADE, IN ITS OWN SELF INTEREST, TO "SHED" ITSELF OF THE WHAT IT PERCEIVED WAS TOO HEAVY A BURDEN IN RUNNING ALH, DAY TO DAY. THIS WAS NOT AN ALH

DECISION. QUITE FRANKLY, THE BOWDEN LITIGATION WAS AN IRRITANT TO BE SURE, BUT IT COULD NOT AND SHOULD NOT HAVE BEEN THE CATALYST FOR DISMEMBERING ALH. WHETHER GEO. BUCHLER AND GENE KRIEGER WANT TO RECALL, I HAD SUGGESTED THAT WE BUY THE ASSETS OF BOWDEN FOR THEIR FMV AND LEAVE THE OLD BOWDEN ENTITY WITH A NOTE. HENCE, THE ISSUE FOR A TRIER OF FACT, TO DETERMINE, IS WHETHER WHAT HAPPENED HERE WAS A BREACH OF THE FIDUCIARY DUTY THAT THE INDIVIDUAL DIRECTORS AND SHAMROCK OWED TO THE Bs OR NOT.

DISCOVERY IS CRITICAL TO THIS TYPE OF FACTUAL BASED DETERMINATION, HENCE WE NEED TO KNOW THE EXTENT OF DISCOVERY THAT SHAMROCK AND THE INDIVIDUAL DIRECTORS WILL AGREE TO

-----Original Message-----
From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Monday, August 30, 2004 8:57 AM
To: Isaac M. Neuberger
Cc: Thomas M. Wood
Subject: Re: Applicability of Delaware Law

Dear Isaac:

In addition to confirming that Delaware law governs, Section 10.2 would weigh in favor of Delaware as the appropriate forum.

The "suggestion of a $3 Million payment to the As," referred to in your 12/22/02 email, implied a payment to Shamrock less than $2 million. Even assuming, for the sake of argument, that if this "suggestion" constituted a written offer, it would not be a written offer to pay more than $2 million for Shamrock's interest in ALH. You assert that the December 2002 emails attached to your present email "were followed by face to face discussions, where the Bs discussed going as high as $7MM," but you have provided no documentation of such meetings or any offer -- written or otherwise -- of $7 million. When and where did these "face to face discussions" occur, and who were the participants? The Shamrock people have no recollection of such meetings, or, indeed, any face to face discussion with any of your clients (other than Mr. Arenson) on any subject relating to ALH. In any event, the fact that the parties did not agree on a buy-out price -- at whatever level -- is hardly evidence of "bad faith" on Shamrock's part.

The Delaware mediation process (like all other mediation processes I am aware of) does not provide for formal discovery, but the parties could of course agree to exchange whatever information they want to. Also, participation in the mediation would not affect the parties' ability to obtain discovery in future litigation, if any.

Sincerely,

Pamela Jarvis


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, New York  10022
Tel: 212.407.1250
Fax: 212.407.1278

-----Original Message-----
From: Isaac M. Neuberger <IMN@NQGRG.com>
To: Pamela Jarvis <pjarvis@josephnyc.com>
CC: Thomas M. Wood <TMW@NQGRG.com>
Sent: Fri Aug 27 13:04:23 2004
Subject: RE: Applicability of Delaware Law

We are aware of this provision...it does NOT prevent the filing of a suit in North
Carolina, does it?

As to George's unfortunate "lying through your teeth" comment, I am attaching the
original set of e-mails, that reflect his deliberate "bad faith"...these e-mails were
followed by face to face discussions, where the Bs discussed going as high as $7 MM.

Since it appears that Shamrock is unwilling to see its way clear towards an acceptable
resolution, I suspect that much of this will be the subject of discovery.

As we consider the alternatives, if we were to agree to the Delaware Mediation that
you proposed, would we be afforded the same discovery that we would be entitled if
we proceed in a different forum.

—————

From: Pamela Jarvis [mailto:pjarvis@josephnyc.com]
Sent: Friday, August 27, 2004 11:49 AM
To: Isaac M. Neuberger
Cc: Thomas M. Wood
Subject: Applicability of Delaware Law


It occurred to me that you might not be aware that Section 10.2 of the ALH Holdings
LLC Operating Agreement provides that "All questions concerning the construction,
validity and interpretation of this Agreement and the performance of the obligations
imposed by this Agreement shall be governed by the internal law, not the law of

conflicts, of the State of Delaware."


Pamela Jarvis
Gregory P. Joseph Law Offices LLC
805 Third Avenue, 31st Floor
New York, NY 10022
Tel: 212-407-1250
Fax: 212-407-1278
pjarvis@josephnyc.com
 <file://www.josephnyc.com> www.josephnyc.com

***********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
***********************************

***********************************
CONFIDENTIALITY NOTICE:  This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege.  If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
***********************************

# EXHIBIT YY

## Pamela Jarvis

| | |
|---|---|
| **From:** | Pamela Jarvis |
| **Sent:** | Thursday, September 09, 2004 11:58 AM |
| **To:** | 'Isaac M. Neuberger' |
| **Cc:** | Thomas M. Wood |
| **Subject:** | RE: ALH Update - Swiss Re Conference Call |

As I indicated in my September 2 email to you, Shamrock will consider whatever discovery would be likely to facilitate the mediation and make it more productive. Once we have received from Sam the specifics of what you have in mind, we will be able to respond specifically. I would not expect there to be disagreement about the relevant areas.

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Wednesday, September 08, 2004 11:42 AM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood
**Subject:** RE: ALH Update - Swiss Re Conference Call

Has Shamrock decided on the extent of the discovery that it would consider if we were to agree to the Mediation?

**From:** Pamela Jarvis [mailto:pjarvis@josephnyc.com]
**Sent:** Wednesday, September 08, 2004 8:32 AM
**To:** Isaac M. Neuberger
**Cc:** Thomas M. Wood
**Subject:** RE: ALH Update - Swiss Re Conference Call

Shamrock is checking for the financial information you have requested. I look forward to receiving Sam's outline.  Regards,  P.J.

-----Original Message-----
**From:** Isaac M. Neuberger [mailto:IMN@NQGRG.com]
**Sent:** Sunday, September 05, 2004 12:25 PM
**To:** Pamela Jarvis
**Cc:** Thomas M. Wood
**Subject:** RE: ALH Update - Swiss Re Conference Call

Avie Arenson received the attached. Obviously, neither Avie nor the Bs have any duty to make any other proposal nor is their silence an approval, acquiescence or ratification of whatever it that Shamrock and its directors may do. Our complaint is that the situation we now face was foreseen, that it results in the loss of our equity and that it could have been avoided but for the Shamrock decision to exit this investment, regardless of the consequence to the Bs since, as Shamrock told Avie and me, in our meeting, that ALH was taking too much management time.

In considering your suggestion that we agree to a Delaware mediation process, as you know, we will require that Shamrock, in advance of the Mediation,  agree to the same level of discovery that we think we could achieve if we were to file a lawsuit.I have asked Sam Wood to scope that out and to provide you with the outline a lawsuit that would be the basis of the mediation.

In the meantime, we would like to know ASAP how Shamrock valued ALH on its books, from time to time, and how it described this investment in its reports to its investors. When did Shamrock write off its investment (if it did) ? We believe that these reports would be discoverable. The answer to this inquiry will reflect how sincere Shamrock is in seeking a resolution through mediation and is willing to provide relevant discovery.

Regards

----- Original Message -----
**From:** George Buchler
**To:** Gene Krieger ; Bruce Stein ; 'Arenson Avie' ; 'Shalom Lamm'
**Sent:** Thursday, September 02, 2004 8:20 PM
**Subject:** ALH Update - Swiss Re Conference Call

Gentlemen:

Please find attached a further update to the Swiss Re and Wachovia financing issues.
**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************