<u>EXHIBIT 1</u>

# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

S. Mark Hurd
302 575 7354
302 498 6202 Fax
shurd@mnat.com

April 22, 2005

<u>BY HAND</u>

David A. Felice, Esquire
Cozen O'Connor
Chase Manhattan Center
1201 North Market Street, Suite 1400
Wilmington, Delaware 19801

      Re:   *Shamrock Holdings of California, Inc. v. Arenson*
              C.A. No. 04-1339-SLR

Dear David:

      Enclosed please find a copy of plaintiffs' amended complaint in the above-referenced action. As you will see, it joins all of the Class B Members of ALH as defendants. We do not believe that the newly joined Class B Members (J12ALH Associates, A. Arenson Holdings, Ltd. and D.A. Gardens, Ltd.) are necessary or indispensable parties, but based on our further analysis of the facts, we believe that there are grounds for personal jurisdiction over them in Delaware. Please promptly advise us if you will accept service on behalf of the newly-joined Class B Members.

      The pending Rule 19 motion filed by defendants SELK, LLC, and Laurel Equity Group, LLC, is mooted by the amended complaint, and Mr. Arenson's pending motion to dismiss is directed to an obsolete and superseded complaint. We assume that, if Mr. Arenson decides to move against the amended complaint, you will want to submit new opening papers on his behalf that address, *inter alia*, his material participation in the management of ALH, LLC.

      As we discussed this morning, we are amenable to entering into a schedule that extends the 10 day period for Mr. Arenson, SELK and Laurel to respond to the amended complaint and have enclosed a proposed stipulation which contemplates such an extension and vacates the current schedule on the pending motions. If the form of stipulation is acceptable, simply sign and return it to us for filing with the Court.

David A. Felice, Esquire
April 22, 2005
Page 2

       As the current schedule would require us to work this weekend on responding to motions that are now moot, we need to know before the close of business today if your clients agree that the current schedule should be vacated. Thank you in advance for your prompt attention to this matter.

                                    Very truly yours,

                                    S. Mark Hurd

SMH/dmd
Enclosure