IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV256-MU

| | |
|---|---|
| A. ARENSON HOLDINGS, LTD., D.A. GARDENS, LTD., J12ALH ASSOCIATES, SELK, L.L.C., and LAUREL EQUITY GROUP, L.L.C.,<br>        Plaintiffs,<br><br>v.<br><br>SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN,<br>        Defendants. | ORDER |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss or Transfer. Having reviewed the filings and the record in this case, it is apparent that the instant action is duplicative with a parallel action currently being litigated in the District of Delaware. In the interest of judicial economy and comity between the federal courts, Defendant's motion is GRANTED.

**I. BACKGROUND**

The instant action was commenced by Plaintiffs on June 6, 2004. Nine months earlier, Defendants herein filed their own action in the state of Delaware seeking declaratory judgment on virtually identical claims against virtually the same parties as compose the Plaintiffs here. On October 6, 2004, that action was removed to the United States District Court for the District of Delaware, where it remains pending to this day. Both actions revolve around allegations of breach of fiduciary duty and self-dealing in the management of a North Carolina based

corporation originally incorporated in Delaware, specifically resulting from a series of consulting contracts, loan repayments, and sales of assets.

## II. DISCUSSION

When two federal courts are asked to exercise jurisdiction over the same subject matter, "the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The subject matter of two actions will be considered the same for this purpose when claims in one action arise from the same transactions or occurrences as those in another action, and therefore should have been brought as compulsory counterclaims under Rule 13 (a) of the Federal Rules of Civil Procedure. Handy v. Shaw, Bransford, Veilleux, and Roth, 325 F.3d 346, 349-50 (D.C. Cir 2003).

Here, a side-by-side comparison of the complaints in the instant action and the earlier-filed Delaware action shows that the exact same circumstances are being litigated in both cases. These actions involve the same contracts, the same loans, the same sales of assets, and the exact same allegations of breach of fiduciary duty and self-dealing. All the claims that Plaintiffs raise here spring directly from the same transactions and occurrences addressed by the Delaware action, and as such should have been brought as counterclaims in that action. Thus, in order to avoid unnecessarily duplicative litigation and the inevitable waste of judicial resources that entails, these two actions should be resolved together.

Plaintiffs contend that venue would be improper in Delaware; they failed, however to raise this issue in the Delaware court. There does not appear to be any reason why that court would have been any less capable than this one in determining the proper venue and transferring that action if necessary. As such, this court will not address the issue of venue. As the Delaware action was the earlier action instituted, all Plaintiff's claims should be properly resolved in the

Delaware court.

IT IS THEREFORE ORDERED that this case be TRANSFERRED to the District of Delaware for consolidation with the ongoing action there, Civil Case Number 04-1339-SLR.

**Signed: November 22, 2005**

Graham C. Mullen
Chief United States District Judge