IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAMROCK HOLDINGS OF CALIFORNIA, INC., SHAMROCK CAPITAL ADVISORS, INC., EUGENE I. KRIEGER, GEORGE J. BUCHLER and BRUCE J. STEIN,<br><br>       Plaintiffs,<br><br>       v.<br><br>ABRAHAM ARENSON, SELK, LLC, LAUREL EQUITY GROUP, LLC, J12ALH ASSOCIATES, A. ARENSON HOLDINGS, LTD. and D.A. GARDENS, LTD.<br><br>       Defendants. | Civ. No. 04-1339-SLR |

---

A. Gilchrist Sparks, III, Esquire, S. Mark Hurd, Esquire and Samuel T. Hirzel, Esquire of Morris, Nichols, Arsht & Tunnel, Wilmington, Delaware. Counsel for Plaintiffs. Of counsel: Gregory P. Joseph, Esquire, Pamela Jarvis, Esquire of Gregory P. Joseph Law Offices LLC, New York, New York.

Sean J. Bellew, Esquire and David A. Felice, Esquire of Cozen O'Connor, Wilmington, Delaware, Thomas M. Wood, IV, Esquire of Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, Maryland. Counsel for Defendants.

---

**MEMORANDUM OPINION**

Dated: March 14, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On September 13, 2004, Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger, George J. Buchler and Bruce J. Stein (collectively called "plaintiffs") filed this declaratory judgment action in the Delaware Court of Chancery against Abraham Arenson, Selk LLC and Laurel Equity Group (collectively called "defendants"). The action was removed to this court. On April 22, 2005, plaintiffs amended the complaint and joined A. Arenson Holdings, Ltd., D.A. Gardens Ltd. and J12ALH Associates as defendants. (D.I. 37) Before the court are defendants' motions to dismiss. (D.I. 40, 43, 46)

## II. BACKGROUND

Defendants were investors in ALH Holdings, Inc.[1] ("ALH"), a limited liability company organized in 1998 under the laws of Delaware to engage in home-building. (D.I. 20, ex. A at 1) Plaintiff Shamrock was a class A member of ALH, holding approximately 62% of the class A membership interest in ALH. (D.I. 37 at ¶ 7) Ultimately, ALH was an unsuccessful venture,

---

[1] As owner of Arenson Holdings and D.A. Gardens, defendant Arenson invested $1.4 million. Both Arenson Holdings and D.A. Gardens are class B stock holders. (D.I. 20, ex. A at 4) SELK, LLC, invested approximately $2.9 million and was a Class B member. Id. Laurel invested $2.9 million and was also a class B member. Plaintiff Shamrock invested $9.1 million in ALH. Shamrock holds about 62% of the Class A membership interest and about 38% of ALH. (D.I. 20, ex. A at 3)

and investors lost their investments. (Id.)

### A. Citizenship of Parties

Plaintiffs Krieger, Buchler and Stein are all citizens of California. (D.I. 20 at ¶ 14) All three were employees of Shamrock, served on ALH's supervisory board and performed "substantial services for SCA." (Id.)

Buchler and Krieger were the ALH Supervisory Board representatives for the class A members of ALH. (Id.) The class A members were citizens of Arizona, California, Colorado and Nevada. (Id. at ¶ 15)

Stein represented the class D members on the Supervisory Board of ALH. The only class D member was a Delaware limited liability company, Lion ALH Capital LLC. The members of this limited liability company were citizens of Delaware and New York.

Plaintiff Shamrock is a corporation organized under the laws of California with its principal place of business in California. (D.I. 20 at ¶ 13) Plaintiff SCA is a Delaware corporation with its principal place of business in California. (Id.)

Defendant Arenson is a citizen of Israel and was the class B representative on ALH's Supervisory Board. (D.I. 18 at 13) The class B members were A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., J12ALH, Associates LLC, SELK and Laurel, all named defendants. (D.I. 20, ex. B) Defendant A. Arenson Holdings, Ltd. is a Israeli corporation with its principal place of

2

business in Israel. (D.I. 24 at 10) Defendant D.A. Gardens, Ltd., is a Panamanian corporation with its principal place of business in Panama. (Id.) Defendant J12ALH is a Delaware LLC whose members are Erica Jesselson, a citizen of New York, and Jays Twelve, LLC. (Id.) The members of Jays Twelve, LLC are all New York citizens. (Id.)

Defendant SELK is a limited liability company formed under the laws of Delaware. (D.I. 20, ex. A at 5) Its members are Shalom Lamm, a resident of New York, and NACA Holding, Inc. ("NACA"), a British Virgin Islands corporation with, defendants allege, a principal place of business in Tortola, British Virgin Islands. (D.I. 24 at 11)

Defendant Laurel is a Delaware limited liability company; its members are Mark Frankel, Chesky Frankel and Sallervale Company. (Id.) Mark Frankel is a citizen of New Jersey, Chesky Frankel is a citizen of New York and Sallervale Company is a Bahamian corporation with, defendants allege, a principal place of business in Nassau, Bahamas. (Id.)

**B.   ALH Transactions**

All of ALH's investors, including the class B members, negotiated the terms of their investments in ALH. (D.I. 37 at ¶ 19) ALH was created on June 3, 1998. (Id. at ¶ 19) On or about June 12, 1998, the class B members funded their investments in ALH. (Id. at ¶ 20) ALH became the sole direct or indirect

3

stockholder of American Landmark Homes Corporation ("ALH Corp.") and Atlantic Builders, Inc. ("ABI"), Delaware corporations with home-building operations in Florida. (Id. at ¶ 21) ALH's Operating Agreement was initially signed by ALH's members as of June 12, 1998 and was amended as of March 15, 1999. (Id. at ¶ 22) On or around December 9, 1998, the members of ALH's Supervisory Board decided to form a Delaware corporate subsidiary which would be the parent company of all ALH's operating subsidiaries. That corporate subsidiary, ALH II, Inc. ("ALH II"), was organized on December 9, 1998 under the laws of Delaware. (Id. at ¶ 25) ALH II was created in part for tax planning purposes to capture the consolidated tax liability of ALH. It was also used as the vehicle for obtaining debt financing for ALH's operations and acquisitions. (Id. at ¶ 26)

## III. STANDARD OF REVIEW

When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the plaintiff and resolve all factual disputes in the plaintiff's favor. Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987). To

establish personal jurisdiction, a party must allege facts sufficient to satisfy two requirements, one statutory and one constitutional. See Reach & Assoc., P.C. v. Dencer, 269 F.Supp. 2d 497, 502 (D. Del. 2003). With regard to the statutory requirement, the court must determine whether there is a statutory basis for jurisdiction under the forum state's long arm statute. Id. As for the constitutional basis, the court must determine whether the exercise of jurisdiction comports with the defendant's right to due process. Id.

In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id.

IV. **DISCUSSION**

   A. **Defendants' Motion to Dismiss the First Amended Complaint for Declaratory Relief**

Defendants move to dismiss the first amended complaint because this court does not have personal jurisdiction over them. Plaintiffs disagree, based on an application of § 3104(c)(1) of

5

Delaware's long-arm statute, which provides:

> (c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:
> (1) Transacts any business or performs any character of work or services in the State;

10 Del. C. § 3104(c)(1). Subsection (c)(1) "provide[s] for specific jurisdiction, under which the cause of action must arise from the contacts with the forum." Applied Biosystems, Inc. v. Cruachem, Ltd., 772 F.Supp. 1458 (D. Del. 1991).

A single act of incorporation in Delaware will suffice to confer personal jurisdiction over a nonresident defendant if such purposeful activity in Delaware is an integral component of the total transaction to which plaintiff's cause of action relates. See Cairns v. Gelmon, 1998 WL 276226, *3 (Del. Ch. 1998). Plaintiffs assert that the incorporation of ALH and ALH II is a sufficient act to confer jurisdiction on defendants. Because the causes of action at issue in the suit arise from, and relate to, the incorporation and formation of ALH and ALH II, the court agrees that defendants' participation in the incorporation of ALH and ALH II is sufficient to confer jurisdiction under §3104(c)(1).[2] See Papendick v. Bosch, 410 A.2d 148 (Del. 1979).

---

[2]The counts in the amended complaint include, among others: (1) no breach of fiduciary duty; (2) no breach of operating agreement; (3) no liability under consulting agreement; (4) good faith reliance on experts and professionals; and (5) indemnification.

6

In Papendick, a German company (RB) entered into a finders fee agreement with Papendick, an individual residing outside of Delaware. Papendick was to be compensated if RB acquired stock of B-W. RB incorporated a Delaware subsidiary (RBNA) to act as a vehicle for the acquisition of the B-W stock. After the transaction was consummated, when Paperndick sued for his finder's fee and RB contested the court's jurisdiction, the court concluded that "RB's ownership of RBNA stock was the result of RB's purposeful activity in Delaware as an integral component of its total transaction with B-W to which the plaintiff's instant cause of action relates." Id. at 152. "RB utilized RBNA to be the vehicle for channeling to B-W the purchase money for the B-W stock and for becoming the recipient of the B-W stock." Id.

Similarly, ALH's members, including defendants, agreed to the formation and funding of ALH for the purpose of implementing their mutually agreed objective of developing a home-building business. ALH members created ALH II as a vehicle for obtaining debt financing to support and grow ALH's operations and hold the stock in ALH's subsidiaries. Defendants "purposefully availed" themselves of the privilege of conducting activities in Delaware. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The parties implemented their objectives through ALH, under the protection of and pursuant to powers granted by the laws of Delaware.

7

Defendants' motion is denied.³  Defendants' contingent motion for dismissal for failure to join necessary parties is denied as moot.

**B.   Motion to Dismiss by Defendant Abraham Arenson**

The Federal Declaratory Judgment Act, 28 U.S.C. § 2201-02, empowers the court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  To state a claim for a declaratory judgment, a plaintiff must demonstrate the existence of an actual controversy in which the parties have adverse legal interests, and which is of sufficient immediacy to warrant a declaration of rights.  Grace Holdings, L.P. v. Sunshine Mining and Refining Co., 901 F.Supp. 853, 857 (D. Del. 1995) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)).

Defendant Arenson moves to dismiss the action because plaintiffs have failed to allege that a case or controversy of sufficient immediacy exists between Arenson and plaintiffs. Plaintiffs assert that the underlying cause of action Arenson might assert is that he was wrongfully deprived of a meaningful

---

³Personal jurisdiction is conferred on all defendants under the Delaware Long-Arm statute and, therefore, the court does not address the alternative theories of jurisdiction.

role in the ALH Supervisory Board's decision-making process.[4]

The amended complaint contains no allegations that defendant Arenson as an individual either has a cause of action against plaintiffs or that plaintiffs have a cause of action against defendant Arenson. Defendant Arenson was not a member of ALH. Defendant Arenson served only on the Supervisory Board as the class B representative.  Any harm caused by depriving the class B representative of his rights to participate in the Supervisory Board will be suffered by the class B members, not by defendant Arenson as the class B representative.

Plaintiffs next assert that defendant Arenson, as an indirect holder of class B equity interests, has adverse interests with plaintiffs.  Plaintiffs contend that "Arenson has a direct interest in the parties' disagreement about Arenson's rights and obligations as a member of ALH's Supervisory Board, as well as a financial interest through his ownership and control of two class B members[.]" (D.I. 50 at 14)  Plaintiffs present no law to support the position that a financial interest in a company is enough to require a party to defend a declaratory judgment action.

---

[4]Plaintiffs cite to Cairns v. Gelmon, 1998 WL 276226 (D. Del. 1998), and Solar Cells, Inc. v. True North Partners, LLC, 2002 WL 749163 (D. Del. 2002).  The court declines to interpret either of these cases to establish a cause of action for a violation of someone's right to participate in the deliberation of an entity's governing body.

9

However, plaintiffs also assert that a dispute has arisen between plaintiffs and Arenson regarding plaintiffs' rights to advancement and indemnification. The amended complaint asserts that plaintiffs have demanded indemnification and Arenson, in his role as the class B representative on ALH's Supervisory Board, is in a position to authorize ALH to advance plaintiffs their legal fees and expenses. The amended complaint alleges that defendant Arenson, in his capacity as class B representative, has sought "to interfere with the indemnification rights of officers and directors of Delaware corporations (SCA and ALH), under the SCA Consulting Agreement and By-Laws of ALH II, including the right to advancement of legal expenses." (D.I. 37 at ¶ 68(1)) The court concludes that defendant Arenson's role in the Supervisory Board decision-making process is a factual issue currently being addressed in discovery and, therefore, declines to grant Arenson's motion to dismiss.[5]

## V. CONCLUSION

For the reasons discussed above, defendants' motion to dismiss the first amended complaint for declaratory relief (D.I. 43) is denied, defendant Arenson's motion to dismiss (D.I. 46) is denied and defendants' motion to dismiss or in the alternative for stay of proceedings (D.I. 40) is denied. An order consistent

---

[5]Defendants' motion to dismiss or, in the alternative, for stay of proceedings (D.I. 40) is denied as moot because the action in North Carolina has been transferred to this court.

with this memorandum opinion shall issue.