# UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

*In re ALH Holdings, LLC*
Consol. C.A. No. 04-1339-SLR

**SUBPOENA IN A CIVIL CASE**

**TO:** Swiss Reinsurance America Corporation
175 King Street
Armonk, New York 10504

Civil Action No. 04-1339 (SLR)
(D. DEL.)

| | |
|---|---|
| ☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |
| ☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: | |
| PLACE OF DEPOSITION | DATE AND TIME |
| ☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A hereto | |
| PLACE<br>175 King Street<br>Armonk, New York 10504 | DATE AND TIME<br>October 31, 2006 at 1:00pm |
| ☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below. | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) DEFENDANT<br><br>Attorney for Plaintiff | DATE<br><br>September 28, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br><br>Samuel T. Hirzel (#4415)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street, P.O. Box 1347<br>Wilmington, DE 19899 | TELEPHONE<br>(302) 658-9200 |

538482

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED          Date | Place |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____          _____
　　　　　　　　　　　　DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF SERVER

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ADDRESS OF SERVER

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE ALH HOLDINGS, LLC | ) <br> ) Consol. C.A. No. 04-1339 – SLR <br> ) |

**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS'
SUBPOENA FOR PRODUCTION OF DOCUMENTS DIRECTED TO
<u>SWISS REINSURANCE AMERICA CORPORATION</u>**

Pursuant to Fed. R. Civ. P. 26, 34 and 45, Plaintiffs and Counterclaim Defendants Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger ("Krieger"), George J. Buchler ("Buchler") and Bruce J. Stein ("Stein") (collectively "Plaintiffs"), by their undersigned counsel, hereby request that Swiss Reinsurance America Corporation produce on or before October 31, 2006 the following documents for inspection and copying at 175 King Street, Armonk, New York 105047.

<u>DEFINITIONS</u>

1.  "2000 Loan" means the 27.5 million loan between Wachovia Bank, N.A. and ALH II, Inc. entered into in or about January 2000.

2.  "ALH" means ALH Holdings, LLC and all past and present subsidiaries and affiliates thereof, including ALH II, Inc. ("ALH II"), America Landmark Homes Corporation, Atlantic Builders, Inc., Bowden Building Corporation, and Mulvaney Homes, Inc., individually or collectively.

3.  "Communication" means every manner of transmitting or receiving information, in the form of facts, ideas, inquiries or otherwise, including conversations (whether face-to-face, by

2

telephone or otherwise), meetings, conferences, consultations, discussions, negotiations and agreements.

4. "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

5. "Document" is used in its broadest sense, encompassing all forms of information within the scope of Fed. R. Civ. P. 34(a), whether in hard copy, electronic or other medium, including all drafts and non-identical copies. As used herein, the term "document" includes tangible things.

6. "Swiss Re" shall mean Swiss Reinsurance America Corporation, its present or former subsidiaries, affiliates, divisions, joint ventures, partners, present and former officers, present and former directors, present and former employees, and present and former advisors, both individually and collectively, and any Person acting or purporting to act on its behalf.

7. "Swiss Re Surety Bonds" means the surety bonds issued by Swiss Re in connection with the 2000 Loan, including the surety bonds assumed by Swiss Re from Amwest Surety Insurance Corporation in connection with the 2000 Loan.

8. "MHI" means Mulvaney Homes, Inc.

## INSTRUCTIONS

1. This subpoena and any subsequent requests for production of Documents seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each Document.

2. If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the Person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) specifying the date on which the Document was prepared or

transmitted, (c) describing the nature of the Document (*e.g.*, letter, email, etc.), (d) stating briefly why the Document is claims to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the Document relates.

3. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest of the Document shall be produced.

4. All documents shall be produced as they are kept in the usual course of business, in the data form in which they are maintained or used in the usual course of business. Copies of all labels or other markings indicating the nature, source or other characteristics of documents produced, such as labels on file folders, dividers and other containers, shall be included with the documents produced so as to facilitate Plaintiffs' understanding of who keeps the documents produced, where they are kept and how they are organized.

5. Unless otherwise specified, the requests herein call for the production of all documents dated, created, sent, received, in use or in effect during the period January 1, 1998 through June 30, 2005.

6. All objections to any category of Documents to be produced pursuant to this and any subsequent Document request or to any definition or instruction it contains shall be in writing and delivered to the offices of Morris Nichols Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, Delaware 19801, on October 31, 2006 or at such earlier time as the parties may agree or the Court may order.

## DOCUMENTS TO BE PRODUCED

1. All Documents concerning any communications or negotiations between or among any of Wachovia Bank, Ohio Savings Bank, Swiss Re and/or ALH concerning repayment obligations of ALH or the ability of ALH to satisfy or comply with any such obligations.

2. All Documents concerning Swiss Re's approval of ALH's sale of MHI to Levitt Corporation and/or Mattamy Homes, Ltd.

3. All Documents concerning any communications or negotiations with ALH or any person acting on its behalf concerning the financial condition of ALH or the ability of ALH to satisfy or repay the 2000 Loan.

4. All Documents concerning Swiss Re's analysis, including communications with or reports of any outside consultant, of ALH's financial condition or ability to satisfy its debt to Wachovia Bank, N.A. under the 2000 Loan or Swiss Re's potential monetary or financial exposure under the Swiss Re Surety Bonds.

5. All Documents constituting or evidencing Your policies and procedures relating to the retention and destruction of documents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ 

---

A. Gilchrist Sparks, III (#467)
S. Mark Hurd (#3297)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
  *Attorneys for Plaintiffs and Counterclaim Defendants Shamrock Holdings of California, Inc., Shamrock Capital Advisors, Inc., Eugene I. Krieger, George J. Buchler and Bruce J. Stein, and Third-Party Defendant ALH Holdings, LLC*

September 28, 2006
533716