# Exhibit E

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Samuel T. Hirzel
302 351 9132
302 498 6201 Fax
shirzel@mnat.com

September 25, 2006

**BY EMAIL & FIRST CLASS MAIL**

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

    Re:   *In re ALH Holdings, LLC*
           Consol. C.A. No. 04-1339-SLR

Dear Sam:

    I write to follow up on our conference call on August 23 regarding outstanding discovery issues. In response to your inquiries, please be advised that:

    A.    Shamrock's Production

    Plaintiffs' production totals 49,083 pages beginning at Shamrock 000001 and concluding at Shamrock 049083. All documents withheld on the basis of privilege have been logged. You indicated that it appeared that Shamrock's production began at Shamrock 1100, which is incorrect. If you have not received or have misplaced the first 1,100 pages, please let us know and we will provide you with another set.

    B.    Privilege Log / Redacted Documents

    We have enclosed a revised privilege log to you in the near future. Documents bates labeled Shamrock 05452 & 06088 were previously produced in redacted form and are produced in unredacted form with the "U" suffix with this letter. Document numbered 18 on Shamrock's privilege log is being produced as Shamrock 48989-90.

    C.    Additional Documents

    At your request, we are treating Defendants' document request to Plaintiffs as if it had also been directed to ALH, and are in the process of determining what additional documents may exist. We believe we will be in a position to produce "ALH" documents in a week to ten

Thomas M. Wood, IV, Esquire
September 25, 2006
Page 2

days. We confirm that no documents in the files of the Shamrock parties have been withheld from production because they were "ALH" documents.

Also, enclosed are additional documents with Bates numbers Shamrock 49073-49083.

We also reiterate questions we asked of you during our teleconference:

    A.    <u>Defendants' Objections</u>

We again asked that Defendants confirm that they had produced all documents responsive to Requests No. 5, 6, 23 and 48 seeking:

- All documents concerning any business dealings involving two or more Class B Members, whether or not such business dealings relate to ALH, including all documents concerning: the making and satisfaction of the $1.75 million promissory note issued by American Landmark Homes to Y. Frankel, dated December 15, 1997 and signed by Lamm (the "Laurel Note"); the agreement assigning the Laurel Note to Laurel, dated June 1, 1998 and signed by Y. Frankel; and the release of the Laurel Note, dated June 9, 1998 and signed by Y. Frankel;

- All documents concerning the American Debt, the Arbor Debt (including all documents concerning the making and performance of the agreement concerning the Arbor Debt between Lion ALH Capital LLC, Lamm, Zich and Shamrock, dated June 12, 1998), the Ash Payment and the Elovic Debt (including all documents concerning the making and satisfaction of the $2 million promissory note issued by American Landmark Homes to Eugene Elovic, dated September 3, 1997 and signed by Lamm, the release of such note by Eugene Elovic, dated June 9, 1998, and Lamm's personal $2 million promissory note to Eugene Elovic);

- All documents concerning the pledge by Cousy, LLC of certain equity interests in QACC LLC to ALH, pursuant to the pledge agreement between Cousy LLC and ALH dated July 1, 2001, to secure the promissory note dated July 1, 2001 issued by the Lion Management Persons, including all documents concerning the value of the equity interests in QACC LLC and all financial statements, audited or unaudited, of QACC LLC and Cousy, LLC, whether separate or combined with the financial statements of any other entity.

- All documents concerning the formation of A. Arenson Holdings, Ltd., ALH-EBC Corporation, American Landmark Homes Corporation, Cousy, LLC, D.A. Gardens, Ltd., Jays Twelve LLC, J12 ALH Associates,

       Landmark Equity Investors LLC, Laurel Equity Group, LLC, Lion ALH Capital, LLC, Lion & Lamm Capital, LLC, NACA Holdings Inc., QACC LLC, Sallervale Company Inc. and SELK, LLC.

  Defendants' response to those requests are qualified -- Defendants state that they have agreed to produce documents only "to the extent that these documents are related to the issues raised in the litigation." From that qualification, we are unable to determine what documents, if any, Defendants have determined need not be produced. We have asked you to confirm that documents related to the matters expressly identified in these requests -- all of which are relevant to issues in this case – have been or will be produced. If not, provide a detailed basis for your objection and explain the nature of any documents that have been withheld from production on the basis of your objections.

    B. <u>Descriptions in Defendants' Privilege Log</u>

  During our teleconference, we expressed concern with the extent of the descriptions contained in Defendants' privilege log. *See Chao v. Koresko*, 2005 U.S. App. LEXIS 22025, *13 (3d Cir. Oct. 12, 2005); *Union Pac. Res. Group, Inc. v. Pennzoil Co.*, 1997 U.S. Dist. LEXIS 24215 (D. Del. Aug. 12, 1997); FED. R. CIV. P. 26(b)(5). *See also, High Plains Corp. v. Summit Resource Mgmt.*, 1997 U.S. Dist. LEXIS 2766, * 4 (D. Kan. Feb. 12, 1997) (an *ipse dixit* claim of privilege does not suffice). We do not believe any of the descriptions are adequate and, based on documents that have been produced to date, note that in many instances Mr. Neuberger was providing business and not legal advice as to which a claim of privilege would be improper. You indicated you would evaluate the descriptions and promptly provide a revised log.

    C. <u>Redactions of Names, Subject Lines, Etc. In Production</u>

  Plaintiffs noted that Defendants' production includes a substantial amount of redactions, including of things such as names, dates and subject lines in emails. We are aware of no basis for redacting any information that would appear on a privilege log, including names, dates, and generalized descriptions.

    D. <u>Lamm / SELK Representation</u>

  You indicated that all of the Class B investors retained your law firm in February 2002. From the documents produced to date and Defendants' privilege log, it is unclear when Avie Arenson, Shalom Lamm and SELK became clients of your firm. A clear answer to this question is necessary to assess the propriety of Defendants' claims of privilege. Please provided us with the date(s) on which Mr. Arenson, Mr. Lamm and SELK became clients of your firm, and documents pertaining to or evidencing the date upon which Mr. Arenson, each of the Class B parties, and Mr. Lamm retained your firm.

Thomas M. Wood, IV, Esquire
September 25, 2006
Page 4

E. <u>Depositions</u>

During our teleconference, you requested that we provide you with dates for depositions of Messrs. Buchler, Kreiger and Stein. You also indicated that you wished to take their depositions in Wilmington, Delaware. We are prepared to make them available in Wilmington provided that you agree to make the Defendants available in Wilmington. Please confirm that you will do so. Subject to such confirmation, Mr. Kreiger can be available October 18-20, and Mr. Buchler can be available November 8-10 or November 15-17, 2006. Because they each have substantial other demands for that time, please contact us promptly to confirm dates. We do not yet have dates for Mr. Stein, but will get them as soon as we can. During our teleconference, we requested dates for Avie Arenson, but have not heard back from you. In addition to Mr. Arenson, please provide us with dates Michel Konig, Michael Jesselson, Shalom Lamm and Mark Frankel are available for deposition in Wilmington, Delaware.

Very truly yours,

Samuel T. Hirzel

Enclosures
cc:   Sean J. Bellew, Esq. (by email, w/o encl.)

534225v4