# Exhibit G

# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Samuel T. Hirzel
302 351 9132
302 498 6201 Fax
shirzel@mnat.com

November 10, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

   Re: *In re ALH Holdings, LLC*
     Consol. C.A. No. 04-1339-SLR

Dear Sam:

   I write to follow up regarding the issues raised by Defendants' privilege log and in a final effort to avoid the need to approach the Court. I note that we previously raised our concerns regarding a number of deficiencies in the Defendants' privilege log. We subsequently received four revised privilege logs from Defendants that included literally hundreds of new entries, but which did not address the many substantive deficiencies in the assertions of privilege.

   Defendants have made extensive claims of privilege without adequate basis or support in their log. As you are no doubt aware the privilege log must "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." *Chao v. Koresko*, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005); Fed. R. Civ. P. 26(b)(5). A privilege log that recites mere conclusory or *ipse dixit* assertions is not sufficient. *Union Pac. Res. Group, Inc. v. Pennzoil Co.*, 1997 U.S. Dist. LEXIS 24215 (D. Del. Aug. 12, 1997). Defendants' privilege log does not come anywhere close to meeting the standards required to sustain their privilege assertions.

1. <u>Privilege Log Key</u>

Plaintiffs previously requested a "key" indicating the identities of each individual identified in your privilege log and their affiliation, including whether or not they are attorneys. *See Union Pac.*, 1997 U.S. Dist. LEXIS 24215, at *4 ("Union Pacific must provide a description of the author's position in the company, and where appropriate, a recitation of any specialized training or licensing that may be relevant to the assertion of privilege."). Despite that reasonable request, no key was provided, leaving us to try to guess whether particular individuals are attorneys and the scope of the representation.

2. <u>No Attorney Identified</u>

Defendants' privilege log contains many communications for which no attorney is identified. For example, Defendants have asserted privilege over emails between Avie Arenson and "S. Arenson/R. Arenson" regarding topics such as "Information re D.A. Gardens and A. Arenson Holdings." Defendants' privilege log fails to indicate whether any of these individuals are attorneys much less establish that those communications relate to a request for or rendition of legal advice. Similarly, Defendants have asserted privilege over communications between Lamm and M. Frankel regarding topics such as "ABI Purchase Agreement." Without an attorney involved in the communication, and no indication in the log that either the sender or recipient of the communication is relaying comments of counsel, these (and similar) privilege claims are improper.

3. <u>Communications Over Which Defendants May Not Claim Privilege</u>

In addition, Defendants have claimed privilege over communications in which it appears that any privilege attaching to the legal advice (to the extent that it was in fact provided or sought) belongs to the Company, not the Defendants. For example, Defendants claimed privilege over emails between J. Zich and Lamm regarding topics including: "History of ALH", "ALH/Walter Homes Exclusivity Letter", "ALH Board Meeting", "Email re: Lanius", "Minute Books", etc. Even assuming there was a privileged communication (which appears doubtful from the subject descriptions), Defendants have not demonstrated that any privilege that attaches belongs to Mr. Lamm rather than ALH. Defendants' claims of privilege over communications between Lamm and M. Frankel regarding "ABI Purchase Agreement" referenced above suffer from the same defect. Even if those communications reflected the rendition of legal advice (a proposition not demonstrated in Defendants' privilege log), Defendants' privilege log is insufficient to show why any privilege would attached to Mr. Lamm or the Class B investors rather than ALH. Defendants' privilege log is rife with such deficiencies and improper claims of privilege.

4. <u>Inadequate Descriptions</u>

We previously expressed concern regarding the adequacy of the descriptions in Defendants' Privilege logs. For example, Defendants have asserted a claim of attorney client

privilege over communications concerning "Identity of 'B' Investors." That assertion is facially suspect. Defendants' descriptions of such communications are in all events patently insufficient to sustain their burden with respect to their privilege claim. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *High Plains*, 1997 WL 109659, at * 1; *Union Pac.*, 1997 U.S. Dist. LEXIS 24215, at *4 (holding that descriptions such as "Resources Spinoff" and "Potential Transaction" are "facially inadequate"). Notwithstanding the hundreds of claims of privilege, a few additional examples of facially insufficient descriptions include: "Email re: Bowden-revised SPA", "Email re: Ohio Savings Bank", "Email re: Sale of ABI", "Email re: ALH Corporate documentation", "Email re: Telephonic Board Meeting, "Email re: ABI Marketing Materials", "Email re: Wachovia Term Laon-$27.5 Million", "Email re: Sale of ALH and 'B' Buyout", "Email re: Bowden Letter of Intent", "Email re: ALH II Proposed Recapitalization", "Email re: ALH Holdings", "Email re: Swiss Re", "Fax Cover Letter re: Bowden Litigation", "Email re: Valuation of ALH", "Email re: Various ALH Issues", "Email re: Ownership of D.A. Gardens", etc.

     5.     Communications In Which Legal Advice Is Not Sought From Nor Rendered By The Attorneys Identified.

We previously raised our concern that claims of privilege were being made in instances where it appears from the limited descriptions provided that persons with legal training were not acting in their capacities as attorneys. Under Delaware law, the attorney-client privilege protects communications between a client and an attorney only when the attorney is acting in his professional capacity for the purpose of facilitating the rendition of legal advice. Delaware Rule of Evidence 502; *Texaco, Inc. v. Pheonix Steel Corp.*, 264 A.2d 523 (Del. Ch. 1970); *U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls, et al.*, 2005 Del. Ch. LEXIS 95, *5 (Del. Ch. June 9, 2005). For example, the logs include many instances (including in those descriptions identified in the preceding paragraph) in which it appears that Mr. Neuberger was providing business advice or acting as a mere conduit for information and not rendering legal advice. We also note that you have designated Mr. Neuberger as the representative of SELK for purposes of deposition, rendering any claim of privilege especially suspect.

We believe that Defendants' assertions of privilege are so deficient that a Court would conclude that to the extent there is any legitimate claim of privilege, it has now been waived. If Defendants do not intend to substantially reassess their privilege claims by next week, Plaintiffs intend to seek appropriate relief from the Court. Please consider this letter (in addition to our prior correspondence and conferences) to be Plaintiffs' final effort to reach agreement pursuant to Local Rule 7.1.1.

Very truly yours,

Samuel T. Hirzel

cc:   Sean J. Bellew, Esq.

541293