IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| IN RE ALH HOLDINGS LLC | ) | Consol. C.A. No. 04-1339-SLR |
| | ) | |

## NOTICE OF SUBPOENA

Defendants and Counterclaim Plaintiffs, A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., J12ALH Associates, SELK, LLC and Laurel Equity Group, LLC hereby notify Plaintiffs and Counterclaim Defendants, Shamrock Holdings of California, Inc., Shamrock Capital Advisors, Inc., Eugene Krieger, George Buchler and Bruce Stein that they have or will serve the attached subpoena on Holland & Knight.

Dated:  February 27, 2007

/s/ David A. Felice
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: dfelice@cozen.com
*Attorneys for Defendants/Counterclaim Plaintiffs*

Of Counsel:
Thomas M. Wood, IV
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)

Issued by the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

*In re* ALH Holdings, LLC

Case Number: 04-1339-SLR
(pending in the United States District Court for the District of Delaware)

## SUBPOENA IN A CIVIL CASE

TO: Holland & Knight
Attn: Francis W. Costello
633 West Fifth Street, 21st Floor
Los Angeles, CA 90071

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): See Exhibit A hereto

| PLACE | DATE AND TIME |
|---|---|
| 633 West Fifth Street, 21st Floor<br>Los Angeles, CA 90071 | March 28, 2007 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* | 02/27/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Thomas M. Wood, IV, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., One South Street, 27th Floor, Baltimore, Maryland 21202
(410) 332-8523, Attorney for Defendants

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | DATE | PLACE | |
| SERVED ON (PRINT NAME) | | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | | TITLE: |

### DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        Date

_____
Signature of Server

_____
Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE ALH HOLDINGS LLC | ) Consol. C.A. No. 04-1339-SLR |

**DEFENDANTS' AND COUNTERCLAIM PLAINTIFFS'
SUBPOENA FOR PRODUCTION OF DOCUMENTS
DIRECTED TO HOLLAND & KNIGHT**

Pursuant to Fed. R. Civ. P. 26, 34 and 45, Defendants and Counterclaim Plaintiffs, by their undersigned counsel, hereby request that Holland & Knight produce on or before March 28, 2007 the following documents for inspection and copying at 633 West Fifth Street, 21st Floor, Los Angeles, California 90071.

**DEFINITIONS**

1. "ALH" means ALH Holdings, LLC and all past and present subsidiaries and affiliates thereof, including, but not limited to, ALH II, Inc., American Landmark Homes Corporation, Atlantic Builders, Inc., Bowden Building Corporation, and Mulvaney Homes, Inc., individually or collectively.

2. "Holland & Knight" shall include Holland & Knight and any person acting or purporting to act on its behalf, including but not limited to any attorney.

3. "Shamrock" means Shamrock Holdings of California, Inc., and all past and present subsidiaries and affiliates thereof, including, but not limited to, Shamrock Capital Advisors, Inc.

4. "Communication" means every manner of transmitting or receiving information, in the form of facts, ideas, inquires or otherwise, including conversations (whether face-to-face, by telephone or otherwise), meetings, conferences, consultations, discussions, negotiations and agreements.

5. "Concerning" means relating to, referring to, reflecting, describing, evidencing or constituting.

6. "Document" is used in its broadest sense, encompassing all forms of information within the scope of Fed. R. Civ. P. 34(a), whether in hard copy, electronic or other medium, including all drafts and non-identical copies. As used herein, the term "document" includes intangible things.

## INSTRUCTIONS

1. This subpoena and any subsequent requests for production of Documents seeks production of each Document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document

2. If any Document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such Document, a written statement (a) identifying the person(s) who prepared or authored the Document and, if applicable, the Person(s) to whom the Document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the Document (eg. letter, e-mail, etc.), (d) stating briefly why the Document is claimed to be privileged or to constitute work product and (e) identifying the paragraph of the request to which the document relates.

3. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, those portions of the Document subject to the claim of privilege shall be deleted or redacted from the Document following the instructions in the preceding paragraph and the rest of the Document shall be produced.

4. All documents shall be produced as they are kept in the usual course of business. Copies of all labels or other markings indicating the nature, source or other characteristics of

documents produced such as labels on file folders, dividers and other containers shall be included with the documents produced. Documents maintained in electronic form including all metadata shall be produced in their original electronic form and not converted to any other format.

5. If any document responsive to this request was in your possession, custody or control, but is no longer in your possession, custody or control, please furnish a description of the document and indicate the manner and circumstances under which the document left your possession, custody or control, and its present whereabouts, if known.

6. This request is continuing in nature and any additional documents that are discovered or located subsequent to the filing of the response to this request that would have been properly included had they been discovered or available at the time that the responses were made, are to be supplied by supplemental responses.

7. All objections to any category of Documents to be produced pursuant to this and any subsequent Document request or to any definition or instruction it contains shall be in writing and delivered to the offices of Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., One South Street, 27th Floor, Baltimore, Maryland, 21202, on January 31, 2007 or at such earlier time as the parties may agree or the Court may order.

## DOCUMENTS TO BE PRODUCED

1. All Documents concerning Holland & Knight's representation of ALH.

2. All Documents concerning communications between any person and Holland & Knight relating to ALH.

3. All Documents contained in any Holland & Knight file concerning ALH including, but not limited to, attorneys' notes, memoranda, drafts of documents prepared for ALH, etc.

4. All Documents concerning any work performed by Holland & Knight for ALH.

5. All Documents concerning bills for legal services performed by Holland & Knight for ALH.

6. All bills for legal services performed by Holland & Knight for ALH with detailed descriptions of the work performed and the hourly breakdown of each bill.

Dated: February 27, 2007

/s/ David A. Felice
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
Email: dfelice@cozen.com
*Attorneys for Defendants/Counterclaim Plaintiffs*

Of Counsel:
Thomas M. Wood, IV
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)