# Exhibit B

LAW OFFICES
NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.
27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

October 3, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re: *In re ALH Holdings, LLC*
C.A. No: 04-1399-SLR

Dear Mark:

This letter is in response to your correspondence of September 25, 2006 raising various discovery issues.

**I. Document Production Issues**

**A. Shamrock's Production**

After re-reviewing all the documents Shamrock produced, we found documents Bates numbered Shamrock 000001 through 01208. They were produced as part of Shamrock's Fed. R. Civ. P. 26(a)(1)(B) disclosure. If there are other documents with those same Bates numbers, we did not receive them, as box 1 began with Bates number 01209.

**B. Privilege Log/Redacted Documents**

It is unclear from your letter whether the revised privilege log that you produced is the final log. Your letter states "We have enclosed a revised privilege log to you in the near future". Does that mean the log you provided is the revised log or that additional documents will be added to the revised log and that log will be provided in the near future. We are reserving comment on the revised log until a later date.

## II. Additional Questions

### A. Defendants' Objections

As indicated in our email correspondence to Douglas Pepe dated June 29, 2006, the Responses to Requests 5, 6, 23 and 48 are limited by the objections. Below are additional responses to your request for further information regarding Requests No. 5, 6, 23 and 48.

**Request No. 5:**

We produced documents concerning any business dealings involving two or more Class B Members that relate to ALH. We agree that the Laurel Note documents are relevant, and we do not refuse to produce those documents. We are making further inquiries about the Laurel Note documents, and will provide more information later. We did not produce any documents concerning business dealings involving two or more Class B Members that do not relate to ALH and we maintain our objections as stated in our response.

**Request No. 6:**

The term "American Debt" is not defined in your document request and we were unable to determine to what you are referring. Possibly, you are referring to the ALH Florida debt referenced in the July 1, 2001 Agreement. The documents regarding the American Debt, the Arbor Debt, the Ash Payment and the Elovic Debt have no relevance to this lawsuit and we maintain our objections as stated in our response.

**Request No. 23:**

Documents regarding QACC LLC and Cousy, LLC have no relevance to this lawsuit and we maintain our objections as stated in our response.

**Request No. 48:**

The formation documents have been provided for Jays Twelve LLC, J12ALH Associates, NACA Holdings, Sallervale Company Inc. and SELK, LLC. We will provide the formation documents for A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., and Laurel Equity Group, LLC. The formation documents for the following entities are not relevant and have not been provided: Cousy, LLC, ALH-EBC Corporation, American Landmark Homes Corporation, Landmark Equity

Investors LLC, Lion ALH Capital, LLC, Lion & Lamm Capital, LLC and QACC LLC.

**B. Descriptions in Defendants' Privilege Log**

In response to your concerns, we have revised our privilege log and provided additional information. We have enclosed two updated logs for the "Class B" documents which identify the documents which are privileged, as well as those documents which have been redacted. In addition, we have enclosed documents previously withheld as privileged. Some of these documents have been produced in full, while others have been redacted. Also, we have enclosed unredacted versions of additional "Class B" documents which were initially redacted. These documents are referenced with a "U" at the end of the bates number. We will be providing a privilege log for the documents designated "L000_" as well as additional "L000_" documents in the near future.

**C. Redactions of Names, Subject Lines, Etc. In Production**

The non-privileged information that has been redacted from the documents i.e. names and dates, is provided on the privilege log.

**D. Lamm/SELK Representation**

Our communications with Shalom Lamm were in his capacity as managing member of SELK and are therefore privileged. SELK became a client of our firm in December 1997. The remaining Class B members became clients of our firm in February 2002. We have no documents that evidence these dates that are not protected by the attorney-client privilege other than a Client Matter form that is included herein.

**E. Depositions**

We would like to depose Mr. Buchler in Wilmington beginning on November 15, 2006 until completed. Please provide dates in November or December for Messrs. Krieger and Stein. We will agree to make a representative of SELK and Mr. Arenson, individually and on behalf of D.A. Gardens Ltd. and A. Arenson Holdings, Ltd., available in Wilmington, in exchange for your making Messrs. Krieger, Buchler and Stein available in Wilmington. However, we will have to discuss where the depositions of Messrs. Jesselson, Frankel and Lamm, all non-parties, will take place, as New York, New Jersey or Maryland may be more

convenient. As for Mr. Konig, he also is not a party and we will have to discuss the location of his deposition. Further, Messrs. Jesselson, Frankel and Lamm are generally available in late November and early December. Please provide us with dates of your availability and we will consult with Messrs. Konig and Arenson about their availability. We also intend to notice the deposition of the Fried Frank lawyers who represented both Shamrock and ALH. Please provide dates in November when you will be available.

Please call to discuss any of these issues at your convenience.

Very truly yours,

Thomas M. Wood, IV

TMW/tem
Enclosure