# Exhibit C

LAW OFFICES

# Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

Fax No.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

November 22, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re:    *In re ALH Holdings, LLC*
C.A. No: 04-1399-SLR

Dear Mark:

I write in response to your letter dated November 10, 2006 regarding issues relating to Defendants' privilege logs.[1]

We have now re-reviewed all of the privileged Class B documents and the corresponding privilege and redacted logs. Enclosed please find additional documents which upon further review we now consider to be non-privileged and new versions of the Class B privilege and redacted logs. By producing these "new" documents we have not waived any applicable privilege which may attach to these or any other documents.

In addition, it has come to our attention that the documents containing a "U" at the end of the Bates numbers which we produced on October 3, 2006 were labeled incorrectly. We have enclosed new versions of these unredacted documents with the correct Bates numbers. You may wish to destroy the previously produced documents to avoid any confusion.

As to the Lamm documents we are in the process of reviewing the documents and the logs and expect to have additional documents and updated logs to you next week.

Our response to the other issues raised in your letter is as follows:

**1. Privilege Log Key**

We were under the impression that you knew the identities of the persons referenced on the privilege logs. The only inquiry we recall regarding identities of persons on the logs was in a letter dated October 6 in which you asked us to identify "H. Iaulus." Please note that while we previously indicated Mr. Iaulus to be a lawyer for Shalom Lamm, Mr. Ialus is in fact a lawyer for

---

[1] As an initial matter, I believe you are incorrect that we previously sent you "four revised privilege logs." We did send you updated versions of the Class B privilege and redacted logs on October 3, 2006, but have only sent one version of the Lamm privilege and redacted logs.

241975/3804.3

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.
S. Mark Hurd, Esquire
November 22, 2006
Page 2

Michael Jesselson. In any event, we are happy to provide you with a privilege log key. The identity of all individuals can be found in the enclosed Privilege Log Key.

**2. No Attorney Identified**

Any communications on the logs that do not involve an attorney are communications made regarding advice from a lawyer or information to be forwarded to a lawyer. *See U.S. Bank Nat'l Assoc. v. U.S. Timberlands Klamatch Falls, LLC*, 2005 WL 2037353, at *3 (Del. Ch. June 2, 2005) (holding, "communications originating from non-attorneys can be protected by the attorney-client privilege, if those communications relay legal advice from counsel to a party with a common interest."). These communications are described as such on the updated logs.

**3. Communications Over Which Defendants May not Claim Privilege**

We continue to maintain that the privileges claimed on the logs belong to the Class B members or Mr. Lamm individually, not to ALH. The communications with Mr. Neuberger and other attorneys were for purposes of obtaining legal advice from an investor's perspective, not on behalf of ALH. For example, Lamm communicated with Mr. Neuberger frequently as the managing member of SELK, a class B member, for advice on the effect certain actions would have on the Class B investment in ALH. In addition, Mr. Lamm consulted his attorney, Mr. Lobell, on numerous occasions for legal advice on how his actions at ALH affect him personally, not as an agent for ALH.[2]

In fact, Plaintiffs make similar claims of privilege with respect to communications between Krieger, Buchler, and Fried Frank which clearly relate to ALH matters.[3] These claims of privilege are especially suspect given the fact that Fried Frank represented both Shamrock and ALH. Plaintiffs' contention that the Class A members' communications with Fried Frank regarding ALH are privileged but that the Class B members communications with their lawyers belongs to ALH is inconsistent.

**4. Inadequate Descriptions**

The descriptions on the privilege logs are sufficient because the logs "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." *Chao v. Koresko*, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005). In fact, the descriptions on Plaintiffs' privilege log are very similar to Defendants' except that Plaintiffs add catch phrases such as "confidential" and "legal advice." We do not feel that such language is necessary in each description because, by definition, the attorney-client privilege includes these terms:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for purposes of facilitating the rendition of professional legal services to the client . . .

---

[2] The communications between Lamm and Lobell appear on the Lamm privilege logs which will be produced in the near future.

[3] See eg. Plaintiffs' Privilege Log, Doc Nos. 3, 9, 28, 29, 30.

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.
S. Mark Hurd, Esquire
November 22, 2006
Page 3

---

Deleware Uniform Rule of Evidence 502. Therefore, it is implicit in each description where Defendants are claiming the attorney client privilege on the logs that communications from a client to his lawyer were for purposes of obtaining legal advice and each communication from a lawyer to a client was the rendition of legal advice. It is not necessary to repeat these words on each description.

**5. Communications In Which Legal Advice is Not Sought From Nor Rendered By the Attorneys Identified**

As discussed above, all communications in which Defendants claim the attorney-client privilege were for purposes of obtaining legal advice or the rendition of legal advice and are therefore privileged. Mr. Neuberger was the lawyer for the Class B members, including SELK, and in that role rendered legal advice to SELK's members including Mr. Lamm.

Finally, we disagree with your contention that "Defendants' assertions of privilege are so deficient that a Court would conclude that to the extent there is any legitimate claim of privilege, it has now been waived." This assertion is contrary to case law you cited in your letter. Specifically, in *U.S. Bank Nat'l Accoc. V. U.S. Timberlands Klamath Falls, LLC*, 2005 WL 2037353, at *5 (Del. Ch. June 9, 2005), the court held where the basis for the assertion of attorney-client privilege was not obvious from the privilege log, the proper procedure was to allow the party to amend its log to state more clearly the basis for its claim of privilege with respect to the challenged documents.

In the future, if you have further issues or objections relating to the privilege logs it would be helpful if you referenced a Bates number so we can review the challenged documents and respond appropriately.

After you have had a chance to review the "new" documents and the revised logs please call with any issues. We are hopeful that we can resolve any disputes regarding our document production without court involvement.

Very truly yours,

Thomas M. Wood, IV

TMW/bmb
Enclosure
cc:    Sean J. Bellew, Esquire