IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE ALH HOLDINGS LLC | ) ) ) | Consol. C.A. No. 04-1339-SLR |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
SUPPLEMENT THE RECORD WITH DEPOSITION TESTIMONY
TAKEN AFTER THE CLOSE OF BRIEFING ON PLAINTIFFS' MOTION
TO COMPEL THE CLASS B PARTIES TO PRODUCE DOCUMENTS CLAIMED AS
PRIVILEGED OR FOR *IN CAMERA* INSPECTION AND
TO CONTINUE CERTAIN DEPOSITIONS**

Defendants hereby respond to Plaintiffs' motion to supplement the record with deposition testimony taken after the close of briefing on Plaintiffs' Motion to Compel the Class B Parties to Produce Documents Claimed as Privileged or for In Camera Inspection and to Continue Certain Depositions (D.I. 138, the "Motion to Supplement").

Plaintiffs misinterpret the testimony of Mr. Neuberger regarding his representation of SELK and fail to include relevant portions of the transcript relating to both the SELK representation and the work product doctrine. Defendants do not object to Plaintiffs' request to supplement the record; however, Defendants do object to the mischaracterization of the deposition testimony and request leave to further supplement the record with portions of Mr. Neuberger's deposition transcript, attached hereto as Exhibit A, which more accurately summarizes his testimony relating to the matters at issue.

First, Defendants object to Plaintiffs' interpretation of the testimony with respect to SELK. Plaintiffs claim that Mr. Neuberger's testimony establishes that Mr. Lamm was not authorized to make decisions for SELK and that Mr. Neuberger was the individual responsible for the decisions of SELK. In fact, Mr. Neuberger's deposition testimony establishes just the opposite—that Mr. Lamm was, in fact, responsible for making decisions for SELK. While Mr.

Neuberger stated that Mr. Lamm was not authorized to make *unilateral* decisions for SELK (Neuberger transcript (D.I. 138 at Ex. A, 18)), he later explained, "Lamm was the manager of SELK. And consistent with SELK's investment in ALH, whatever was appropriate, he can make those decisions." *Id*. at 26. Moreover, Mr. Neuberger testified that Mr. Lamm was not authorized to execute a guarantee on behalf of SELK but this was simply because "it wasn't at the furtherance of SELK's investment in ALH." *Id*. at 26. None of this testimony leads to the conclusions that "Mr. Neuberger was responsible for the decisions of Class B member SELK," or that Mr. Lamm "was not authorized to make decisions for SELK." (D.I. 138 at 1). In fact, these assertions conflict with Article VI of the SELK Operating Agreement, attached hereto as Exhibit B, which appoints Mr. Lamm as Manager and grants him "full, exclusive and complete discretion, power and authority . . . to manage, control, administer and operate the business and affairs of the Company for the purposes herein state."

In addition, Plaintiffs' contention that because "there was no decision to be made by SELK" there is no attorney-client privilege between Mr. Neuberger and Mr. Lamm is without merit. As discussed fully in Section I(C) of Defendants' Opposition to Plaintiffs' Motion to Compel (D.I. 132), Mr. Lamm conferred with Mr. Neuberger regarding matters affecting SELK and the other Class B Members. The fact that no decision was to be made *by* SELK is irrelevant to whether the communications are privileged. In testimony not included in Plaintiffs' Motion to Supplement, Mr. Neuberger specifically stated that he provided advice to Mr. Lamm only with respect to matters that *relate to or affect* SELK. (Exhibit A at 184). Accordingly, all of these communications are protected by the attorney-client privilege.

Second, Defendants object to Plaintiffs' selective use of excerpts from Mr. Neuberger's deposition relating to the timing of the anticipation of litigation. Mr. Neuberger explained when

he anticipated litigation. (Exhibit A at 184-189). This testimony makes clear that litigation was anticipated in the summer of 2002 as Defendants have previously asserted in their Opposition to Plaintiffs' Motion to Compel. (D.I. 132 at 23-26).

WHEREFORE, if the Court grants Plaintiffs' Motion to Supplement, Defendants request that, to ensure a complete record, the Court also grant leave to supplement the record with the additional pages of Mr. Neuberger's deposition transcript, attached hereto as Exhibit A.

Dated: March 30, 2007

*/s/ David A. Felice*
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013

- and –

Thomas M. Wood, IV
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD 21202-3201
Telephone: (410) 332-8523
Facsimile: (410) 332-8564

*Attorneys for Defendants Abraham Arenson, A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., J12ALH Associates, SELK, LLC and Laurel Equity Group, LLC*