IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE ALH HOLDINGS LLC | ) ) ) ) | Consol. C.A. No. 04-1339-SLR |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'
MOTION FOR FURTHER RELIEF AND MOTION FOR SANCTIONS**

Defendants,[1] by their undersigned counsel, file this Opposition to Plaintiffs'[2] Motion For Further Relief on Plaintiffs' Motion to Compel and for Sanctions (D.I. 153, the "**Motions**").

Plaintiffs again distort Defendants' position and seek inappropriate relief. Plaintiffs claim that in their Motion to Compel,[3] they sought to compel the production of 1,100 entries on Defendants' privilege logs, when as set forth in detail by Defendants in Exhibit A to their Opposition to the Motion to Compel, (D.I. 132), the documents at issue comprise 263 documents (the "**disputed documents**").[4]

**RELEVANT BACKGROUND**

In December 2006, Defendants informed Plaintiffs that the privilege logs were final but asked that Plaintiffs' counsel please reference specific documents by Bates number if they had any further objections. On February 1, 2007, Plaintiffs filed the Motion to

---

[1] Defendants in this action are A. Arenson Holdings, Ltd. ("Arenson Holdings"), D.A. Gardens, Ltd. ("D.A. Gardens"), J12ALH Associates ("J12ALH"), Selk, LLC ("SELK") and Laurel Equity Group LLC ("Laurel") and Defendant Abraham Arenson ("Arenson") (collectively "Defendants").

[2] Plaintiffs in this action are Shamrock Holdings of California, Inc. ("Shamrock"), Shamrock Capital Advisors, Inc. ("SCA"), Eugene I. Krieger ("Krieger"), George J. Buchler ("Buchler"), and Bruce J. Stein ("Stein") (collectively "Plaintiffs").

[3] Opening Brief in Support of Motion to Compel the Class B Parties to Produce Documents Claimed as Privileged or for *In Camera* Inspection and to Continue Certain Depositions is docket item 117.

[4] The following summarizes the disputed documents:
- Class B redacted log:   43 email trails, 1 fax cover letter and 1 internal chart.
- Class B privilege log:   42 email trails.
- Lamm privilege log:     127 email trails, 2 fax correspondences, 1 draft
                          narrative and 4 memos
- Lamm redacted log:      42 email trails, 2 memos, 1 fax correspondence and 1 fax with
                          handwritten notes.

*See* D.I. 117, Exhibit A.

Compel and it was fully briefed by both parties by March 12, 2007. On March 23, 2007, Plaintiffs filed a Motion to Supplement the Record (D.I. 138), and Defendants responded to the Motion to Supplement on March 30, 2007. (D.I. 140). On April 18, 2007, the Court ordered that Plaintiffs identify 36 documents for *in camera* review. On April 23, 2007, Defendants produced the 36 unredacted documents to the Court. On April 24, 2007,[5] the Court ordered that the 36 documents be produced "as the contents of said documents relate to business, not legal, matters"(the "Order"), and further stated that the documents were produced with redactions and as a result "I chose not to further redact the few sentences I found which arguably did relate to legal advice." (D.I. 151). Further, the Court based its decision that Mr. Neuberger was acting as a business partner and not a lawyer, in part, on Bates L14058, an email from Mr. Lamm to Messrs. Neuberger and Arenson in which Mr. Lamm indicates that he will "consult his attorney." The same day the Order was filed, Defendants filed an emergency request for a teleconference requesting clarification of the Order because Defendants provided the Court with all 36 unredacted documents and had merely provided the redacted versions to demonstrate which portions of the emails were withheld as privileged, and because in L14058, Mr. Lamm was not referring to consulting his attorney on matters relating to SELK but was referring to consulting his attorney on matters relating to Mr. Elovic.[6] Plaintiffs opposed the emergency request for a teleconference until May 1, 2007, when Plaintiffs requested an emergency teleconference. On May 1, 2007, Defendants joined in Plaintiffs' request for a teleconference.

On May 3, 2007, Defendants produced the 36 documents but reserved their right to recall the documents if in its response to Defendants' emergency request, the Court revised its earlier ruling. On May 4, 2007, Plaintiffs filed the Motions for further relief and for

---

[5] The Court's order was dated April 24, 2007, but it was not entered and received until April 25, 2007.
[6] Mr. Lamm's attorneys at Weil, Gotshal & Manges represented him in a lawsuit filed by Mr. Elovic and assisted in drafting a settlement agreement resolving that dispute. Mr. Lamm was concerned that Mr. Elovic's email to Mr. Arenson was a violation of that settlement agreement.

sanctions complaining that "on the eve of trial, Plaintiffs have received only 36 of the documents. . . [and] have not received the remainder of the documents not included in the sample sent to the Court for *in camera* inspection[.]"[7] (D.I. 153 at 3).

Plaintiffs' receipt of the documents on the "eve of trial" is due, in part, to the actions of Plaintiffs following the entry of the Order. First, Defendants' request for emergency relief did not prevent Plaintiffs from filing their request for further relief and sanctions. The Order was entered on April 24, 2007 at which time Plaintiffs promptly, and in good faith, requested emergency relief asking for clarification of the Order. Plaintiffs were free to file the Motions at that time, but instead waited until May 4, 2007, one business day before the trial, to file the Motions. In addition, after Defendants filed their request for emergency relief through May 4, 2007, Plaintiffs did not attempt to contact Defendants in an effort to resolve this dispute. Instead, Plaintiffs sat back and waited until the "eve of trial" to file the Motions; thereby exacerbating the delay and adding to the problem for which Plaintiffs are now seeking relief.

For the reasons set forth in detail in Defendants' Opposition, (D.I. 132), Plaintiffs' Motion for further relief should be denied and Defendants should be granted additional time to brief the new Motion for Sanctions.

## ARGUMENT

Defendants' assertion of privilege over the 263 documents was based on the good faith belief that Mr. Neuberger was primarily providing legal advice and that Mr. Lamm was communicating with Mr. Neuberger as the managing member of SELK. Plaintiffs cannot demonstrate that Defendants acted in bad faith or took any action "to obstruct legitimate discovery by withholding damaging documents." (D.I. 153 at 3).

---

[7] As demonstrated by the chronology of events, Plaintiffs' decision to wait until February to file the motion to compel and then to file a supplement thereby extending the briefing period caused the delay in resolution of this dispute until the "eve of trial."

Plaintiffs are now seeking to broaden their request for relief by asking for all privileged documents—not the 263 documents that were requested in their Motion to Compel. Such a wholesale waiver of the attorney-client privilege is unwarranted.[8] As stated by the Superior Court of Delaware, "the weight of authority in this and other jurisdictions holds that waiver of privilege should be granted only in cases of the most egregious conduct by the party claiming the privilege." *Wolhar v. General Motors Corp.*, 712 A.2d 457, 463 (Del. Super. Ct. 1997); *see United States v. Phillip Morris Inc.*, 347 F.3d 951, 954 (D.C. Cir. 2003) (quoting *First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361 (D. Kan. 1995) ("As the federal rules, case law and commentators suggest, waiver of a privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith."); *EEOC v. Safeway Store, Inc.*, 2002 WL 31947153, *3 (N.D. Cal. Sept. 16, 2002) (recognizing the "harshness" of waiver and denying waiver where a privilege log was six months tardy and only produced in response to a motion to compel); *compare Ritacca v. Abbott Labs.*, 203 F.R.D. 332, 335 (N.D. Ill. 2001) (recognizing the harshness of waiver and finding waiver due to "inexcusable and unjustified delay in asserting the attorney-client privilege" because defendant failed to assert the privilege for four months and falsely claimed that gaps in bates numbers were duplicates for over three months). Such egregious conduct is not present here where Defendants cooperated with Plaintiffs' discovery requests, continually supplemented their document production by revising the logs and producing additional documents as necessary and have acted on the good faith belief that Defendants were entitled and remain entitled to assert the privilege over the disputed documents.

---

[8] The "three exceptions" are documents that were not requested in the Motion to Compel.

Dated: May 7, 2007

*/s/ Sean J. Bellew*
Sean J. Bellew (#4072)
David A. Felice (#4090)
Chase Manhattan Centre
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000
(302) 295-2013 (Fax)

Thomas M. Wood, IV
Nichole M. Galvin
Brian M. Boyle
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8523 (Direct)
(410) 332-8564 (Fax)
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Sean J. Bellew, do hereby certify that on May 7, 2007, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

      A. Gilchrist Sparks, III, Esq.
      S. Mark Hurd, Esquire
      Morris, Nichols, Arsht & Tunnell
      1201 North Market Street
      P.O. Box 1347
      Wilmington, DE 19899

      */s/ Sean J. Bellew*
      Sean J. Bellew (#4072)
      Cozen O'Connor
      Chase Manhattan Centre
      1201 N. Market Street, Suite 1400
      Wilmington, DE 19801
      Telephone: (302) 295-2000
      Facsimile: (302) 295-2013
        *Attorneys for Defendants*