IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| IN RE ALH HOLDINGS, LLC | ) <br> ) Consol. C.A. No. 04-1339 – SLR <br> ) |

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION
FOR FURTHER RELIEF ON PLAINTIFFS' MOTION TO COMPEL
AND FOR SANCTIONS**

Plaintiffs respond briefly to Defendants' Response in Opposition to Plaintiffs' Motion for Further Relief and for Sanctions (the "Response") in further support of Plaintiffs' Motion for Further Relief and for Sanctions (D.I. 153, the "Motion"), which fails to address and thereby conceded all but a portion of one of the claims for further relief in the Motion. Defendants' Response is factually misleading and further evidence of Defendants' dilatory and prejudicial behavior with respect to the documents over which Defendants are asserting privilege -- the vast majority of which concern the lead named partner of the law firm representing Defendants in this action.

At the outset, three factual points warrant clarification. First, as stated in the Motion, Plaintiffs' motion to compel (D.I. 116, the "Motion to Compel") sought to compel Defendants to produce "documents reflected in over 1,100 entries on their privilege logs." D.I. 153 at 1. There is no dispute that the privilege logs produced by Defendants contained that many entries. That Defendants apparently chose to log the same document multiple times such that, by their count (based on documents Plaintiffs do not have), *only* 263 documents are "disputed" does not further their position. Second, Plaintiffs' decision to wait to actually receive the sample of 36 documents before filing the Motion was perfectly reasonable. Surely a party should not file a motion unless they

are certain that there is a proper basis and reason for filing it.  Plaintiffs would not have sought further relief if the documents were of limited probative value.  Many of the 36 documents belatedly produced, however, have become trial exhibits and Plaintiffs can only speculate as to what Defendants continue to withhold improperly.  Third, Plaintiffs' decision to wait until February 1, 2007 -- after the depositions of Mr. Arenson and Lamm -- to file their Motion to Compel, was likewise reasonable and responsible.  At those depositions, Plaintiffs probed the elements of Defendants' privilege assertions by asking questions about the elements of the privilege assertion.  Only after it was clear that those elements were not satisfied did Plaintiffs file their Motion to Compel.  Again, Plaintiffs were responsible, not dilatory.

None of the points emphasized by Defendants and addressed above go to the substance of the Motion.  The balance of Defendants' response fairs no better substantively:

- First, Defendants do not dispute that the 36 documents produced for *in camera* inspection constituted a "sample" of the documents over which privilege was asserted and that the Court's April 18 Order indicated that "if the court determined from a review of that sample that the claim of privilege had been inappropriately asserted, the court shall grant further relief."  D.I. 145.  Clearly, having batted 36 for 36 on the sample, Plaintiffs are entitled under the Court's April 18 Order to the balance of the documents sought on the Motion to Compel from which the sample was drawn.

- Second, Defendants do not dispute that continued depositions are appropriate.

- Third, Defendants do not even address the standard under FRCP 37(a)(4)(A), which requires an award of reasonable fees and expenses in connection with the Motion to Compel unless the withholding of documents was "substantially justified or that other circumstances make an award of expenses unjust."

- Fourth, there is no indication the Defendants oppose the requested amendment to the Pre-Trial Order.

Instead, Defendants argue only: (1) that they did not act in bad faith with respect to their privilege assertions; and (2) that their conduct was not sufficiently reprehensible to result in a waiver of privilege with respect to the limited few documents not highlighted in the privilege logs attached as Exhibit A to the Opening Brief on the Motion to Compel the Class B Parties to Produce Documents Claimed as Privileged or for *In Camera* Inspection and to Continue Certain Depositions (the "Opening Brief") that do not fall within one of the exceptions noted in the Motion. Given the very limited universe of disputed documents in that category, the limited time before Defendants will be required to put on their case at trial, and the resulting need for a prompt resolution of the Motion, Plaintiffs will limit that portion of their Motion seeking the production of additional documents to one copy (regardless of multiple bates ranges) of those documents highlighted on Exhibit A to the Opening Brief and not produced as part of the sample. As a result, the Court need not address whether Defendants' conduct is sufficiently reprehensible to result in a waiver.

Finally, Defendants suggest that the Motion should be denied because "Defendants should be granted additional time to brief the new Motion for Sanctions." D.I. 154 at 3. Of course, Defendants have had that opportunity and submitted a written response. They should not be permitted to further delay the production of the remaining documents *during* the trial when they have already submitted a written response.

3

WHEREFORE, Plaintiffs seek the further relief sought in connection with the Motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


    /s/ Samuel T. Hirzel
A. Gilchrist Sparks, III (#467)
S. Mark Hurd (#3297)
Samuel T. Hirzel (#4415)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
*Attorneys for Plaintiffs &
Counterclaim Defendants*

May 7, 2007

821188.4

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

>Sean J. Bellew
>David A. Felice
>Cozen O'Connor
>Chase Manhattan Centre
>1201 North Market Street, Suite 1400
>Wilmington, DE 19801

>*/s/ Samuel T. Hirzel*
>_____
>Samuel T. Hirzel (#4415)