# EXHIBIT D

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

SAMUEL T. HIRZEL
302 351 9132
302 498 6201 FAX
shirzel@mnat.com

September 25, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

Re:  *In re ALH Holdings, LLC*
     Consol. C.A. No. 04-1339-SLR

Dear Sam:

I write to follow up on our conference call on August 23 regarding outstanding discovery issues. In response to your inquiries, please be advised that:

A.  Shamrock's Production

Plaintiffs' production totals 49,083 pages beginning at Shamrock 000001 and concluding at Shamrock 049083. All documents withheld on the basis of privilege have been logged. You indicated that it appeared that Shamrock's production began at Shamrock 1100, which is incorrect. If you have not received or have misplaced the first 1,100 pages, please let us know and we will provide you with another set.

B.  Privilege Log / Redacted Documents

We have enclosed a revised privilege log to you in the near future. Documents bates labeled Shamrock 05452 & 06088 were previously produced in redacted form and are produced in unredacted form with the "U" suffix with this letter. Document numbered 18 on Shamrock's privilege log is being produced as Shamrock 48989-90.

C.  Additional Documents

At your request, we are treating Defendants' document request to Plaintiffs as if it had also been directed to ALH, and are in the process of determining what additional documents may exist. We believe we will be in a position to produce "ALH" documents in a week to ten

Thomas M. Wood, IV, Esquire
September 25, 2006
Page 2

days. We confirm that no documents in the files of the Shamrock parties have been withheld from production because they were "ALH" documents.

Also, enclosed are additional documents with Bates numbers Shamrock 49073-49083.

We also reiterate questions we asked of you during our teleconference:

    A.    Defendants' Objections

We again asked that Defendants confirm that they had produced all documents responsive to Requests No. 5, 6, 23 and 48 seeking:

- All documents concerning any business dealings involving two or more Class B Members, whether or not such business dealings relate to ALH, including all documents concerning: the making and satisfaction of the $1.75 million promissory note issued by American Landmark Homes to Y. Frankel, dated December 15, 1997 and signed by Lamm (the "Laurel Note"); the agreement assigning the Laurel Note to Laurel, dated June 1, 1998 and signed by Y. Frankel; and the release of the Laurel Note, dated June 9, 1998 and signed by Y. Frankel;

- All documents concerning the American Debt, the Arbor Debt (including all documents concerning the making and performance of the agreement concerning the Arbor Debt between Lion ALH Capital LLC, Lamm, Zich and Shamrock, dated June 12, 1998), the Ash Payment and the Elovic Debt (including all documents concerning the making and satisfaction of the $2 million promissory note issued by American Landmark Homes to Eugene Elovic, dated September 3, 1997 and signed by Lamm, the release of such note by Eugene Elovic, dated June 9, 1998, and Lamm's personal $2 million promissory note to Eugene Elovic);

- All documents concerning the pledge by Cousy, LLC of certain equity interests in QACC LLC to ALH, pursuant to the pledge agreement between Cousy LLC and ALH dated July 1, 2001, to secure the promissory note dated July 1, 2001 issued by the Lion Management Persons, including all documents concerning the value of the equity interests in QACC LLC and all financial statements, audited or unaudited, of QACC LLC and Cousy, LLC, whether separate or combined with the financial statements of any other entity.

- All documents concerning the formation of A. Arenson Holdings, Ltd., ALH-EBC Corporation, American Landmark Homes Corporation, Cousy, LLC, D.A. Gardens, Ltd., Jays Twelve LLC, J12 ALH Associates,

Thomas M. Wood, IV, Esquire
September 25, 2006
Page 3

> Landmark Equity Investors LLC, Laurel Equity Group, LLC, Lion ALH Capital, LLC, Lion & Lamm Capital, LLC, NACA Holdings Inc., QACC LLC, Sallervale Company Inc. and SELK, LLC.

Defendants' response to those requests are qualified -- Defendants state that they have agreed to produce documents only "to the extent that these documents are related to the issues raised in the litigation." From that qualification, we are unable to determine what documents, if any, Defendants have determined need not be produced. We have asked you to confirm that documents related to the matters expressly identified in these requests -- all of which are relevant to issues in this case – have been or will be produced. If not, provide a detailed basis for your objection and explain the nature of any documents that have been withheld from production on the basis of your objections.

    B.    Descriptions in Defendants' Privilege Log

During our teleconference, we expressed concern with the extent of the descriptions contained in Defendants' privilege log. *See Chao v. Koresko*, 2005 U.S. App. LEXIS 22025, *13 (3d Cir. Oct. 12, 2005); *Union Pac. Res. Group, Inc. v. Pennzoil Co.*, 1997 U.S. Dist. LEXIS 24215 (D. Del. Aug. 12, 1997); FED. R. CIV. P. 26(b)(5). *See also, High Plains Corp. v. Summit Resource Mgmt.*, 1997 U.S. Dist. LEXIS 2766, * 4 (D. Kan. Feb. 12, 1997) (an *ipse dixit* claim of privilege does not suffice). We do not believe any of the descriptions are adequate and, based on documents that have been produced to date, note that in many instances Mr. Neuberger was providing business and not legal advice as to which a claim of privilege would be improper. You indicated you would evaluate the descriptions and promptly provide a revised log.

    C.    Redactions of Names, Subject Lines, Etc. In Production

Plaintiffs noted that Defendants' production includes a substantial amount of redactions, including of things such as names, dates and subject lines in emails. We are aware of no basis for redacting any information that would appear on a privilege log, including names, dates, and generalized descriptions.

    D.    Lamm / SELK Representation

You indicated that all of the Class B investors retained your law firm in February 2002. From the documents produced to date and Defendants' privilege log, it is unclear when Avie Arenson, Shalom Lamm and SELK became clients of your firm. A clear answer to this question is necessary to assess the propriety of Defendants' claims of privilege. Please provided us with the date(s) on which Mr. Arenson, Mr. Lamm and SELK became clients of your firm, and documents pertaining to or evidencing the date upon which Mr. Arenson, each of the Class B parties, and Mr. Lamm retained your firm.

Thomas M. Wood, IV, Esquire
September 25, 2006
Page 4

              E.    <u>Depositions</u>

        During our teleconference, you requested that we provide you with dates for depositions of Messrs. Buchler, Kreiger and Stein. You also indicated that you wished to take their depositions in Wilmington, Delaware. We are prepared to make them available in Wilmington provided that you agree to make the Defendants available in Wilmington. Please confirm that you will do so. Subject to such confirmation, Mr. Kreiger can be available October 18-20, and Mr. Buchler can be available November 8-10 or November 15-17, 2006. Because they each have substantial other demands for that time, please contact us promptly to confirm dates. We do not yet have dates for Mr. Stein, but will get them as soon as we can. During our teleconference, we requested dates for Avie Arenson, but have not heard back from you. In addition to Mr. Arenson, please provide us with dates Michel Konig, Michael Jesselson, Shalom Lamm and Mark Frankel are available for deposition in Wilmington, Delaware.

                    Very truly yours,

                    Samuel T. Hirzel

Enclosures
cc:    Sean J. Bellew, Esq. (by email, w/o encl.)

534225v4

LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

October 3, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re:     *In re ALH Holdings, LLC*
        C.A. No: 04-1399-SLR

Dear Mark:

This letter is in response to your correspondence of September 25, 2006 raising various discovery issues.

## I.     Document Production Issues

### A.     Shamrock's Production

After re-reviewing all the documents Shamrock produced, we found documents Bates numbered Shamrock 000001 through 01208. They were produced as part of Shamrock's Fed. R. Civ. P. 26(a)(1)(B) disclosure. If there are other documents with those same Bates numbers, we did not receive them, as box 1 began with Bates number 01209.

### B.     Privilege Log/Redacted Documents

It is unclear from your letter whether the revised privilege log that you produced is the final log. Your letter states "We have enclosed a revised privilege log to you in the near future". Does that mean the log you provided is the revised log or that additional documents will be added to the revised log and that log will be provided in the near future. We are reserving comment on the revised log until a later date.

239873.3/3804.3

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

S. Mark Hurd, Esquire
October 3, 2006
Page 2

## II.    Additional Questions

### A.    Defendants' Objections

As indicated in our email correspondence to Douglas Pepe dated June 29, 2006, the Responses to Requests 5, 6, 23 and 48 are limited by the objections. Below are additional responses to your request for further information regarding Requests No. 5, 6, 23 and 48.

#### Request No. 5:

We produced documents concerning any business dealings involving two or more Class B Members that relate to ALH. We agree that the Laurel Note documents are relevant, and we do not refuse to produce those documents. We are making further inquiries about the Laurel Note documents, and will provide more information later. We did not produce any documents concerning business dealings involving two or more Class B Members that do not relate to ALH and we maintain our objections as stated in our response.

#### Request No. 6:

The term "American Debt" is not defined in your document request and we were unable to determine to what you are referring. Possibly, you are referring to the ALH Florida debt referenced in the July 1, 2001 Agreement. The documents regarding the American Debt, the Arbor Debt, the Ash Payment and the Elovic Debt have no relevance to this lawsuit and we maintain our objections as stated in our response.

#### Request No. 23:

Documents regarding QACC LLC and Cousy, LLC have no relevance to this lawsuit and we maintain our objections as stated in our response.

#### Request No. 48:

The formation documents have been provided for Jays Twelve LLC, J12ALH Associates, NACA Holdings, Sallervale Company Inc. and SELK, LLC. We will provide the formation documents for A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., and Laurel Equity Group, LLC. The formation documents for the following entities are not relevant and have not been provided: Cousy, LLC, ALH-EBC Corporation, American Landmark Homes Corporation, Landmark Equity

239873.3/3804.3

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

S. Mark Hurd, Esquire
October 3, 2006
Page 3

Investors LLC, Lion ALH Capital, LLC, Lion & Lamm Capital, LLC and QACC
LLC.

### B.    Descriptions in Defendants' Privilege Log

In response to your concerns, we have revised our privilege log and
provided additional information.  We have enclosed two updated logs for the "Class B"
documents which identify the documents which are privileged, as well as those documents which
have been redacted.  In addition, we have enclosed documents previously withheld as privileged.
Some of these documents have been produced in full, while others have been redacted.  Also, we
have enclosed unredacted versions of additional "Class B" documents which were initially
redacted.  These documents are referenced with a "U" at the end of the bates number.  We will
be providing a privilege log for the documents designated "L000_" as well as additional "L000_"
documents in the near future.

### C.    Redactions of Names, Subject Lines, Etc. In Production

The non-privileged information that has been redacted from the
documents i.e. names and dates, is provided on the privilege log.

### D.    Lamm/SELK Representation

Our communications with Shalom Lamm were in his capacity as managing
member of SELK and are therefore privileged.  SELK became a client of our firm in December
1997.  The remaining Class B members became clients of our firm in February 2002.  We have
no documents that evidence these dates that are not protected by the attorney-client privilege
other than a Client Matter form that is included herein.

### E.    Depositions

We would like to depose Mr. Buchler in Wilmington beginning on November 15,
2006 until completed.  Please provide dates in November or December for Messrs. Krieger and
Stein.  We will agree to make a representative of SELK and Mr. Arenson, individually and on
behalf of D.A. Gardens Ltd. and A. Arenson Holdings, Ltd., available in Wilmington, in
exchange for your making Messrs. Krieger, Buchler and Stein available in Wilmington.
However, we will have to discuss where the depositions of Messrs. Jesselson, Frankel and
Lamm, all non-parties, will take place, as New York, New Jersey or Maryland may be more

239873.3/3804.3

# Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.

S. Mark Hurd, Esquire
October 3, 2006
Page 4

convenient. As for Mr. Konig, he also is not a party and we will have to discuss the location of his deposition. Further, Messrs. Jesselson, Frankel and Lamm are generally available in late November and early December. Please provide us with dates of your availability and we will consult with Messrs. Konig and Arenson about their availability. We also intend to notice the deposition of the Fried Frank lawyers who represented both Shamrock and ALH. Please provide dates in November when you will be available.

Please call to discuss any of these issues at your convenience.

Very truly yours,

Thomas M. Wood, IV

TMW/tem
Enclosure

239873.3/3804.3

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

SAMUEL T. HIRZEL
302 351 9132
302 498 6201 FAX                                            October 6, 2006
shirzel@mnat.com

By Electronic and First Class Mail

Thomas M. Wood, IV, Esq.
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, MD 21202-3201

> Re:    *In re ALH Holdings, LLC,*
>        Consol. C.A. No. 04-1399-SLR

Dear Sam:

        I write in response to your October 3, 2006 letter. Plaintiffs' revised privilege log was not included with the September 25 letter, but we expect to have a revised log to you quite soon.

        We have not yet had the opportunity to review defendants' revised privilege log and log of redacted documents in any detail, but did observe one name -- "H. Iaulus" -- that we did not recognize. Please identify this individual. We will be back to you soon with any additional questions and/or concerns we have regarding the revised logs. This letter addresses only issues pertaining to document production and depositions.

        A.    Document Production

        We continue to disagree with the limitations that defendants and counterclaim-plaintiffs have interposed with respect to Requests 5, 6, 23 and 48. As a preliminary and overarching matter, we continue to be concerned about the scope of documents that you have unilaterally deemed to be "related to the issues raised in this case." Absent a commitment to full production of the requested documents, we reserve the right to request that the Court compel their production.

        By way of example, your position that the "American Debt, the Arbor Debt, the Ash Payment and the Elovic Debt have no relevance to this lawsuit" is untenable. As you are no doubt aware, Shalom Lamm was the Class E member of ALH. His capital account was to be funded by contributions to ALH, which in turn were to be used to repay certain indebtedness of American Landmark Homes Corporation, known as the "American Debt," by September 1, 1998. In March 1999, the funding deadline was extended and SELK guaranteed Shalom

Thomas M. Wood, IV, Esq.
October 6, 2006
Page 2

Lamm's funding obligations. Upon a failure to make the required contributions, and SELK's failure to perform on its guarantee, SELK's Capital Account would be reduced and, if reduced to zero, SELK's Membership Interest would be terminated.

Clearly the requested documents concerning the American Debt, Arbor Debt, Ash Payment, Elovic Debt, and the pledge by Cousy, LLC of certain equity interests in QACC LLC to ALH to secure the promissory note by the Lion Management Persons all relate the issues raised in this litigation, including, *inter alia*, the Class E Shortfall identified in Count VII of the Amended Complaint, the financial condition of ALH, and SELK LLC's standing to pursue its counterclaims and third-party claims. Notably, Defendants have themselves requested documents concerning the financial condition of ALH and the Class E Shortfall.

Your letter indicates that "[t]he formation documents have been provided for Jays Twelve LLC, J12 ALH Associates, NACA Holdings, Sallervale Company, Inc. and SELK, LLC" and that you will provide the formation documents for A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., and Laurel Equity Group, LLC. We have been unable to identify LLC Agreements, Operating Agreements, Certificates of Incorporation and other similar formation documents for these entities in Defendants' production. Please identify the formation documents that you indicate have been produced by bates range. We note, for example, that you have indicated that Shalom Lamm is or was the managing member of SELK, but we have not been able to locate documents that verify this or that identify the other members or investors in SELK. Please provide such documents as to each of the Class B investors.

     B.    <u>Depositions</u>

We confirm that Mr. Buchler will be available for deposition, at our offices, beginning on November 15, 2006.

Despite both a verbal request and a subsequent written request for dates for Mr. Arenson's deposition, your recent letter is noticeably silent on the subject. Please provide specific dates for his availability for a deposition in Wilmington, Delaware for November and/or December, 2006.

Your letter also indicates that a representative of SELK will be made available for deposition in Wilmington, but fails to identify who that representative will be and fails to provide any dates for the deposition. Please provide us with both.

Laurel Equity Group, LLC and J12ALH Associates (as well as SELK, Arenson Holdings and D.A. Gardens) are each plaintiffs here in Delaware by virtue of the transfer of the action they filed in North Carolina. Based on the documents produced to us, it would appear that Messrs. Frankel and Jesselson are likely the persons most knowledge of relevant matters for Laurel Equity and J12ALH Associates and are therefore surprised by the suggestion that they would not be made available for deposition in Wilmington. Please confirm that they will be

Thomas M. Wood, IV, Esq.
October 6, 2006
Page 3

made available in Wilmington and provide us with specific dates in November and December for
their depositions.

       The suggestion that "we will have to discuss the location of" Mr. Konig's
deposition (who your firm appears to have represented since at least 1997) is troubling, as is the
failure to provide us with any dates for his availability. Please provide us with specific dates in
November and/or December and confirm a location for his deposition. We find it much more
efficient to try to adjust lawyers' schedules to those of the deponents than to try to fit their
schedules into those of the lawyers and, for that reason reiterate our request (as you have
requested of us) that you provide specific dates for these deponents, including Mr. Lamm. If for
some reason we are unable to accommodate their schedules we will promptly notify you (as you
have implicitly done by declining the dates we provided to you for Mr. Krieger's deposition).

       As you have requested, we will get back to you with additional dates for Messrs.
Krieger and Stein. Your letter also indicates that you intend to depose "Fried Frank lawyers". I
believe that you are likely referring to former Fried Frank lawyers, but it would be helpful if you
would identify which individual or individuals you seek to depose. We can then confer with
such person(s) regarding possible availability.

       Best regards,

       Samuel T. Hirzel

STH/fkb

cc:    Sean J. Bellew, Esquire (by email)

539967

LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

October 10, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

> Re:   *In re ALH Holdings, LLC*
>        C.A. No: 04-1399-SLR

Dear Mark:

As promised in my October 3, 2006 letter, enclosed are additional documents, as well as, the privilege and redacted logs for the Lamm document production and a list of documents which are outside the production date of December 31, 2004. Enclosed please find documents Bates numbered L2628 - L4265 and L12959 - L14663. Any documents within these Bates numbers that are privileged or redacted are reflected on the logs. On May 18, 2006 we produced documents L001 – L2627 and on July 27, 2006 we produced L4266 - L12958. Accordingly, you should now have L001-L14663 and the corresponding privilege and redacted logs.

If you do not have all of these documents or have any questions relating to these documents please do not hesitate to call.

Very truly yours,

Thomas M. Wood, IV

TMW/bb
Enclosure

240294/3804.3

LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

October 16, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

        Re:   *In re ALH Holdings, LLC*
               C.A. No: 04-1399-SLR

Dear Mark:

      This letter is in response to your correspondence of October 6, 2006.

      You asked that we identify "H. Iaulus". His full name is Hilah R. Iaulus Esquire, and he was an attorney retained by Shalom Lamm.

## A.    Document Production

      Generally, we continue to maintain our objections to Requests 5, 6, 23 and 48 as they are overbroad and seek discovery of information irrelevant to the issues in this case. Specific responses to issues you raised with regard to these Requests are as follows:

      As for Request 5, as stated in my October 6, 2006 letter, we have produced all documents concerning any business dealings involving two or more Class B Members that relate to ALH. In addition, we are making further inquiries about the Laurel Note documents, and will provide more information later.

      As for Request 6 and the documents you identify as relating to the "Class E Shortfall," we continue to believe that some of these documents are irrelevant. According to the Amendment to the ALH Operating Agreement, the Elovic Debt was repaid in full. Therefore, all documents relating to the Elovic Debt are irrelevant. However, we will produce any documents we have regarding the Arbor Debt. We are not in possession of any documents relating to the Arbor Debt other than those that we have already produced, but we are making inquiries regarding the location of other documents. As for documents relating to the Ash Payment, we see no relevance to this lawsuit. The Ash Payment has no bearing on the Class E Capital Contribution or the SELK Guarantee.

240276v2/3804.3

**NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.**
S. Mark Hurd, Esquire
October 16, 2006
Page 2

_____

As for Request 23, we maintain that documents regarding QACC LLC and Cousy, LLC have no relevance to this lawsuit because the underlying obligation was satisfied by Lamm. If, however, you can provide another basis for the relevance of these documents we will reconsider our position.

As for request 48, we will provide the formation documents for A. Arenson Holdings, Ltd., D.A. Gardens, Ltd., and Laurel Equity Group, LLC. The following formation documents have been provided as exhibits to the pleadings or as part of the document production:

- J12ALH Associates - Partnership Agreement (D.I. 54, Exhibit D)
- Jays Twelve LLC – Certificate of Limited Liability Company (D.I. 54 Exhibit F)
- Sallerville – Certificate of Incorporation, Register of Directors and Officers, and Memorandum of Association and Articles of Association of Sallerville Co., Inc. (D.I. 30, Exh. A)
- NACA Holdings – Certificate of Incorporation and Memorandum of Association and Articles of Association of NACA Holdings, Inc. (D.I. 30, Exh. B)
- SELK LLC – Certificate of Limited Liability Company (ClassB1819), Certificate of Formation (1820), Amendment to Operating Agreement (ClassB1788) and Operating Agreement (attached hereto).

**B.    Depositions**

We confirm that we will be deposing Mr. Buchler at your office beginning on November 15, 2006, and continuing until completed. Isaac Neuberger will be the representative for SELK and he is generally available the last week of November and the first week of December in Wilmington. Mr. Konig is not a party and will not make himself available in the United States. He will, however, be available during the month of December in Antwerpen, Belgium. Messrs. Arenson, Jesselson, Frankel and Lamm will appear in Wilmington. We will provide specific dates for their depositions as soon as we get them. At this time, we have subpoenaed the depositions of the following former Fried Frank lawyers: David K. Robbins, Lino Lauro, Daniel Palumbo and Laura Long. Please note that we included dates on the subpoenas, but of course we will work with you on selecting mutually acceptable dates.

Please call to discuss any of these issues at your convenience.

Very truly yours,

Thomas M. Wood, IV

TMW/tem
Enclosure

240276/3804.3

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

SAMUEL T. HIRZEL
302 351 9132
302 498 6201 Fax
shirzel@mnat.com

October 17, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

       Re:    *In re ALH Holdings, LLC*
              <u>Consol. C.A. No. 04-1339-SLR</u>

Dear Sam:

       I write in response to your letter dated October 16, 2006.

       Thank you for confirming that Defendants have destroyed Shamrock 41341, 41342 and 41343 and any copies in their unredacted form. Your "understanding that Fried Frank represented both Shamrock and ALH in connection with the 2002 Loans" is incorrect and is contradicted by documents you have produced to us. Specifically, on April 25, 2002, Mr. Lamm sent an email to Messrs. Arenson, Jesselson, Neuberger and Frankel regarding the 2002 Loans and noted "Fried Frank has acted on behalf of Shamrock alone [in connection with the 2002 Loans] and the company hired independent counsel on its behalf." (Class B 00578).

       Similarly, an April 16, 2002 (the "April Waiver Letter")[1] letter specifically states, "[t]he purpose of this letter is to confirm that each of ALH Holdings LLC and its subsidiaries and affiliates, including ALH II, Inc. (collectively "ALH") and Shamrock waives any conflicts each might otherwise be permitted to raise in connection with the Firm's representation of Shamrock in connection with the [2002] Loan, while representing ALH in other matters." Accordingly, Defendants are not within the privilege with respect to Fried Frank's documents concerning the 2002 Loans and Shamrock 40654-55 must therefore be returned or destroyed.

---

[1]    Your letter erroneously refers to a prior letter dated January 28, 2002, which we note also indicates that Fried Frank will continue to represent Shamrock in connection with its relationship with ALH.

Thomas M. Wood, IV, Esquire
October 17, 2006
Page 2

Very truly yours,

Samuel T. Hirzel

Enclosures
cc:     Sean J. Bellew, Esq. (by email)
541602

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

S. MARK HURD
302 351 9354
302 498 6202 FAX
shurd@mnat.com

October 18, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

Re:    *In re ALH Holdings, LLC,* Consol. C.A. No. 04-1339-SLR

Dear Sam:

   I write in response to your clients' subpoenas directed to David Robbins, Daniel Palumbo, Lino Lauro and Laura Long, each of whom was formerly affiliated with Fried Frank and notices of which were filed with the Court yesterday.

   It is our understanding that, with the exception of Mr. Robbins, each of the other lawyers you have subpoenaed was an associate at Fried Frank with more limited involvement in relevant matters than Mr. Robbins, and that their testimony would be duplicative of his testimony. For that reason, we believe the subpoenas are improper and unduly burdensome, and we are prepared to file a motion to quash them.

   As an alternative to motion practice, we propose to make Mr. Robbins available for a deposition at Bingham McCutchen's offices in New York City on either December 14 or 15, 2006. At his deposition, you would have an opportunity to inquire regarding the involvement of the other lawyers and make a more informed decision as to whether additional depositions are necessary. In exchange, you would withdraw the subpoenas but also reserve the right to serve subpoenas at a later time, and we would reserve the right to oppose any additional subpoenas directed to any other former Fried Frank attorney. Please get back to us as soon as possible as Mr. Robbins has a busy schedule and will not be able to hold these dates indefinitely.

       Very truly yours,

       S. Mark Hurd

cc: Sean J. Bellew, Esquire

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

S. MARK HURD
302 351 9354
302 498 6202 FAX
shurd@mnat.com

October 19, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

Re:    *In re ALH Holdings, LLC*
       Consol. C.A. No. 04-1339-SLR

Dear Sam:

I write with respect to scheduling depositions in this matter.

I understand that Mr. Arenson's deposition is scheduled for November 14 and 16, 2006 in Wilmington, Delaware. We also understand that a representative of SELK, LLC will be available for deposition in Wilmington in late November and have suggested November 29, 2006, but have not received confirmation from you for that date. We have also indicated that we can re-schedule George Buchler's deposition to begin in Wilmington on December 6, 2006 and are awaiting confirmation from you.

As indicated in my letter of yesterday and subject to its terms, David Robbins can be available in New York for a deposition on either December 14 or 15, 2006. In addition, Gene Krieger can be available for deposition in Wilmington beginning on January 23, 2007. Please advise us if these dates will work for you.

We are growing increasingly concerned that, notwithstanding repeated requests, we do not have dates from you for the depositions of Shalom Lamm, Michael Jesselson or Mark Frankel. Please get back to us as soon as possible with available dates for each of these individuals.

We also remain concerned with your position that, notwithstanding his substantial involvement in matters preceding the filing of this action, you will not make your client, Michel Konig, available for deposition in the United States. Are you representing to us that defendants and counterclaim plaintiffs will not offer testimony or other evidence from Mr. Konig in connection with the trial of this action? You have indicated that Mr. Konig is generally available

Thomas M. Wood, IV, Esquire
October 19, 2006
Page 2

in December in Antwerp, Belgium. Is he available for deposition at any other location or at any other time? Again, it would significantly advance the scheduling process if you would provide us with specific dates, in December or otherwise. Please be advised that we continue to reserve all our rights with respect to both the location and time for a deposition of Michel Konig.

We would appreciate a very prompt response from you regarding these scheduling matters.

Very truly yours,

S. Mark Hurd

cc:    Sean J. Bellew, Esquire



LAW OFFICES

## NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

October 23, 2006

## VIA E-MAIL AND FIRST CLASS MAIL

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re:   *In re ALH Holdings, LLC*
      C.A. No: 04-1399-SLR

Dear Mark:

This will respond to your letters of October 18 and 19, 2006 regarding the above-captioned matter.

In regard to the depositions of the Fried Frank lawyers, we do not agree that their testimony would be duplicative nor do we believe the subpoenas are improper or unduly burdensome. I am sure you acknowledge that we have a right to take depositions of persons we believe have knowledge of facts relevant to this matter. Likewise, we are not limited in our search for facts to those witnesses you believe are appropriate. We have good reason to believe that the other persons subpoenaed have information relevant to the case and have information that Mr. Robbins does not have. We believe, therefore, that we have the right to take the depositions of all the Fried Frank lawyers we subpoenaed.

In order to avoid a needless fight, however, we will agree to take Mr. Robbins' deposition in New York on December 14, 2006 and will reserve our right to take the depositions of Mr. Palumbo, Mr. Mauro and Ms. Long after Mr. Robbins' deposition. Instead of withdrawing the subpoenas we are willing to change the dates until after Mr. Robbins' deposition. Please obtain dates from Mr. Palumbo, Mr. Lauro and Ms. Long now, so that we can schedule their depositions for sometime after Mr. Robbins' deposition in the event we decide that we need to go forward with their depositions. Please confirm that Mr. Robbins is available on December 14.

With respect to the issues raised in your October 19, 2006 letter regarding scheduling, the deposition of Mr. Arenson has been changed to November 16 and 17 in Wilmington beginning at 9:00 a.m. on the 16th. We will produce a representative of SELK, LLC for deposition in Wilmington on November 29. We also agree that we can begin Mr. Buchler's deposition on December 6, and continuing on the 7th if necessary. Unfortunately, January 23, 2007 is not

240828/3804.3

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

S. Mark Hurd, Esquire
October 23, 2006
Page 2

acceptable for Mr. Krieger as I have another matter that I must attend on that day in Baltimore. January 24, 25 and 26, however, are acceptable.  Please advise as to Mr. Krieger's availability.

With respect to Mr. Lamm's deposition, he is available on December 12, 19 or 20.  With respect to Mssrs. Jesselson and Frankel they are still trying to free some available dates and I will be back to you in that regard.

With respect to Michel Konig, we stand by our earlier position that Mr. Konig will not come to the United States for his deposition.  With respect to specific dates and alternative locations, I am in the process of getting that information and will be back to you as soon as possible.  I believe that Brussels will be an acceptable alternative location but I need to confirm.

Very truly yours,

Thomas M. Wood, IV

TMW/tem
cc:     Sean J. Bellew, Esquire

240828/3804.3

# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

S. Mark Hurd
302 351 9354
302 498 6202 Fax
shurd@mnat.com

November 8, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

      Re:    *In re ALH Holdings, LLC,*
               <u>Consol. C.A. No. 04-1339-SLR</u>

Dear Sam:

      I write regarding scheduling in the above-referenced matter. In your October 23, 2006 letter, you requested that we obtain dates for depositions of Laura Long, Daniel Palumbo and Lino Lauro, after the December 14, 2006 date for a deposition of David Robbins in New York City, in which event you would change the dates in the subpoenas served on them in this matter. We understand that you will proceed first with Mr. Robbins and evaluate whether it is necessary to proceed with the other three. By providing you with such dates, we are not agreeing that it is appropriate to depose any of these three former Fried Frank lawyers, and expressly reserve the right to move to quash the subpoenas directed to them.

      I am advised that Laura Long can be available for a deposition beginning at 2:00 p.m. on Tuesday, January 16, 2007 in Pittsburgh, Pennsylvania. I am also advised that Lino Lauro and Daniel Palumbo can be available for depositions on February 9, 2007 in Los Angeles, California at 9:00 a.m. and 2:00 p.m., respectively. Please confirm these dates and change the existing subpoena dates as soon as possible.

      Bruce Stein can be available for deposition, in Wilmington, on January 18, 2007, continuing to January 19, 2007, if necessary.

      We are still waiting to hear from you regarding a date for the deposition of Michael Jesselson in Wilmington, Delaware. In light of the dates proposed herein and other scheduling commitments, we request that Mr. Konig continue to hold January 30 and 31, 2007 on his calendar for a possible deposition in Brussels, Belgium. After additional discovery, we will further evaluate our position with respect to his deposition, and we continue to reserve our rights with respect to the location of such deposition.

Thomas M. Wood, IV, Esquire
November 8, 2006
Page 2


       Please get back to me promptly with a date for Mr. Jesselson's deposition and with respect to the other dates set forth above.

                   Very truly yours,

                   S. Mark Hurd

cc:    Sean J. Bellew, Esquire

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. Box 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

SAMUEL T. HIRZEL
302 351 9132
302 498 6201 FAX
shirzel@mnat.com

November 10, 2006

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

    Re:  *In re ALH Holdings, LLC*
       Consol. C.A. No. 04-1339-SLR

Dear Sam:

    I write to follow up regarding the issues raised by Defendants' privilege log and in a final effort to avoid the need to approach the Court. I note that we previously raised our concerns regarding a number of deficiencies in the Defendants' privilege log. We subsequently received four revised privilege logs from Defendants that included literally hundreds of new entries, but which did not address the many substantive deficiencies in the assertions of privilege.

    Defendants have made extensive claims of privilege without adequate basis or support in their log. As you are no doubt aware the privilege log must "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." *Chao v. Koresko*, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005); FED. R. CIV. P. 26(b)(5). A privilege log that recites mere conclusory or *ipse dixit* assertions is not sufficient. *Union Pac. Res. Group, Inc. v. Pennzoil Co.*, 1997 U.S. Dist. LEXIS 24215 (D. Del. Aug. 12, 1997). Defendants' privilege log does not come anywhere close to meeting the standards required to sustain their privilege assertions.

Thomas M. Wood, IV, Esquire
November 10, 2006
Page 2

1.    Privilege Log Key

Plaintiffs previously requested a "key" indicating the identities of each individual identified in your privilege log and their affiliation, including whether or not they are attorneys. *See Union Pac.*, 1997 U.S. Dist. LEXIS 24215, at *4 ("Union Pacific must provide a description of the author's position in the company, and where appropriate, a recitation of any specialized training or licensing that may be relevant to the assertion of privilege."). Despite that reasonable request, no key was provided, leaving us to try to guess whether particular individuals are attorneys and the scope of the representation.

2.    No Attorney Identified

Defendants' privilege log contains many communications for which no attorney is identified. For example, Defendants have asserted privilege over emails between Avie Arenson and "S. Arenson/R. Arenson" regarding topics such as "Information re D.A. Gardens and A. Arenson Holdings." Defendants' privilege log fails to indicate whether any of these individuals are attorneys much less establish that those communications relate to a request for or rendition of legal advice. Similarly, Defendants have asserted privilege over communications between Lamm and M. Frankel regarding topics such as "ABI Purchase Agreement." Without an attorney involved in the communication, and no indication in the log that either the sender or recipient of the communication is relaying comments of counsel, these (and similar) privilege claims are improper.

3.    Communications Over Which Defendants
      May Not Claim Privilege

In addition, Defendants have claimed privilege over communications in which it appears that any privilege attaching to the legal advice (to the extent that it was in fact provided or sought) belongs to the Company, not the Defendants. For example, Defendants claimed privilege over emails between J. Zich and Lamm regarding topics including: "History of ALH", "ALH/Walter Homes Exclusivity Letter", "ALH Board Meeting", "Email re: Lanius", "Minute Books", etc. Even assuming there was a privileged communication (which appears doubtful from the subject descriptions), Defendants have not demonstrated that any privilege that attaches belongs to Mr. Lamm rather than ALH. Defendants' claims of privilege over communications between Lamm and M. Frankel regarding "ABI Purchase Agreement" referenced above suffer from the same defect. Even if those communications reflected the rendition of legal advice (a proposition not demonstrated in Defendants' privilege log), Defendants' privilege log is insufficient to show why any privilege would attached to Mr. Lamm or the Class B investors rather than ALH. Defendants' privilege log is rife with such deficiencies and improper claims of privilege.

4.    Inadequate Descriptions

We previously expressed concern regarding the adequacy of the descriptions in Defendants' Privilege logs. For example, Defendants have asserted a claim of attorney client

Thomas M. Wood, IV, Esquire
November 10, 2006
Page 3

privilege over communications concerning "Identity of 'B' Investors." That assertion is facially suspect. Defendants' descriptions of such communications are in all events patently insufficient to sustain their burden with respect to their privilege claim. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996); *High Plains*, 1997 WL 109659, at * 1; *Union Pac.*, 1997 U.S. Dist. LEXIS 24215, at *4 (holding that descriptions such as "Resources Spinoff" and "Potential Transaction" are "facially inadequate"). Notwithstanding the hundreds of claims of privilege, a few additional examples of facially insufficient descriptions include: "Email re: Bowden-revised SPA", "Email re: Ohio Savings Bank", "Email re: Sale of ABI", "Email re: ALH Corporate documentation", "Email re: Telephonic Board Meeting, "Email re: ABI Marketing Materials", "Email re: Wachovia Term Laon-$27.5 Million", "Email re: Sale of ALH and 'B' Buyout", "Email re: Bowden Letter of Intent", "Email re: ALH II Proposed Recapitalization", "Email re: ALH Holdings", "Email re: Swiss Re", "Fax Cover Letter re: Bowden Litigation", "Email re: Valuation of ALH", "Email re: Various ALH Issues", "Email re: Ownership of D.A. Gardens", etc.

        5.        Communications In Which Legal Advice Is
                     Not Sought From Nor Rendered By The
                     Attorneys Identified.

        We previously raised our concern that claims of privilege were being made in instances where it appears from the limited descriptions provided that persons with legal training were not acting in their capacities as attorneys. Under Delaware law, the attorney-client privilege protects communications between a client and an attorney only when the attorney is acting in his professional capacity for the purpose of facilitating the rendition of legal advice. Delaware Rule of Evidence 502; *Texaco, Inc. v. Pheonix Steel Corp.*, 264 A.2d 523 (Del. Ch. 1970); *U.S. Bank Nat'l Ass'n v. U.S. Timberlands Klamath Falls, et al.*, 2005 Del. Ch. LEXIS 95, *5 (Del. Ch. June 9, 2005). For example, the logs include many instances (including in those descriptions identified in the preceding paragraph) in which it appears that Mr. Neuberger was providing business advice or acting as a mere conduit for information and not rendering legal advice. We also note that you have designated Mr. Neuberger as the representative of SELK for purposes of deposition, rendering any claim of privilege especially suspect.

Thomas M. Wood, IV, Esquire
November 10, 2006
Page 4

       We believe that Defendants' assertions of privilege are so deficient that a Court would conclude that to the extent there is any legitimate claim of privilege, it has now been waived. If Defendants do not intend to substantially reassess their privilege claims by next week, Plaintiffs intend to seek appropriate relief from the Court. Please consider this letter (in addition to our prior correspondence and conferences) to be Plaintiffs' final effort to reach agreement pursuant to Local Rule 7.1.1.

       Very truly yours,

       Samuel T. Hirzel

cc:    Sean J. Bellew, Esq.
541293

LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

November 22, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re: *In re ALH Holdings, LLC*
C.A. No: 04-1399-SLR

Dear Mark:

I write in response to your letter dated November 10, 2006 regarding issues relating to Defendants' privilege logs.[1]

We have now re-reviewed all of the privileged Class B documents and the corresponding privilege and redacted logs. Enclosed please find additional documents which upon further review we now consider to be non-privileged and new versions of the Class B privilege and redacted logs. By producing these "new" documents we have not waived any applicable privilege which may attach to these or any other documents.

In addition, it has come to our attention that the documents containing a "U" at the end of the Bates numbers which we produced on October 3, 2006 were labeled incorrectly. We have enclosed new versions of these unredacted documents with the correct Bates numbers. You may wish to destroy the previously produced documents to avoid any confusion.

As to the Lamm documents we are in the process of reviewing the documents and the logs and expect to have additional documents and updated logs to you next week.

Our response to the other issues raised in your letter is as follows:

**1. Privilege Log Key**

We were under the impression that you knew the identities of the persons referenced on the privilege logs. The only inquiry we recall regarding identities of persons on the logs was in a letter dated October 6 in which you asked us to identify "H. Iaulus." Please note that while we previously indicated Mr. Iaulus to be a lawyer for Shalom Lamm, Mr. Ialus is in fact a lawyer for

---

[1] As an initial matter, I believe you are incorrect that we previously sent you "four revised privilege logs." We did send you updated versions of the Class B privilege and redacted logs on October 3, 2006, but have only sent one version of the Lamm privilege and redacted logs.

241975/3804.3

NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

S. Mark Hurd, Esquire
November 22, 2006
Page 2

Michael Jesselson. In any event, we are happy to provide you with a privilege log key. The identity of all individuals can be found in the enclosed Privilege Log Key.

**2. No Attorney Identified**

Any communications on the logs that do not involve an attorney are communications made regarding advice from a lawyer or information to be forwarded to a lawyer. *See U.S. Bank Nat'l Assoc. v. U.S. Timberlands Klamatch Falls, LLC*, 2005 WL 2037353, at *3 (Del. Ch. June 2, 2005) (holding, "communications originating from non-attorneys can be protected by the attorney-client privilege, if those communications relay legal advice from counsel to a party with a common interest."). These communications are described as such on the updated logs.

**3. Communications Over Which Defendants May not Claim Privilege**

We continue to maintain that the privileges claimed on the logs belong to the Class B members or Mr. Lamm individually, not to ALH. The communications with Mr. Neuberger and other attorneys were for purposes of obtaining legal advice from an investor's perspective, not on behalf of ALH. For example, Lamm communicated with Mr. Neuberger frequently as the managing member of SELK, a class B member, for advice on the effect certain actions would have on the Class B investment in ALH. In addition, Mr. Lamm consulted his attorney, Mr. Lobell, on numerous occasions for legal advice on how his actions at ALH affect him personally, not as an agent for ALH.[2]

In fact, Plaintiffs make similar claims of privilege with respect to communications between Krieger, Buchler, and Fried Frank which clearly relate to ALH matters.[3] These claims of privilege are especially suspect given the fact that Fried Frank represented both Shamrock and ALH. Plaintiffs' contention that the Class A members' communications with Fried Frank regarding ALH are privileged but that the Class B members communications with their lawyers belongs to ALH is inconsistent.

**4. Inadequate Descriptions**

The descriptions on the privilege logs are sufficient because the logs "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." *Chao v. Koresko*, 2005 WL 2521886, at *4 (3d Cir. Oct. 12, 2005). In fact, the descriptions on Plaintiffs' privilege log are very similar to Defendants' except that Plaintiffs add catch phrases such as "confidential" and "legal advice." We do not feel that such language is necessary in each description because, by definition, the attorney-client privilege includes these terms:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for purposes of facilitating the rendition of professional legal services to the client . . .

---

[2] The communications between Lamm and Lobell appear on the Lamm privilege logs which will be produced in the near future.

[3] See eg. Plaintiffs' Privilege Log, Doc Nos. 3, 9, 28, 29, 30.

240276/3804.3

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

S. Mark Hurd, Esquire
November 22, 2006
Page 3

---

Deleware Uniform Rule of Evidence 502. Therefore, it is implicit in each description where Defendants are claiming the attorney client privilege on the logs that communications from a client to his lawyer were for purposes of obtaining legal advice and each communication from a lawyer to a client was the rendition of legal advice. It is not necessary to repeat these words on each description.

## 5. Communications In Which Legal Advice is Not Sought From Nor Rendered By the Attorneys Identified

As discussed above, all communications in which Defendants claim the attorney-client privilege were for purposes of obtaining legal advice or the rendition of legal advice and are therefore privileged. Mr. Neuberger was the lawyer for the Class B members, including SELK, and in that role rendered legal advice to SELK's members including Mr. Lamm.

Finally, we disagree with your contention that "Defendants' assertions of privilege are so deficient that a Court would conclude that to the extent there is any legitimate claim of privilege, it has now been waived." This assertion is contrary to case law you cited in your letter. Specifically, in *U.S. Bank Nat'l Accoc. V. U.S. Timberlands Klamath Falls, LLC*, 2005 WL 2037353, at *5 (Del. Ch. June 9, 2005), the court held where the basis for the assertion of attorney-client privilege was not obvious from the privilege log, the proper procedure was to allow the party to amend its log to state more clearly the basis for its claim of privilege with respect to the challenged documents.

In the future, if you have further issues or objections relating to the privilege logs it would be helpful if you referenced a Bates number so we can review the challenged documents and respond appropriately.

After you have had a chance to review the "new" documents and the revised logs please call with any issues. We are hopeful that we can resolve any disputes regarding our document production without court involvement.

Very truly yours,

Thomas M. Wood, IV

TMW/bmb
Enclosure
cc:    Sean J. Bellew, Esquire

240276/3804.3

LAW OFFICES

# NEUBERGER, QUINN, GIELEN, RUBIN & GIBBER, P.A.

27TH FLOOR
ONE SOUTH STREET
BALTIMORE, MARYLAND 21202-3282
www.nqgrg.com
(410) 332-8550

THOMAS M. WOOD, IV
(410) 332-8523

FAX NO.
(410) 332-8564
E-MAIL ADDRESS:
TMW@NQGRG.COM

December 11, 2006

**VIA FEDERAL EXPRESS**

S. Mark Hurd, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

Re:    *In re ALH Holdings, LLC*
C.A. No: 04-1399-SLR

Dear Mark:

In follow-up to my November 22, 2006 letter, enclosed please find additional Lamm documents and the corresponding privilege and redacted logs. In addition, please find an updated privilege log key.

If you have any questions please call me.

Very truly yours,

*Thomas M. Wood, IV /bm/s*

Thomas M. Wood, IV

TMW/bmb
Enclosure
cc:    Sean J. Bellew, Esquire

241975/3804.3

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

S. MARK HURD
302 351 9354
302 498 6202 FAX
shurd@mnat.com

January 12, 2007

BY EMAIL & FIRST CLASS MAIL

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

       Re:  *In re ALH Holdings, LLC*
           Consol. C.A. No. 04-1339-SLR

Dear Sam:

      Although we have repeatedly requested, and have been promised, more information regarding the Laurel Note documents and the Arbor Debt, those documents still have not been produced. We similarly demand production of all documents regarding the Elovic Debt, and documentary proof that the obligations with respect to QACC LLC and Cousy, LLC were satisfied. We still do not have fully-executed versions of the Operating Agreement and Amended Operating Agreement for SELK, LLC. All of these documents should have been produced to us by now. Please be advised that if we do not receive a very prompt response regarding these outstanding document issues, we intend to bring these issues to the attention of the Court.

      Very truly yours,

      S. Mark Hurd

cc:    Sean J. Bellew, Esquire

# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

S. MARK HURD
302 351 9354
302 498 6202 FAX
shurd@mnat.com

January 19, 2007

**BY EMAIL & FIRST CLASS MAIL**

Thomas M. Wood, IV, Esquire
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3282

Re: *In re ALH Holdings, LLC, Consol. C.A. No. 04-1339-SLR*

Dear Sam:

I am growing increasingly concerned by the fact that we still do not have a date for the deposition of Mr. Konig. You will recall that, in response to your indication of his availability, I asked you on November 8, 2006 to have Mr. Konig continue to hold January 30 and 31, 2007 for a deposition in Brussels, Belgium, although we continued to reserve our rights with respect to the location of the deposition. On November 28, I confirmed that we were prepared to proceed with Mr. Konig's deposition on January 31 in Brussels. We made staffing and other arrangements based on your agreement that he would be available on that date in Brussels. Quite unexpectedly, after the New Year you indicated that you would need to reconfirm as to Mr. Konig's deposition. Nearly a week later (on January 9), you called to say that Mr. Konig would not be available in Brussels, but rather in Paris, and would not be available on January 31.

On January 12, in response to another inquiry from me, you indicated that Mr. Jesselson was continuing to hold January 31 and February 1, and that you would have new dates for Mr. Konig no later than Monday, January 15. We still don't have those dates, or any explanation for why the January 31 date we had agreed upon is no longer available. We will proceed with Mr. Jesselson, at our offices, on January 31, 2007. Please get us dates and a location for Mr. Konig. If we have not heard from you by close of business on January 24, 2007, we intend to file a notice for a date and location convenient to us.

Very truly yours,

S. Mark Hurd

cc:    Sean J. Bellew, Esquire

**From:** Hurd, S. Mark [SHurd@MNAT.com]
**Sent:** Monday, January 22, 2007 10:43 AM
**To:** Thomas M. Wood
**Subject:** RE: Jesselson depo

That's fine; thought you might want to start later if he is taking the train down from NY, but 9 is fine.


S. Mark Hurd
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, Suite 1800
P.O. Box 1347
Wilmington, DE  19801-1347
Direct Dial:  (302) 351-9354
Direct Fax:  (302) 498-6202

---

**From:** Thomas M. Wood [mailto:TMW@NQGRG.com]
**Sent:** Monday, January 22, 2007 10:41 AM
**To:** Hurd, S. Mark
**Subject:** Jesselson depo

Can we start the Jesselson depo at 9 am on the 31st?

---

**Thomas M. Wood IV**

Direct: (410) 332-8523
Fax: (410) 332-8564
tmw@nqgrg.com
www.nqgrg.com

# NQGRG

Neuberger • Quinn • Gielen • Rubin • Gibber • P.A.
*Attorneys at Law*
**One South Street, 27th Floor
Baltimore, Maryland 21202**

**********************************
CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.
**********************************

**From:**  Hurd, S. Mark [SHurd@MNAT.com]
**Sent:**  Monday, January 22, 2007 10:59 AM
**To:**  Thomas M. Wood
**Subject:**  RE: Jesselson depo

Can you have your secretary send me the info for the court reporter in the Robbins deposition?  Somebody called to say they were going to fax an order form for the transcript, but I've never received the form or the transcript. Thanks.


S. Mark Hurd
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, Suite 1800
P.O. Box 1347
Wilmington, DE  19801-1347
Direct Dial:  (302) 351-9354
Direct Fax:  (302) 498-6202

---

**From:** Thomas M. Wood [mailto:TMW@NQGRG.com]
**Sent:** Monday, January 22, 2007 10:41 AM
**To:** Hurd, S. Mark
**Subject:** Jesselson depo

Can we start the Jesselson depo at 9 am on the 31st?

---

**Thomas M. Wood IV**

Direct: (410) 332-8523
Fax: (410) 332-8564
tmw@nqgrg.com
www.nqgrg.com

# NQGRG

Neuberger • Quinn • Gielen • Rubin • Gibber • P.A.
*Attorneys at Law*
**One South Street, 27th Floor**
**Baltimore, Maryland 21202**

---

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CONFIDENTIALITY NOTICE: This e-mail message from Neuberger, Quinn, Gielen, Rubin & Gibber, P.A. contains CONFIDENTIAL INFORMATION for the use ONLY of the intended recipient and may constitute a communication protected by the attorney-client privilege. If you are not the intended recipient or a person responsible for delivering it to the intended recipient, you are hereby notified that any use, distribution, or copying of this communication or its contents is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (410) 332-8550.

**From:**  Donner, Michael F. [MDonner@steinlubin.com]
**Sent:**  Monday, February 12, 2007 3:00 PM
**To:**  Thomas M. Wood; Hurd, S. Mark
**Subject:** ALH Matter

Gentlemen:

Another box is on its way to each of you by Federal Express today.  This box contains mostly offering memos and other non-email communications.  It will complete JMP's production in response to the subpoena.

Please let me know if you have any questions.

**Michael F. Donner, Esq.**
**Stein & Lubin LLP**
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, California  94111
Telephone:  415/981-0550
Facsimile:  415/981-4343
E-Mail: mdonner@steinlubin.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by return e-mail and destroy all copies of the original e-mail message.

**From:**   Hurd, S. Mark [SHurd@MNAT.com]
**Sent:**    Tuesday, February 13, 2007 1:46 PM
**To:**       Thomas M. Wood
**Subject:** Scheduling

What time do you want to start Krieger tomorrow?
Are we definite for March 13 for IMN?
As we discussed yesterday, I understand that defendants do not intend to call Zich or Hourihan as trial
witnesses.  If that changes, please let me know sufficiently in advance of the discovery cutoff that we can
schedule their depositions.

Thanks.

S. Mark Hurd
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street, Suite 1800
P.O. Box 1347
Wilmington, DE  19801-1347
Direct Dial:  (302) 351-9354
Direct Fax:  (302) 498-6202

This message, including any accompanying documents or attachments, may contain information that is
confidential or that is privileged. If you are not the intended recipient of this message, please note that
the dissemination, distribution, use or copying of this message or any of the accompanying documents
or attachments is strictly prohibited. If you believe that you may have received this message in error,
please contact me at (302) 658-9200 or by return e-mail.