**EXHIBIT F**
**Section III.A - Time Entries Hours for Work That Would Have Been Performed Regardless of Discovery Dispute**

| Date | Attorney | Description | Entry Hours | Hours Claimed | Hourly Rate | Total | Objections |
|---|---|---|---|---|---|---|---|
| 8/23/2006 | Hurd | Document review; prepare for teleconference with opposing counsel; teleconference re discovery and related issues | 7.5 | 2.0 | $475.00 | $950.00 | Document Review is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 10/2/2006 | Hurd | Document review; review opinion; review and revise draft correspondence to opposing counsel; conference re ALH document production | 4.4 | 4.4 | $475.00 | $2,090.00 | Descriptions are too vague to determine if related to the Motions (§ II.A); "Document review" would have been performed regardless of dispute (§ III.A); "Opinion" and ALH Production are unrelated to the Motions (§ III.A); unlikely correspondence related to the Motions because correspondence from Plaintiffs dated 10/6/06 was unrelated to issues raised in the Motions (§ III.A). |
| 10/4/2006 | Hurd | Document review; revising correspondence re discovery issues | 1.0 | 1.0 | $475.00 | $475.00 | Descriptions are too vague to determine if related to the Motions (§ II.A); "Document review" would have been performed regardless of the discovery dispute (§ III.A); unlikely correspondence related to the Motions because correspondence from Plaintiffs dated 10/6/06 was unrelated to issues raised in the Motions (§ III.A). |
| 10/5/2006 | Hurd | Document review; review and revise discovery letter; inter-office conference re discovery issues | 2.4 | 2.4 | $475.00 | $1,140.00 | "Document review" would have been performed regardless of dispute (§ III.A); unlikely letter related to the Motions because correspondence from Plaintiffs dated 10/6/06 was unrelated to issues raised in the Motions (§ III.A); "confer…"--description is too vague to determine if related to Motions (§ II.A). |
| 10/6/2006 | Hurd | Document review; drafting and revising letter re discovery issues; conference with S Hirzel re same | 3.5 | 3.5 | $475.00 | $1,662.50 | Descriptions are too vague to determine if related to Motions (§ II.A); "Document review" would have been performed regardless of dispute (§ III.A); unlikely letter or conference related to the Motions because correspondence from Plaintiffs dated 10/6/06 was unrelated to issues raised in the Motions (§ III.A). |
| 10/11/2006 | Hurd | Document review; chronology; outline re open discovery issues | 7.0 | 2.0 | $475.00 | $950.00 | Descriptions are too vague to determine which, if any, tasks related to the Motions (§ II.A); "Document Review" would have been performed regardless of dispute (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 11/19/2006 | Hurd | Document review; revise letter; emails re discovery issues | 2.0 | 2.0 | $475.00 | $950.00 | "Document review" is work that would have been performed regardless of the discovery dispute (§ III.A); "revise…" and "emails" is too vague to determine if related to the Motions (§ II.A) and unlikely related to the Motions because Defendants received no correspondence at that time regarding the discovery issues raised in the Motions (§ III.A). |
| 5/16/2007 | Hurd | Teleconferences; emails re scheduling issues; document review | 2.5 | 1.0 | $500.00 | $500.00 | Descriptions are too vague to determine if related to the Motions and if hours are reasonable (§ II.A, B); "document review" is work that would have been performed regardless of the discovery dispute (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |

**EXHIBIT F**

**Section III.A - Time Entries Hours for Work That Would Have Been Performed Regardless of Discovery Dispute**

| Date | Attorney | Description | Entry Hours | Hours Claimed | Hourly Rate | Total | Objections |
|---|---|---|---|---|---|---|---|
| 5/17/2007 | Hurd | Emails; teleconferences; document review | 1.8 | 1.8 | $500.00 | $900.00 | Descriptions are too vague to determine if related to the Motions and if hours are reasonable (§ II.A, B); "document review" is work that would have been performed regardless of the discovery dispute (§ III.A). |
| 5/19/2007 | Hurd | Document review | 3.3 | 3.3 | $500.00 | $1,650.00 | Description is too vague to determine if related to the Motions and if hours are reasonable (§ II.A, B); work that would have been performed regardless of the discovery dispute (§ III.A). |
| 5/22/2007 | Hurd | motion for sanctions; document review | 5.8 | 5.8 | $500.00 | $2,900.00 | "Motion for sanctions"--Description is too vague to determine if hours are reasonable (§ II.B); "document review" would have been performed regardless of dispute (§ III.A)". |
| 5/23/2007 | Hurd | Document review; teleconference re scheduling; email to court re same | 1.3 | 1.0 | $500.00 | $500.00 | "Document.." would have been performed regardless of dispute (§ III.A); Arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.A-C). |
| **Hurd Total** | | | | **30.2** | | **$14,667.50** | |
| | | | | | | | |
| 10/12/2006 | Hirzel | Review new L production. Revise privilege log. Send letter to Wood. | 6.2 | 2.0 | $260.00 | $520.00 | Descriptions are too vague to determine if related to the Motions (§II.A); "Review…" would have been performed regardless of discovery dispute (III.A); unlikely letter related to the Motions because letters from Plaintiffs dated 10/16, 10/17 and 10/18/06 were unrelated to the discovery issues raised in the Motions (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 11/30/2006 | Hirzel | Finish reading Arenson deposition. Incorporate Arenson deposition into Motion to Compel/Lamm outline. Frankel deposition outline. Color code new privilege logs for Motion to Compel. Incorporate new log into Motion to Compel. | 7.5 | 5.0 | $260.00 | $1,300.00 | "Finish reading Arenson deposition" is work that would have been performed regardless of the discovery dispute (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 12/13/2006 | Hirzel | Review new Lamm documents. Revise Motion to Compel with new "L" docs. | 10.1 | 10.1 | $260.00 | $2,626.00 | "Review…" is work that would have been performed regardless of discovery dispute (III.A);  hours claimed are excessive (III.B); |
| 3/8/2007 | Hirzel | Edit reply brief. Read transcript. Read Konig deposition. | 6.3 | 6.3 | $280.00 | $1,764.00 | "Read transcript. Read Konig Deposition" are work that would have performed regardless of discovery dispute (§ III.A). |
| 5/21/2007 | Hirzel | Review new privilege documents and compare to privilege logs, edit reply brief | 6.2 | 6.2 | $280.00 | $1,736.00 | "Review…" is work that would have been performed regardless of discovery dispute (§III.A);  hours claimed are excessive (§III.B); |
| **Hirzel Total** | | | | **29.6** | | **$7,946.00** | |
| | | | | | | | |
| 8/5/2006 | DiTomo | Legal research re motion to compel in district court; review standards for attorney client privilege; work product and scope of discovery | 2.0 | 2.0 | $245.00 | $490.00 | "review standards…" is work that would have been performed regardless of discovery dispute (§ III.A). |

**EXHIBIT F**
**Section III.A - Time Entries Hours for Work That Would Have Been Performed Regardless of Discovery Dispute**

| Date | Attorney | Description | Entry Hours | Hours Claimed | Hourly Rate | Total | Objections |
|---|---|---|---|---|---|---|---|
| 8/7/2006 | DiTomo | Reviewed file including complaint; discovery; and memorandum concerning discovery issues. | 1.5 | 1.5 | $245.00 | $367.50 | "Reviewed file" is work that would have been performed regardless of discovery dispute (§ III.A); "discovery" -description is too vague to determine if related to the Motions and if hours are reasonable (§§ II.A-B); "memorandum…" -description is too vague to determine if related to the Motions and if hours are reasonable (§§ II.A-B). |
| 8/8/2006 | DiTomo | Review file; discuss discovery issues with STH | 2.5 | 2.5 | $245.00 | $612.50 | "Reviewed file" is work that would have been performed regardless of discovery dispute (§ III.A); "discovery issues..."--description is too vague to determine if related to the Motions (§ II.A), |
| 8/9/2006 | DiTomo | Review privilege log and possible objections. | 0.5 | 0.5 | $245.00 | $122.50 | "Review privilege log" is work that would have been performed regardless of discovery dispute or is work unrelated to the Motions (§ III.A) and description "possible objections" is to vague to determine if objections related to discovery issues raised in the Motions. |
| 8/14/2006 | DiTomo | Reviewed privilege log and identified objections thereto. | 0.5 | 0.5 | $245.00 | $122.50 | "Review privilege log..." is work that would have been performed regardless of discovery dispute (§ III.A). |
| 8/15/2006 | DiTomo | Review documents pertaining to opposing party's privilege log. | 2.6 | 2.6 | $245.00 | $637.00 | "Review documents…" is work that would have been performed regardless of the discovery dispute (§ III.A). |
| 8/16/2006 | DiTomo | Document review; draft outline for production deficiencies. | 4.0 | 2.0 | $245.00 | $490.00 | "Document Review" is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); "draft outline…" is too vague to determine if related to the Motions (§ II.A) and could be for work that is unrelated to discovery issues raised in the Motions (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 8/17/2006 | DiTomo | Document review; legal research concerning discovery. | 4.0 | 2.0 | $245.00 | $490.00 | "Document Review" is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); "legal research" description is too vague to determine if related to the Motions and if hours are reasonable (§ II.A, B); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 8/18/2006 | DiTomo | Document review; legal research concerning discovery. | 3.0 | 2.0 | $245.00 | $490.00 | "Document Review" is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); "legal research" description is too vague to determine if related to the Motions and if hours are reasonable (§ II.A, B); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |

**EXHIBIT F**

**Section III.A - Time Entries Hours for Work That Would Have Been Performed Regardless of Discovery Dispute**

| Date | Attorney | Description | Entry Hours | Hours Claimed | Hourly Rate | Total | Objections |
|---|---|---|---|---|---|---|---|
| 8/22/2006 | DiTomo | Production review; draft outline concerning privilege log deficiencies. | 8.0 | 4.0 | $245.00 | $980.00 | "Production Review" is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); "draft outline…" is too vague to determine if related to the Motions (§ II.A) and could be for work that is unrelated to discovery issues raised in the Motions (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| 8/23/2006 | DiTomo | Production review; Finalize drafting memorandum re legal standards to assess sufficiency of privilege log. | 3.7 | 2.0 | $245.00 | $490.00 | "Production Review" is too vague to determine if related to the Motions (§ II.A) or is work that would have been performed regardless of the discovery dispute (§ III.A); arbitrary allocation of time and description is too vague to determine if allocation is reasonable (§ II.C). |
| **DiTomo Total** | | | | **21.6** | | **$5,292.00** | |

| Timekeeper | Hours Claimed | Total |
|---|---|---|
| S. Mark Hurd | 30.2 | $14,667.50 |
| Samuel T. Hirzel II | 29.6 | $7,946.00 |
| John P. DiTomo | 21.6 | $5,292.00 |
| **Total** | **81.4** | **$27,905.50** |